Gregory A. Blue
GREGORY A. BLUE, P.C.
405 Lexington Avenue, Suite 2600
New York, New York 10174
Telephone: (646) 351-0006
Facsimile: (212) 208-6874
Email: blue@bluelegal.us

Raymond A. Bragar
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Ave., Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Facsimile: (212) 208-2519
Email: bragar@bragarwexler.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EDWARD L. WHITE; EDWARD L. WHITE, P.C.; and KENNETH ELAN, on behalf of themselves and all others similarly situated, | **ECF CASE** |
| Plaintiffs, | **12-CV-1340 (JSR)** |
| - against - | **CLASS ACTION COMPLAINT** |
| WEST PUBLISHING CORPORATION d/b/a "West"; and REED ELSEVIER INC., d/b/a LexisNexis, | JURY TRIAL DEMANDED |
| Defendants. | |

EDWARD L. WHITE and EDWARD L. WHITE, P.C. (collectively, "White"),

and KENNETH ELAN ("Elan," collectively with White "Plaintiffs") by their

undersigned attorneys, as and for their Original Class Action Complaint against WEST

PUBLISHING COORPORATION d/b/a/ "West" ("West"); and REED ELSEVIER INC.,

d/b/a/ LexisNexis ("Lexis" or "LexisNexis"), (collectively, "Defendants"), respectfully allege as follows:

## Nature of the Case

1.     This is a copyright infringement action against West and LexisNexis based upon their unabashed wholesale copying of thousands of copyright-protected works created by, and owned by, the attorneys and law firms who authored them.

2.     The Defendants are the largest electronic legal research providers in the United States.  West and LexisNexis have engaged in wholesale unlawful copying of attorneys' copyrighted work, bundled those works into searchable databases, and sold access to those works in the form of digitized text and images for huge profits.  In doing so, West and LexisNexis are infringing the rights of the very clients they purport to serve. West and LexisNexis well know that the copyright laws of the United States require them to obtain authorization from the attorneys who created the works they infringe.  Despite this knowledge, West and LexisNexis have for years and continue to systematically sell the attorneys' work.

3.     Plaintiffs, on behalf of themselves and the classes they seek to represent are entitled to damages, disgorgement of profits, a declaratory judgment, and an injunction to prevent further infringement.

## Parties

4.     Edward L. White is an attorney licensed to practice law in the State of Oklahoma, and is admitted to practice before the United States Patent & Trademark Office.   Mr. White practices law in the law firm Edward L. White, P.C., an Oklahoma professional corporation, with an office located in Oklahoma City, Oklahoma. Mr. White

and his firm authored, and have obtained copyright registration for, each of the works identified in Exhibit A hereto.   At least these following works also appears in one or more of the Defendants' electronic databases:

Title........................Plaintiffs' Combined Motion For Summary Judgment For
Plaintiffs, Beer And Ramsey, And Brief In Support.

Registration
Number/Date ............. TX0007259439 / 2010-05-20

Copyright Claimant ... Edward L. White, P.C.

Date of Creation ........2009

Date of Publication .... 2009-05-20

Authorship on
Application ................ Edward L. White, P.C.,

Lexis Citation ............2009 U.S. Dist. Ct. Motions Lexis 79681

Westlaw Citation .......2009 WL 1947652
============================================================

Title........................... Plaintiffs' Motion In Limine.

Registration
Number/Date ............. TX0007417300 / 2010-05-21

Copyright Claimant ... Edward L. White, P.C.

Date of Creation ........2010

Date of Publication .... 2010-03-15

Authorship on
Application ................ Edward L. White, P.C.,

Lexis Citation ............2010 U.S. Dist. Ct. Motions Lexis 5166

Westlaw Citation .......2010 WL 1723677

5.      Kenneth Elan is an attorney licensed to practice law in the State of New York, and maintains an office in the City, County, and State of New York.  Mr. Elan has authored numerous works that appear in the Defendants' electronic databases.  Among these works are:

> a.  Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss For Failure To State A Claim, *Totilo v. Gross*, February 26, 2008, 2008 U.S. Dist. Ct. Motions LEXIS 470, 2008 WL 2598600; and
>
> b.  Complaint, *Totilo v. Gross*, 2008 U.S. Dist. Ct. Pleadings LEXIS 14958; 2008 WL 1802547.

Mr. Elan has not obtained copyright registration for these works.

6.      Upon information and belief, Reed Elsevier has a principal executive office in the United States located in Newton, Massachusetts.  Reed Elsevier is authorized to do business in the State of New York, and has an authorized agent for service of process within the state c/o CT Corporation System 111 Eighth Avenue, New York, New York, 10011.

7.      Upon information and belief, West is a wholly-owned subsidiary of Thompson Reuters Corporation, and is a Minnesota corporation with a principal place of business located at 610 Opperman Drive, Eagan, Minnesota.

## Jurisdiction

8.      This copyright infringement action arises under 17 U.S.C. § 101 *et seq*.

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright).

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because one of the named plaintiffs resides in this district and because the Defendants conduct business in this district.

### Class Allegations

11.     The class is initially defined as all attorneys and law firms (including, but not limited to, partnerships, limited liability companies, limited liability partnerships, professional corporations, and other similar entities) through which attorneys are authorized to practice law in the United States, and its states and territories) that authored works (including, but not limited to, legal briefs, motions, memoranda and other legal documents) that are contained in the Defendants' searchable databases (the "Works").

12.     There are two sublcasses:

    a.  Subclass R (*ie.* REGISTERED) is defined to include all class members that obtained copyright registration in their Works. White is the proposed class representative for Subclass Class R.

    b.  Subclass NR (*ie.* NOT REGISTERED) is defined to include all class members that have not obtained copyright registration for works contained in the Defendants' electronic databases.  Elan is the proposed class representative for Subclass Class NR.

13.     Excluded from the class are: (a) the Defendants and any entity in which the Defendants have a controlling interest; (b) employees, officers, directors, and attorneys for the Defendants or any entity in which the Defendants have a controlling interest; and (c) any person who, or entity that, created Works solely in his, her, or its capacity as an officer or employee of any government, Federal, State or Local, or agency thereof as part of that person's official duties.

14.     This action has been brought and may properly be maintained as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

15.     *Numerosity.*  The persons and/or entities in the Class, and each subclass, are so numerous that their joinder is impractical, and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court.  The exact number of members of the Class and the Subclasses is not known to plaintiffs, but Plaintiffs reasonably estimate that there are at least thousands – and, more likely, tens of thousands – of class members.

16.     *Existence and predominance of common questions of law and fact.*  There are numerous questions of law and fact that are common to all members of the class and each subclass, including but not limited to:

a.  whether the Defendants created digital copies – including digitized text versions and images – of the class members' copyright-protected works;

b.  whether the Defendants' creation of such digital copies constitutes copyright infringement;

c.  whether the Defendants reproduced for their own commercial use copies of the class members' copyright-protected Works by including those Works in their databases;

d.  whether the Defendants' inclusion of those Works in their databases, and making those databases available for profit, constitutes copyright infringement;

e.  whether the Defendants' electronic display of the Works to its subscribers, and transmission of the works to its subscribers via electronic download, electronic mail, and otherwise, constitutes copyright infringement;

f.  whether Defendants acted willfully in committing the alleged acts of copyright infringement;

g.  whether Plaintiffs and the class have sustained damages and, if so, the proper measure of damages; and

h.  whether injunctive relief is appropriate.

These questions of law and fact, among others, predominate over questions that affect only individual class members.

17.     *Typicality*.  The claims of the named Plaintiffs are typical of those of the Class and the Subclasses.  Named plaintiffs own copyrights in Works that have been copied by the Defendants without authorization. The claims of the named plaintiffs and all members of the Class depend on a showing of the acts of the Defendants as alleged in this Complaint.

18.     *Adequacy of representation*.  Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class.  Plaintiffs are attorneys and a law firm who are exceptionally knowledgeable in the law, litigation, and intellectual property, and therefore highly capable of representing the interests of the Class and Subclasses.  Plaintiffs' interests do not in any way conflict with the interests of the members of the Class that they seek to represent.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in complex class action litigation and experienced in copyright actions to represent them.

19.     *Injunctive relief*.  The Defendants have infringed the class members' copyrights in a consistent manner that generally applies to the entire class.  Final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.  Fed. R. Civ. Pro. 23(b)(2).

20.     *Superiority*.  A class action is a superior method for bringing the claims of the class members.  The damages suffered by many individual class members may be significant, but too small to justify prosecution of an individual action.  Moreover, the

extent of the alleged copying would make individual suits by members of the class extremely burdensome and costly.

### General Allegations

21.     The Defendants provide online digital databases of legal-related content to attorneys, law firms, and other professionals.  The databases include, among other things, case law, statutes, treatises, news articles, and public records.

22.     In addition, the Defendants each include, as stand-alone databases or as part of other databases, legal memoranda, briefs, motions, and other materials authored by attorneys and law firms and which have been filed with courts of record.

23.     In order to include the Works (as defined above) in their databases, the Defendants copy such works and digitize them in order to make them text searchable.  In at least some instances, the Defendants also include images of the Works available for viewing and/or download.

24.     The Defendants make the content of the Works available to their subscribers for a fee.  Depending upon the nature of the Defendants' contracts with individual subscribers or users, the Defendants may include access to the works either as part of package subscription, or at an additional per-document charge.

25.     For example, the LexisNexis website has stated that the "All Federal and State Briefs and Motions, Combined [database] has selected briefs and motions from 2000 to the present."[1]

26.     Westlaw's databases have "selected briefs from the U.S. Supreme Court, Courts of Appeals, Court of Appeals for the Armed Forces, U.S. Tax Court, 51 state

---

[1] http://support.lexisnexis.com/lawschool/record.asp?ArticleID=lexiscom_finding_briefs (accessed on February 15, 2012).

courts and the District of Columbia. Selected Petitions for Writ of Certiorari are also included." Westlaw's website makes clear that these are not summaries or transformative uses. Instead, "The Pleadings, Motions and Memoranda collection includes actual filings from state trial courts, U.S. district courts, and federal bankruptcy courts from across the United States."[2]

27.     The Defendants charge substantial fees for access to these databases of content that they created from the wholesale copying of the Works. For example, access to West's "All State Briefs" database has been priced at $389.00 per month for a solo attorney, as is its "All Federal Briefs" database.  Access to the All State and Federal Briefs product has been priced for solo practitioners at $622.00 per month.  Lexis's Briefs, Pleadings, and Motions product costs a single attorney $960.00 for a twelve month subscription.

28.     The Defendants have neither sought, nor obtained, ownership of the copyright to the Works, or a license to copy, sell, or otherwise profit from the Works.

29.     The Defendants continue to copy, digitize, and sell the class members' Works without their authorization.

30.     The Defendants' infringement of the class members' works have caused, and will continue to cause, damages and irreparable injury to plaintiffs and the class.

31.     The Defendants, as the publishers and authors of numerous and substantial original works of legal analysis – in which they claim and vigorously defend their own copyright interests – knew or should have known that their actions constitute copyright infringement.

---

[2]  http://store.westlaw.com/westlaw/litigator/pleadings-motions-mem/default.aspx  (accessed on December 16, 2011).

32.     The named Plaintiffs and members of the class have suffered damages, and will continue to suffer damages, as well as irreparable harm, from the Defendants' wholesale copying and sale of their Works.

## Count One:
## Copyright Infringement

33.     Plaintiffs repeat, reiterate, and reallege each of the allegations in the foregoing paragraphs as if set forth in full herein.

34.     Plaintiffs and members of the class are the owners of certain Works that the Defendants have copied, digitized, transformed, and packaged into databases that are sold for profit.

35.     Plaintiffs and members of the class have the exclusive right to reproduce, prepare derivative works, and distribute copies of the Works.

36.     In derogation of the Plaintiffs' and the class members' rights in the Works, the Defendants have made copies of the Works, prepared derivative works, and distributed copies of the Works.

37.     The Defendants' conduct is in violation of the copyrights held by the named Plaintiffs and other members of the class.

38.     The Defendants' infringements of the copyrights was willful.

39.     As a result of the Defendants' infringements, the Plaintiffs and members of the class have suffered damages, and will be irreparably harmed in the absence of an injunction.

**Count Two:**
**Request for Injunctive Relief**

40.    Plaintiffs repeat, reiterate, and reallege each of the allegations in the foregoing paragraphs as if set forth in full herein.

41.    Upon information and belief, the Defendants are adding Works to their databases on an ongoing basis, and intend to do so for the indefinite future.

42.    Each addition of Works to the Defendants' databases constitutes additional infringement.

43.    Unless enjoined from doing so, the Defendants' continued commercial use of the Works will cause named Plaintiffs and members of the class irreparable harm by depriving them of both the right to control the reproduction and distribution of their copyrighted Works and to receive revenue from those works.

44.    The Defendants' wholesale copying and resale of the Works do not fall within any of the statutory exceptions to copyright infringement and are in violation of the class' copyrights.

45.    The balance of hardships tips in favor of the named Plaintiffs and the class they seek to represent because the Defendants have substantial earnings from their non-infringing products and, upon information and belief, the Works constitute a relatively small portion of the Defendants' total electronic offerings.  The Defendants' earnings and ability to continue in business will not be severely damaged by an injunction prohibiting them from continuing to unlawfully copy, distribute, and resell the Works.

46.    Plaintiffs and the class they seek to represent therefore are entitled to an injunction barring the Defendants from continued infringement of the copyrights of

named plaintiffs and the class, and other equitable relief as more fully set forth in the Prayer for Relief.

**Count Three:**
**Request for Declaratory Relief**

47.     Plaintiffs repeat, reiterate, and reallege each of the allegations in the foregoing paragraphs as if set forth in full herein.

48.     By reason of the facts set forth above, an actual controversy exists between the named plaintiffs and members of the class they seek to represent, on the one hand, and the Defendants on the other.

49.     Plaintiffs are entitled to a judgment declaring that the Defendants' actions are unlawful and, specifically, that the Defendants infringed and continue to infringe the named Plaintiffs' and the Class's copyrights in violation of the Copyright Act.

**Prayer for Relief**

**WHEREFORE,** plaintiffs respectfully request that this Court:

(i)     certify the Class and the Subclasses;

(ii)     enter judgment against the Defendants:

    a.   with respect to Subclass R, awarding actual damages, statutory damages, and disgorgement of the Defendants' profits;

    b.   with respect to Subclass NR, awarding actual damages;

    c.   permanently enjoining the Defendants from infringement of the copyrights of named plaintiffs and the Class, and/or grant other equitable relief to redress any continuing violations of the Act;

    d.   declaring that the Defendants' copying and distribution of the Class members' Works violates the Copyright Act;

    e.   awarding costs and attorneys' fees; and

(iii)     grant such other and further relief as the Court finds just and proper.

12

**<u>Jury Demand</u>**

Plaintiffs demand a jury trial on all issues.

Dated:  New York, New York
February 22, 2012

GREGORY A. BLUE, P.C.


By: ___/s/   Gregory A. Blue_____
Gregory A. Blue
The Chrysler Building
405 Lexington Avenue, Suite 2600
New York, NY 10174
Telephone: (646) 351-0006

Raymond A. Bragar
BRAGAR WEXLER EAGEL
& SQUIRE, P.C.
885 Third Ave., Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Facsimile: (212) 208-2519

*Attorneys for Plaintiffs*

EXHIBIT A

COPYRIGHT REGISTRATIONS FOR
LEGAL PLEADINGS AND BRIEFS
CREATED BY WHITE