```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
EDWARD L. WHITE, EDWARD L. WHITE,     :
P.C., and KENNETH ELAN, on behalf of  :
themselves and all others similarly   :   12 Civ. 1340 (JSR)
situated,                             :
                                      :         ORDER
              Plaintiffs,             :
                                      :
         -v-                          :
                                      :
WEST PUBLISHING CORPORATION d/b/a     :
"West", and REED ELSEVIER INC., d/b/a :
"LexisNexis,"                         :
                                      :
              Defendants.             :
------------------------------------- :
                                      x
JED S. RAKOFF, U.S.D.J.
```



On February 24, 2012, the Court ordered counsel for defendant Reed Elsevier Inc. ("Reed Elsevier") to file a particularized statement describing its relationship with Matthew Bender & Co., Inc. ("Matthew Bender"), which pays the undersigned certain royalties for his co-authorship of Sand et al., Modern Federal Jury Instructions. Counsel submitted the requested statement on March 20, 2012. Having analyzed the relationship between Reed Elsevier and Matthew Bender, the Court determines that the relationship does not require recusal.

According to counsel for Reed Elsevier, Matthew Bender is a privately held corporation with three shareholders: Reed Elsevier, Reed Elsevier's parent corporation, and an affiliated corporation. See Rule 7.1 Statement and Response to Court's February 24, 2012 Order dated March 20, 2012. Under 28 U.S.C. § 455(b)(4), a judge must disqualify himself if he or a family member "has a financial interest

in the subject matter in controversy or in a party to the proceeding." Canon 3(C)(3)(c) of the Code of Conduct for United States Judges defines "financial interest" to include any "legal or equitable interest, no matter how small." However, according to Advisory Opinion No. 57 by the Judicial Conference's Committee on Codes of Conduct, owning stock in a party's subsidiary does not constitute a per se "financial interest" under Canon 3(C)(3)(c). Comm. on Codes of Conduct, Advisory Opinion No. 57, <u>Disqualification Based on Stock Ownership in Parent Corporation of a Party or Controlled Subsidiary of a Party</u> (June 2009), in 2B Guide to Judiciary Policy, at 57-1 - 57-2 (2011). Instead, "if the judge owns stock in the subsidiary rather than the parent corporation, and the parent corporation appears as a party in a proceeding, the judge must recuse only if the interest in the subsidiary could be substantially affected by the proceeding." Id.

While receiving royalties from a subsidiary is not even an ownership interest in the subsidiary, let alone in the parent, assuming arguendo that receipt of royalties from the subsidiary constitutes some sort of "financial interest" in the subsidiary, recusal would be appropriate in a suit against the parent only if the proceedings could "substantially affect[]" those royalties. Here, plainly, they cannot. The Class Action Complaint filed in this case on February 22, 2012 alleges that defendants have violated certain attorneys' copyrights by publishing those attorneys' briefs in

electronic databases. The Court sees no reason to believe that any decision concerning Reed Elsivier's ability to publish attorneys' briefs will have any effect on Matthew Bender's continued publication of a legal treatise, much less a substantial effect. Accordingly, the Court finds that recusal is unnecessary and unwarranted.

The parties are directed to appear in court on Thursday, April 5, 2012 at 11:00 A.M. for an initial scheduling conference pursuant to Fed. R. Civ. P. 26.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 28, 2012