UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD L. WHITE, EDWARD L. WHITE, P.C., and KENNETH ELAN, on behalf of themselves and all others similarly situated<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>WEST PUBLISHING CORPORATION d/b/a "West," and REED ELSEVIER INC. d/b/a LexisNexis,<br><br>　　　　　　　Defendants. | ECF CASE<br><br>Civil Action No. 12-CV-1340 (JSR) |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT REED ELSEVIER INC.'S PARTIAL MOTION TO DISMISS

---

James E. Hough
Craig B. Whitney
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York  10104
Telephone:   (212) 468-8000
Facsimile:    (212) 468-7900
jhough@mofo.com
cwhitney@mofo.com

James F. McCabe (admitted *pro hac vice*)
Paul Goldstein
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Telephone:   (415) 268-7000
Facsimile:    (415) 268-7522
jmccabe@mofo.com
pgoldstein@mofo.com

*Attorneys for Defendant*
*REED ELSEVIER INC. d/b/a LexisNexis*

ny-1022341

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

FACTUAL BACKGROUND........................................................................................... 2

LEGAL STANDARD...................................................................................................... 3

ARGUMENT .................................................................................................................. 3

CONCLUSION............................................................................................................... 8

ny-1022341

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937, 1949 (2009).................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570 (2007)...................................................................................3

*Drum Major Music Entm't Inc. v. Young Money Entm't, LLC*,
    No. 11 Civ. 1980 (LBS), 2012 U.S. Dist. LEXIS 17290, at *14 (S.D.N.Y.
    Feb. 7, 2012) ..............................................................................................6

*Hutchison v. Deutsche Bank Sec. Inc.*,
    647 F.3d 479, 481 (2d Cir. 2011).......................................................................7

*Jewel Source, Inc. v. Primus Jewels, LLC*,
    No. 11 Civ. 3941 (JSR), 2011 U.S. Dist. LEXIS 115830, at *4-6 (S.D.N.Y.
    Oct. 3, 2011) ...........................................................................................4, 6

*Jorgensen v. Epic/Sony Records*,
    351 F.3d 46, 51 (2d Cir. 2003).........................................................................3

*Leonard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    64 F.R.D. 432, 434-35 (S.D.N.Y. 1974)............................................................4

*Marketing Tech. Solutions, Inc. v. Medizine LLC*,
    No. 09 Civ. 8122 (LMM), 2010 U.S. Dist. LEXIS 50027, at *16 & n.6
    (S.D.N.Y. May 18, 2010)...............................................................................5

*Obodai v. YouTube LLC*,
    No. 11 Civ. 4343 (DLC), 2011 U.S. Dist. LEXIS 150164, at *4 (S.D.N.Y.
    Dec. 29, 2011) ..........................................................................................6

*Prado-Steiman v. Bush*,
    221 F.3d 1266, 1283 (11th Cir. 2000) ...............................................................4

*Psihoyos v. John Wiley & Sons, Inc.*,
    No. 11 Civ. 1416 (JSR), 2011 U.S. Dist. LEXIS 120204, at *6 (S.D.N.Y. Oct.
    14, 2011) ..................................................................................................6

*Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*,
    422 Fed. Appx. 344, 348 (5th Cir. 2011).............................................................6

*Reed Elsevier Inc. v. Muchnick*,
    130 S. Ct. 1237, 1241-43, 1247, 1249 (2010)............................................3, 4, 5, 6

*Slayton v. Am. Express Co.*,
    604 F.3d 758, 766 (2d Cir. 2010)..................................................................2

*Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs., Inc.*,
    No. 3:09-cv-01098, 2010 U.S. Dist. LEXIS 103795, at *11-13 (M.D. Tenn.
    Sept. 28, 2010) ................................................................................6

*Staggs v. West*,
    Civil No. PJM 08-0728, 2010 U.S. Dist. LEXIS 63174, at *6-9 (D. Md. June
    25, 2010) ..........................................................................6, 7

*TreadmillDoctor.com, Inc. v. Johnson*,
    No. 08-2877, 2011 U.S. Dist. LEXIS 34652, *12-13 (W.D. Tenn. Mar. 31,
    2011) .................................................................................6

*Woodhams v. Allstate Fire and Cas. Co.*,
    No. 10-4389-cv, 2012 U.S. App. LEXIS 3, at *1-5 (2d Cir. Jan. 3, 2012)............................7


STATUTES & RULES

17 U.S.C. § 411(a) .......................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)...................................................................... *passim*

Fed. R. Civ. P. 23(e) ................................................................................4


OTHER AUTHORITIES

2 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT
    § 7.16[B][2][c] (Matthew Bender, Rev. Ed.)..........................................................5

Defendant Reed Elsevier Inc. d/b/a LexisNexis ("LexisNexis") submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims of Plaintiff Kenneth Elan ("Elan") and the proposed subclass he seeks to represent, as set forth in the Class Action Complaint, dated February 22, 2012 (the "Complaint").

## PRELIMINARY STATEMENT

LexisNexis makes available on its electronic databases selected documents that were filed, without seal, in U.S. courts.  Plaintiffs, who allege that they are the authors of some of these court documents, claim that LexisNexis infringed their copyrights by including the documents in LexisNexis's databases.  Plaintiffs claim to represent a class of lawyers and law firms in the United States who similarly authored court documents found in the LexisNexis databases.  One plaintiff, who has registered some of his briefs and motions with the Copyright Office, purports to represent a subclass of lawyer-authors who have also registered their works.  The other plaintiff, Kenneth Elan, admits that he has not registered any of his works that are included in the LexisNexis databases.  He seeks to represent a subclass of authors of unregistered court documents (the "NOT REGISTERED" subclass).  This motion seeks to dismiss the claims asserted by Plaintiff Elan and the allegations of the NOT REGISTERED subclass.

To state a claim for copyright infringement, a plaintiff must allege that the copyright in the work at issue has been registered with the Copyright Office pursuant to section 411(a) of the Copyright Act.  Elan affirmatively alleges that he has not registered the works on which he sues for infringement.  Under well established law, Elan cannot bring a copyright infringement claim, nor can the subclass he seeks to represent.

Section 411(a)'s registration requirement is a mandatory precondition to filing a copyright infringement action.  It is axiomatic that neither an individual nor a class of individuals may litigate claims when they have not satisfied—and, by definition, cannot satisfy—an essential precondition to bringing such a claim.  Therefore the copyright infringement claims asserted by Elan must be dismissed for failure to state a claim, and the claims of the proposed NOT REGISTERED subclass must likewise be dismissed because the putative subclass consists entirely of persons who lack actionable copyright infringement claims.

## FACTUAL BACKGROUND

The following facts are taken from the Complaint and are accepted as true for the purposes of this motion.  *See Slayton v. Am. Express Co.*, 604 F.3d 758, 766 (2d Cir. 2010).  LexisNexis provides "online digital databases of legal-related content to attorneys, law firms, and other professionals."  (Complaint ("Compl.") ¶ 21.)  Included as part of this content are "legal memoranda, briefs, motions, and other materials authored by attorneys and law firms and which have been filed with courts of record" (the "Works"), which LexisNexis makes available to its subscribers for a fee.  (Compl. ¶¶ 22, 24.)

Plaintiff Elan is an attorney licensed to practice law in the State of New York.  (Compl. ¶ 5.)  He has authored numerous court documents that are among the Works that LexisNexis makes available on its online digital databases.  (*Id.*)  He has not obtained copyright registrations for any of those court documents.  (*Id.*)

Elan asserts a copyright infringement action against LexisNexis, including claims for injunctive and declaratory relief, on behalf of himself and a putative NOT REGISTERED subclass: persons who authored the Works and "have not obtained

copyright registration for works contained in the Defendants' electronic databases."

(Compl. ¶¶ 11, 12.b.)[1]

## LEGAL STANDARD

LexisNexis moves to dismiss the claims of Plaintiff Elan and his proposed NOT REGISTERED subclass for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For claims of copyright infringement, a plaintiff must show "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). As a "precondition to filing a claim" for copyright infringement, a plaintiff must prove registration of the copyright pursuant to 17 U.S.C. § 411(a). *See Reed Elsevier Inc. v. Muchnick*, 130 S. Ct. 1237, 1241, 1247 (2010).

## ARGUMENT

Section 411(a) of the Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Courts have long regarded registration as a prerequisite for instituting an action for copyright infringement, a point recently confirmed by the Supreme Court of

---

[1] The full class is defined as "all attorneys and law firms . . . through which attorneys are authorized to practice law in the United States . . . that authored works (including, but not limited to, legal briefs, motions, memoranda and other legal documents) that are contained in the Defendants' searchable databases." (Compl. ¶ 11.) The other proposed subclass, "Subclass R (*i.e.*, REGISTERED)," which is not the subject of this motion to dismiss, "is defined to include all class members that obtained copyright registration in their Works." (Compl. ¶ 12.a.)

the United States in *Reed Elsevier Inc. v. Muchnick*, 130 S. Ct. at 1247.  Accordingly,

because Elan and all members of the proposed NOT REGISTERED subclass have not

obtained registrations for their allegedly infringed copyrights, Elan's claims must be

dismissed along with the allegations of the subclass.  *See Jewel Source, Inc. v. Primus

Jewels, LLC*, No. 11 Civ. 3941 (JSR), 2011 U.S. Dist. LEXIS 115830, at *6 (S.D.N.Y.

Oct. 3, 2011) (Rakoff, J.) ("[S]ince [the plaintiff] has not alleged that it holds any

registered copyrights, section 411 of the Copyright Act requires dismissal of its copyright

claim."); *Leonard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 64 F.R.D. 432, 434-35

(S.D.N.Y. 1974) (dismissing class allegations when the named plaintiffs could not

maintain a cause of action); *see also Prado-Steiman v. Bush*, 221 F.3d 1266, 1283 (11th

Cir. 2000) (recognizing that a subclass's claims can only be maintained where there is a

named plaintiff with standing to bring those claims on behalf of that subclass).

 In *Muchnick*, the Supreme Court faced the question of whether a copyright

holder's failure to comply with section 411(a)'s registration requirement deprives a

federal court of subject matter jurisdiction over the copyright infringement claim.

130 S. Ct. at 1241.  The case arose from objections by authors of unregistered works to a

settlement in which such authors' copyright infringement claims were released for

compensation that they believed to be inadequate.  The district court below had approved

the settlement pursuant to Federal Rule of Civil Procedure 23(e).  *Id.* at 1242.  The

Second Circuit had vacated that approval and concluded that, pursuant to section 411(a)

of the Copyright Act, the district court lacked subject matter jurisdiction to certify a class

of claims arising from the infringement of unregistered works and to approve a settlement

with respect to those claims.  *Id.* at 1243.  The Supreme Court reversed the Second

Circuit's decision, however, and held that "[s]ection 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." *Id.* at 1241.

The Supreme Court recognized that, although section 411(a)'s registration requirement was not jurisdictional—thus allowing a court to approve the release of infringement claims for unregistered works in a *settlement* in which the defendant does not object to the lack of registration—many lower courts have properly regarded registration as a mandatory precondition to filing and *litigating* a copyright infringement claim.[2]  The Court reasoned that "[s]ection 411(a) imposes a precondition to filing a claim that is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions.  Section 411(a) thus imposes a type of precondition to suit that supports nonjurisdictional treatment under our precedents."  *Muchnick*, 130 S. Ct. at 1247 (citation omitted).  Practically speaking, "whether denominated a requirement for subject-matter jurisdiction or a rule required to process the claim, plaintiff must comply [with section 411(a)] or face dismissal." 2 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT § 7.16[B][2][c] (Matthew Bender, Rev. Ed.).

---

[2] The Court declined to address "whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." *Id.* at 1249. Given that LexisNexis brings this motion to dismiss pursuant to Rule 12(b)(6), dismissal here would not be *sua sponte*. *See Marketing Tech. Solutions, Inc. v. Medizine LLC*, No. 09 Civ. 8122 (LMM), 2010 U.S. Dist. LEXIS 50027, at *16 & n.6 (S.D.N.Y. May 18, 2010) (dismissing copyright infringement claims on motion by the defendants for failure to meet section 411(a)'s registration requirement, and noting that, with regard to *Muchnick*, the court was not acting *sua sponte*).

Following *Muchnick*, courts in this district have repeatedly held that failure to register the copyright in a work requires dismissal of a copyright infringement claim on a defendant's motion.  *See, e.g.*, *Jewel Source*, 2011 U.S. Dist. LEXIS 115830, at *4-6; *Drum Major Music Entm't Inc. v. Young Money Entm't, LLC*, No. 11 Civ. 1980 (LBS), 2012 U.S. Dist. LEXIS 17290, at *14 (S.D.N.Y. Feb. 7, 2012) ("copyright registration remains 'a condition . . . that plaintiffs ordinarily must satisfy *before* filing an infringement claim and invoking the [Copyright] Act's remedial provisions.'") (emphasis in original) (citing *Muchnick*); *Obodai v. YouTube LLC*, No. 11 Civ. 4343 (DLC), 2011 U.S. Dist. LEXIS 150164, at *4 (S.D.N.Y. Dec. 29, 2011) (citing *Muchnick* in dismissal of a copyright infringement suit on a Rule 12(b)(6) motion); *see also Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416 (JSR), 2011 U.S. Dist. LEXIS 120204, at *6 (S.D.N.Y. Oct. 14, 2011) (Rakoff, J.) (copyright infringement claim dismissed on summary judgment where there was no evidence of a valid, registered copyright for the work at issue).

Courts in other circuits have reached the same conclusion.  *See, e.g.*, *Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 Fed. Appx. 344, 348 (5th Cir. 2011) ("Because the registration requirements of 17 U.S.C. § 411(a) were not met as to the software at issue in this case, REI failed to state a claim for copyright infringement."); *TreadmillDoctor.com, Inc. v. Johnson*, No. 08-2877, 2011 U.S. Dist. LEXIS 34652, at *12-13 (W.D. Tenn. Mar. 31, 2011) ("Although the district court has jurisdiction [when plaintiff fails to satisfy section 411(a)], the action is subject to dismissal when a defendant moves to dismiss the action for failure to state a claim.") (citing *Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs., Inc.*, No. 3:09-cv-01098, 2010 U.S.

Dist. LEXIS 103795, at *11-13 (M.D. Tenn. Sept. 28, 2010)); *Staggs v. West*, Civil No. PJM 08-0728, 2010 U.S. Dist. LEXIS 63174, at *6-9 (D. Md. June 25, 2010) (copyright infringement claim dismissed pursuant to Rule 12(b)(6)).

Given Elan's acknowledgement that neither he nor the members of the proposed NOT REGISTERED subclass have satisfied section 411(a)'s registration requirement, Elan's claims must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim, and the allegations of the proposed subclass, for which there can be no class representative with an actionable claim, must be dismissed as well. *See, e.g.*, *Woodhams v. Allstate Fire and Cas. Co.*, No. 10-4389-cv, 2012 U.S. App. LEXIS 3, at *1-5 (2d Cir. Jan. 3, 2012) (affirming dismissal of putative class action claims where named plaintiffs failed to state a claim); *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 481 (2d Cir. 2011) (same).

## CONCLUSION

For the reasons set forth above, LexisNexis respectfully requests that the claims of Plaintiff Elan be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), along with the claims of the proposed NOT REGISTERED subclass.

Dated:  April 6, 2012                    MORRISON & FOERSTER LLP


                                         /s/ James E. Hough
                                         James E. Hough
                                         Craig B. Whitney
                                         1290 Avenue of the Americas
                                         New York, NY 10104
                                         Telephone:  (212) 468-8000
                                         Facsimile:   (212) 468-7900
                                         jhough@mofo.com
                                         cwhitney@mofo.com

                                         James F. McCabe (admitted *pro hac vice*)
                                         Paul Goldstein
                                         425 Market Street
                                         San Francisco, California  94105
                                         Telephone:   (415) 268-7000
                                         Facsimile:    (415) 268-7522
                                         jmccabe@mofo.com
                                         pgoldstein@mofo.com

                                         *Attorneys for Defendant*
                                         *REED ELSEVIER INC. d/b/a LexisNexis*