R. Bruce Rich (RR-0313)
Benjamin E. Marks (BM-0796)
Jonathan Bloom (JB-7966)
John R. Gerba (JG-4947)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
*Attorneys for Defendant West Publishing Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
EDWARD L. WHITE; EDWARD L. WHITE, P.C.;
and KENNETH ELAN, on behalf of themselves
and all others similarly situated

                       Plaintiffs,        12 Civ. 1340 (JSR)

      v.

                                    **MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS**

WEST PUBLISHING CORPORATION d/b/a/
"West"; and REED ELSEVIER, INC. d/b/a/       **Filed Electronically**
LexisNexis,

                       Defendants.
-----------------------------------------------------------------x

## TABLE OF AUTHORITIES

**Statutes**

17 U.S.C. § 411(a) ...............................................................................................................3

**Cases**

Compound Stock Earnings Seminars, Inc. v. Dannenberg, No. 3:10-CV-2201-D, 2012
WL 28121, at *4 (N.D. Tex. Jan. 4, 2012) ..........................................................................4

Jewel Source, Inc. v. Primus Jewels, LLC, No. 11 Civ. 3941 (JSR), 2011 WL 4634019, at
*2 (S.D.N.Y. Oct. 3, 2011) ..................................................................................................3

Kamanou v. Exec. Sec'y of the Comm'n of the Economic Cmty. of West African States,
No. 10 Civ. 7286 (GBD)(JLC), 2012 WL 162708, at *6 (S.D.N.Y. Jan. 19, 2012) ...........4

Marketing Tech. Solutions, Inc. v. Medizine LLC, No. 09 Civ. 8122 (LMM), 2010 WL
2034404, at *5-6 (S.D.N.Y. May 18, 2010) ........................................................................4

Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co., 712 F. Supp. 2d 84,
95 (S.D.N.Y. 2010), on partial reconsideration, 09 CV-2669 LAP, 2010 WL 3958841
(S.D.N.Y. Sept. 27, 2010)....................................................................................................4

Psihoyos v. John Wiley & Sons, Inc., No. 11 Civ. 1416 (JSR), 2011 WL 4916299, at *2
(S.D.N.Y. Oct. 14, 2011) .....................................................................................................3

Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc., 422 F. App'x 344, 348
(5th Cir. 2011)) ....................................................................................................................4

Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1241 (2010) .........................................4

Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distrib., Inc., No 3:09-cv-01098,
2010 WL 3872802, at *4 (M.D. Tenn. Sept. 28, 2010)........................................................4

Staggs v. West, Civ. PJM 08-0728, 2010 WL 2670979, at *3 (D. Md. June 25, 2010)......4

TreadmillDoctor.com, Inc. v. Johnson, No. 08-2877, 2011 WL 1256601, at *6 (W.D.
Ten. Mar. 31, 2011) .............................................................................................................4

**Federal Rules of Civil Procedure**

12(b)(6) ...............................................................................................................................3

Defendant West Publishing Corporation ("West") submits this memorandum of law in support of its Rule 12(b)(6) motion to dismiss the claims of plaintiff Kenneth Elan and the alleged subclass of plaintiffs who, like Mr. Elan, have not registered their copyrights.

## PRELIMINARY STATEMENT

This putative class action, brought on behalf of a nationwide class of lawyers and law firms, alleges that defendants infringed plaintiffs' copyrights in publicly filed legal documents by making them available to subscribers via their searchable online databases. The Class Action Complaint (the "Complaint") identifies two plaintiff subclasses: (i) those who have registered the copyrights in the allegedly infringed works (the "REGISTERED" subclass) and (ii) those who have not (the "NOT REGISTERED" subclass). Plaintiff Kenneth Elan admits he "has not obtained copyright registration" for any of his works that allegedly were infringed. Complaint ¶ 5.

This Rule 12(b)(6) motion seeks dismissal of the alleged NOT REGISTERED subclass, whose members "have not obtained copyright registration for works contained in the Defendants' electronic databases," Complaint ¶ 12.b, as well as Mr. Elan's individual claims, for failure to state a claim.

Obtaining a valid copyright registration is an unambiguous statutory prerequisite to the commencement of an action for copyright infringement of a U.S. work. Because the NOT REGISTERED subclass is *defined by* its failure to comply with this statutory requirement, it must be dismissed from the case for failure to state a cause of action. The claims of Elan – the proposed representative of the defective subclass – likewise must be dismissed for his conceded failure to satisfy this statutory requirement.

**FACTUAL BACKGROUND**

On Feb. 22, 2012, named plaintiffs Edward L. White, an attorney with plaintiff Edward L. White, P.C. in Oklahoma City, Oklahoma, and Kenneth Elan, an attorney who practices in New York City, filed the Complaint against defendants West and Reed Elsevier d/b/a LexisNexis ("LexisNexis").  Plaintiffs allege that West and LexisNexis, "the largest legal research providers in the United States," Complaint ¶ 2, provide online digital databases of legal-related content to attorneys, law firms, and other professionals, id. ¶ 21, and that defendants "each include, as stand-alone databases or as part of other databases, legal memoranda, briefs, motions, and other materials authored by attorneys and law firms which have been filed with courts of record."  Id. ¶ 22.

Plaintiffs allege that defendants "copy such works and digitize them in order to make them text searchable," and, "at least in some instances . . . include such images of the Works available for viewing and/or download."  Id. ¶ 23.  In doing so, plaintiffs allege, defendants have "engaged in wholesale unlawful copying of attorneys' copyrighted work, bundled those works into searchable databases, and sold access to those works in the form of digitized text and images for huge profits."  Id. ¶ 2; see also id. ¶¶ 26, 27.  As a result of defendants' infringements, plaintiffs allege, they and members of the putative class "have suffered damages and will be irreparably harmed in the absence of an injunction."  Id. ¶ 39.

The putative plaintiff class is defined as "all attorneys and law firms . . . through which attorneys are authorized to practice law in the United States . . . that authored works (including, but not limited to, legal briefs, motions, memoranda and other legal documents) that are contained in the Defendants' searchable databases (the 'Works')."

Id. ¶ 11.  The Complaint also defines two subclasses.  Plaintiff White is the proposed

class representative for an alleged "REGISTERED" subclass, which is defined to include

"all class members that obtained copyright registration in their Works."  Id. ¶ 12.

Plaintiff Elan is the proposed class representative of an alleged "NOT REGISTERED"

subclass, which is defined to include "all class members that have not obtained copyright

registration for works contained in the Defendants' electronic databases."  Id.  Elan

admits that he "has not obtained copyright registration" for the works authored by him

that allegedly have appeared in defendants' databases.  Id. ¶ 5.

## ARGUMENT

The Copyright Act requires registration of a copyright as a prerequisite to

commencement of an action for infringement.  Specifically, section 411(a) of the

Copyright Act provides (with certain exceptions not relevant here) that "no action for

infringement of the copyright . . . shall be instituted until preregistration or registration of

the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).

Elan concedes that he does not meet this statutory prerequisite, and the NOT

REGISTERED subclass of which Elan is the designated representative is *defined by* its

failure to comply with section 411(a).

As this Court has recognized, failure to comply with section 411(a) requires

dismissal of the plaintiff's infringement claim under Rule 12(b)(6).  See, e.g., Jewel

Source, Inc. v. Primus Jewels, LLC, No. 11 Civ. 3941 (JSR), 2011 WL 4634019, at *2

(S.D.N.Y. Oct. 3, 2011) (Rakoff, J.) ("[S]ince Jewel has not alleged that it holds any

registered copyrights, section 411 . . . requires dismissal of its copyright claim.");

Psihoyos v. John Wiley & Sons, Inc., No. 11 Civ. 1416 (JSR), 2011 WL 4916299, at *2

(S.D.N.Y. Oct. 14, 2011) (Rakoff, J.) (stating that section 411 imposes "an absolute

'precondition' to suit") (quoting <u>Reed Elsevier, Inc.</u> v. <u>Muchnick</u>, 130 S. Ct. 1237, 1241

(2010)); <u>see also</u> <u>Kamanou</u> v. <u>Exec. Sec'y of the Comm'n of the Economic Cmty. of

West African States</u>, No. 10 Civ. 7286 (GBD)(JLC), 2012 WL 162708, at *6 (S.D.N.Y.

Jan. 19, 2012) ("Kamanou does not meet the registration precondition, and the Court

should dismiss her copyright claim . . . ."); <u>Marketing Tech. Solutions, Inc.</u> v. <u>Medizine</u>

<u>LLC</u>, No. 09 Civ. 8122 (LMM), 2010 WL 2034404, at *5-6 (S.D.N.Y. May 18, 2010);

<u>Muench Photography, Inc.</u> v. <u>Houghton Mifflin Harcourt Publ'g Co.</u>, 712 F. Supp. 2d 84,

95 (S.D.N.Y. 2010) (granting summary judgment on claims for infringement of

unregistered works), <u>on partial reconsideration</u>, 09 CV-2669 LAP, 2010 WL 3958841

(S.D.N.Y. Sept. 27, 2010).[1]

## CONCLUSION

For the reasons explained above, the conceded failure of the alleged NOT

REGISTERED subclass and proposed class representative Kenneth Elan to register the

copyrights in their Works as required by section 411(a) of the Copyright Act mandates

dismissal of that subclass and of Elan from this action with prejudice pursuant to Fed. R.

---

[1] Numerous other courts have recognized that failure to satisfy the section 411 registration requirement requires dismissal pursuant to Rule 12(b)(6).  <u>See, e.g.</u>, <u>Real Estate Innovations, Inc.</u> v. <u>Houston Ass'n of Realtors, Inc.</u>, 422 F. App'x 344, 348 (5th Cir. 2011)); <u>Compound Stock Earnings Seminars, Inc.</u> v. <u>Dannenberg</u>, No. 3:10-CV-2201-D, 2012 WL 28121, at *4 (N.D. Tex. Jan. 4, 2012); <u>TreadmillDoctor.com, Inc.</u> v. <u>Johnson</u>, No. 08-2877, 2011 WL 1256601, at *6 (W.D. Ten. Mar. 31, 2011); <u>Sony/ATV Music Publ'g LLC</u> v. <u>D.J. Miller Music Distrib., Inc.</u>, No 3:09-cv-01098, 2010 WL 3872802, at *4 (M.D. Tenn. Sept. 28, 2010); <u>Staggs</u> v. <u>West</u>, Civ. PJM 08-0728, 2010 WL 2670979, at *3 (D. Md. June 25, 2010).

5

Civ. P. 12(b)(6).  Defendant West further requests its attorneys' fees and costs incurred in

making this motion and such other relief as the Court deems just and proper.

Respectfully submitted,

WEIL,  GOTSHAL & MANGES LLP


By:  ___/s/ Benjamin E. Marks_____
     R. Bruce Rich (RR-0313)
     Benjamin E. Marks (BM-0796)
     Jonathan Bloom (JB-7966)
     John R. Gerba (JG-4947)
     767 Fifth Avenue
     New York, New York 10153
     (212) 310-8000
     benjamin.marks@weil.com

*Attorneys for Defendant West Publishing*
*Corporation*