UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD L. WHITE; EDWARD L. WHITE, P.C.;
and KENNETH ELAN, on behalf of themselves and
all others similarly situated,

       Plaintiffs,

       - against -

WEST PUBLISHING CORPORATION d/b/a "West";
and REED ELSEVIER INC., d/b/a LexisNexis,

       Defendants.

12-CV-1340 (JSR)
ECF CASE

# PLAINTIFFS' MEMORANDUM OF LAW
# IN OPPOSITION TO DEFENDANTS'
# MOTIONS TO DISMISS

Gregory A. Blue
GREGORY A. BLUE, P.C.
405 Lexington Avenue, Suite 2600
New York, New York 10174
Telephone: (646) 351-0006
Facsimile: (212) 208-6874
Email: blue@bluelegal.us

Raymond A. Bragar
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Ave., Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Facsimile: (212) 208-2519
Email: bragar@bragarwexler.com

*Attorneys for Plaintiffs*

## **Table of Contents**

Table of Authorities ................................................................................................ iii

Preliminary Statement ..............................................................................................1

Factual Allegations ...................................................................................................4

Legal Argument .........................................................................................................5

I.      Standard on a motion to dismiss. ................................................................ 5

II.     Elements of a copyright claim. ................................................................... 6

III.    The Copyright Act permits the issuance of an injunction to prevent
future copying of unregistered works, including works that are not
yet in existence .......................................................................................... 8

       A.     Section 502 of the Copyright Act authorizes this Court to
issue an injunction barring the defendants from infringing
the Plaintiffs' copyrights in unregistered works. ............................8

       B.     Courts have long held that injunctive relief is available to
plaintiffs alleging an ongoing infringement of unregistered
works, and the threat of future infringement. .............................10

IV.   This Court has the power to enter a declaratory judgment that the
Defendants have no right to copy or sell the Plaintiffs' works............................ 14

       A.     This Court has the power to issue a declaratory judgment in
any action in which there is an actual case or controversy
within the meaning of Article III of the Constitution. ...............14

       B.     This Court can render a declaratory judgment with respect
to unregistered works. ..................................................................16

       C.     A declaratory judgment would be useful to the parties and
the proposed class. .......................................................................19

V.     The cases cited by the Defendants do not address the availability of
injunctive or declaratory relief with respect to unregistered works..................... 19

VI.   Request for leave to replead........................................................................ 24

Conclusion ................................................................................................................25

# **Table of Authorities**

## ***Cases***

*Ashcroft  v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 5, 7

*Cable News Network, Inc. v. Video Monitoring Services of America,
Inc.*, 940 F.2d 1471 (11th Cir. 1991) ................................................... 13, 14

*Compound Stock Earnings Seminars, Inc. v. Dannenberg*, No. 3:10-CV-
2201-D, 2012 U.S. Dist. LEXIS 1014 (Jan. 4, 2012) ................................. 23

*Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734 (2d Cir. 1992)..................... 19

*Criterion 508 Solutions, Inc. v. Lockheed Martin Servs.*, 806 F. Supp. 2d
1078 (S.D. Iowa 2009) ............................................................... 11

*Davis v. Gap, Inc.*, 246 F.3d 152 (2nd Cir. 2001) ....................................... 16, 18

*Drum Major Music Entm't Inc. v. Young Money Entm't, LLC,* No. 11 Civ.
1980 (LBS), 2012 U.S. Dist. LEXIS 17290 (S.D.N.Y. Feb. 7, 2012) ......................... 21

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) .................................. 6, 7

*Fonar Corp. v. Domenick*, 105 F.3d 99 (2d Cir. 1997) ..................................... 6

*Frasier v. Gen. Elec. Co.*, 930 F.2d 1004 (2d Cir. 1991) .................................. 5

*Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009)................................................. 5

*In re Literary Works in Elec. Databases Copyright Litig.,* 509 F.3d 116
(2d Cir. 2007)................................................................ 3, 11, 12, 13

*In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242
(2d Cir. 2011)..................................................................... 2

*In re WalMart Stores, Inc.*, 505 F. Supp. 2d 609 (C.D. Cal. 2007) ................................ 24

*Int'l Swaps & Derivatives Ass'n v. Socratek*, 712 F. Supp. 2d 96 (S.D.N.Y.
2010) ........................................................................ 6

*Interscope Recordings v. Tabor*, No. 08-03068, 2009 U.S. Dist. LEXIS
25854 (W.D. Ark. Mar. 16, 2009) ....................................................... 11

*Jewel Source, Inc. v. Primus Jewels, LLC*, No. 11 Civ. 3941 (JSR), 2011
U.S. Dist. LEXIS 115830 (S.D.N.Y. Oct 3, 2011)................................. 21, 22

*Kamanou v. Exec. Sec'y of the Comm'n of the Economic Cmty. Of West
African States*, No. 10 Civ. 7286 (GBD) (JLC), 2012 U.S. Dist. LEXIS
34495 (S.D.N.Y. Mar. 14, 2012) ....................................................... 22

*Kamanou v. Exec. Sec'y of the Comm'n of the Economic Cmty. Of West
African States*, No. 10 Civ. 7286 (GBD) (JLC), 2012 U.S. Dist. LEXIS
7647 (S.D.N.Y. Jan. 19, 2012)........................................................ 22

*Kwan v. Schlein*, 634 F.3d 224 (2d Cir. 2011) ..................................................... 7

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ............................... 15

*Mktg. Tech. Solutions, Inc. v. Medizine LLC*, No. 09 Civ. 8122 (LMM),
    2010 U.S. Dist. LEXIS 50027 (May 18, 2010) ......................................... 23

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ.*, Co., No.
    09 CV 2669 (LAP), 2010 U.S. Dist. LEXIS 107705 (S.D.N.Y. Sept. 27,
    2010) ........................................................................................................... 22

*Nike, Inc. v. Already, LLC*, 663 F.3d 89 (2d Cir. 2011) ...................................... 15

*Obodai v. YouTube LLC*, No. 11 Civ. 4343 (DLC), 2011 U.S. Dist. LEXIS
    150164 (S.D.N.Y Dec. 29, 2011) ............................................................. 21

*Olan Mills Inc. v. Linn Photo Co.*, 23 F.3d 1345 (8th Cir. 1994) ............... 10, 11, 12, 16

*Psihoyos v. John Wiley & Sons, Inc.*, Case No. 11 Civ. 1416, 2011 U.S.
    Dist. LEXIS 137847 (S.D.N.Y. Nov. 21, 2011) ................................... 6, 21

*Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2011 U.S. Dist.
    LEXIS 115835 (S.D.N.Y. Oct. 3, 2011) ................................................ 20

*Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2011 U.S. Dist.
    LEXIS 120204 (S.D.N.Y. Oct. 13, 2011) .............................................. 20

*Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 Fed.
    Appx 344, 348 (5th Cir. 2001) ............................................................... 23

*Reed Elsevier v. Muchnick,* 130 S. Ct. 1237 (2010) ................ 3, 6, 7, 8, 10, 11, 12, 15, 17

*Sportsman's Warehouse, Inc. v. Fair*, 576 F. Supp. 2d 1175 (D. Colo.
    2008) ........................................................................................................... 18

*Staggs v. West*, Civ. No. PJM 08-0728, 2010 U.S. Dist. LEXIS 63174
    (D. Md. June 25, 2010) ............................................................................ 23

*Tattoo Art, Inc. v. TAT Int'l, LLC*, 794 F. Supp. 2d 634 (E.D. Va. 2011) ................ 11, 12

*Telebrands Corp. v. Exceptional Prods.*, No. 11-CV-2252, 2011 U.S. Dist.
    LEXIS 139308 (D.N.J. Dec. 5, 2011) .................................................... 17

*TreadmillDoctor.com, Inc. v. Johnson,* No. 08-2877, 2011 U.S. Dist.
    LEXIS 34652 (W.D. Tenn. Mar. 31, 2011) ........................................... 24

*Tufenkian Import/Export Ventures*, 338 F.3d 127 (2d Cir. 2003) ...................... 6

## *Statutes*

11 U.S.C. § 411 ................................................................ 3, 7, 10, 12, 16, 17, 18, 21

11 U.S.C. § 412 ............................................................................... 8, 9, 10, 16

11 U.S.C. § 502 ...................................................................... 3, 8, 9, 10, 11, 12, 24

28 U.S.C. § 2201 ........................................................................................ 15, 18

## *Rules*

Fed. R. Civ. Pro. 15 .................................................................................... 4, 24

Fed. R. Civ. Pro. 23(a) ..................................................................................... 2

## *Treatises*

12-57 James Wm. Moore, MOORE'S FEDERAL PRACTICE - CIVIL § 57.85
     (Matthew Bender, 3d Ed) ............................................................................ 16

2-7 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT §
     7.16[C][3] (Matthew Bender, Rev. Ed) ......................................................... 9, 14, 16

2-7 NIMMER § 7.16[B][3] ................................................................................. 18

## **Preliminary Statement**

The Complaint in this action alleges that West Publishing Corporation ("West") and Reed Elsevier, Inc. ("Reed Elsevier" or "Lexis") (collectively, "Defendants") are engaged in a massive, ongoing infringement of original works of authorship that are protected under the Copyright Act. 17 U.S.C. § 101, *et seq.*

Defendants' Motions to Dismiss Mr. Elan's claims on the ground that he has not registered his works should be denied because, on the facts of this case, a class representative may seek injunctive and declaratory relief even without registration.

On a daily basis, West and Lexis are copying the valuable work of attorneys and law firms at essentially no cost to themselves. Even though the works they copy are protected by the Copyright Act from the moment of their creation, the Defendants offer these works for sale, at infinite markup, without any compensation to those who created the works. The Defendants' systematic theft of intellectual property cries out for judicial remedies tailored to this unusual, but not unique, situation.

It is for this reason that Mr. White (who has registered the works identified in the Complaint) and Mr. Elan (who has not registered his works) have brought this action against West and Lexis seeking not only damages, but also injunctive and declaratory relief. These last two requests are essential, for without them the Defendants will continue to ignore one of the most fundamental aspects of copyright law: that original works of authorship are protected from infringement the moment they are written.

For the Defendants, these Motions to Dismiss are only the first step in their attempt to winnow the class without actually winning on the question of whether they are stealing works protected by the Copyright Act. They clearly are. The Defendants' litigation strategy is as transparent as their business plan is cynical: they are trying to

1

bring this case to a halt by causing a pileup at the intersection of copyright law and class action procedure.

Here is their plan: in their Motions to Dismiss, the Defendants argue that Mr. Elan cannot bring this case under the Copyright Act unless he registers his works.  If he registers his works, though, the Defendants will argue that Mr. Elan is an inadequate representative for class members who have *not* registered their works, and will oppose class certification on that ground.  Fed. Rule Civ. Pro. 23(a).   By doing so, the Defendants hope to leverage this procedural Catch 22—Mr. Elan *must* register to represent the class, but if he registers the Defendants will argue that he *cannot* represent the class—into a *de facto* substantive victory that knocks out the overwhelming majority of potential class members, and enables the Defendants to continue their relentless, daily, digital copying machine that wrings illegal profits from the copyright-protected works of others.

To be clear, the Plaintiffs believe that Mr. White, who is the author of registered as well as unregistered works, can be an effective and vigorous advocate for the rights of the entire class, including those who have not registered their works.  The legal issues with respect to infringement, and potential defenses to the claim, are identical for Mr. White and for all attorneys and firms whose works are being infringed, whether registered or not.  But because the *remedies* available to them for that infringement will differ, the Defendants eventually will argue that any named plaintiff who has registered his works cannot, consistent with Rule 23(a)(3), represent class members with respect to unregistered works.  *See generally In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242 (2d Cir. 2011) ("*In re Literary Works II*") (rejecting settlement that was the product of four years of mediation on the ground that the owners of unregistered copyrights were not represented in the settlement process).

Mr. Elan, therefore, is in this case as a named plaintiff for a reason.  None of his works are registered.  His works are unregistered not because of thrift, oversight, or recalcitrance in the face of a statutory requirement.  Rather, Mr. Elan is in this case because he provides valuable representation for the thousands of authors whose rights will be determined by this litigation, no matter who the named plaintiffs are, and to address the Defendants' anticipated objections to class certification.

Fortunately for the class that Mr. Elan seeks to represent, there is a clear legal basis for permitting Mr. Elan to proceed with his claims, and to vindicate the intellectual property rights of the authors of unregistered works.

First, this Court unquestionably has jurisdiction over Mr. Elan's claims.  *Reed Elsevier v. Muchnick,* 130 S. Ct. 1237, 1248 (2010) ("*Muchnick*").  Because this Court has jurisdiction, the plain language of Section 502 of the Copyright Act entitles Mr. Elan to seek injunctive relief barring the defendants from copying and selling his works.  As the Supreme Court's decision in *Muchnick* made clear, granting injunctive relief in this case would in no way expand this Court's jurisdiction to plaintiffs or claims that are not within its judicial power.  Nor would it offend the purposes of Section 411 of the Copyright Act.  As the Second Circuit recognized, even before *Muchnick,* "where a defendant has engaged in a pattern of infringement of a plaintiff's registered copyrights and can be expected to continue to infringe new copyrighted material emanating in the future from the plaintiff," the availability of injunctive relief covering *unregistered works* is consistent with and "furthers the purposes of the Copyright Act generally and does not undermine the intended effect of section 411(a)."  *In re Literary Works in Elec. Databases Copyright Litig.,* 509 F.3d 116 , 123 (2d Cir. 2007) ("*In re Literary Works. I*"), rev'd on other grounds by *Muchnick.*

Second, Mr. Elan, even without registering his works, is entitled to a declaratory judgment, on behalf of himself and the class that he seeks to represent, that the Defendants' copying and sale of his works is unlawful.  As is the case with injunctive relief, registration is not a prerequisite to seeking a declaratory judgment.

Finally, even if the Court dismisses Mr. Elan's individual claims (which, as explained more fully below, it should not do), Plaintiffs respectfully submit that they should be permitted to amend the Complaint so that Mr. White, or another plaintiff with registered works, be named as the class representative for the authors of all works, whether registered or unregistered.  The parties and the Court should then address his suitability as a class representative in the context of a proper class certification motion. Because it is premature for the parties to address, in the context of Defendants' Motions to Dismiss, whether Mr. White would be an adequate class representative for the holders of unregistered copyrights, the Court should, at the very least, grant the Plaintiffs leave to amend in order to redefine the class and the class representative.  Fed. R. Civ. Pro. 15.

For these reasons, as more fully explained below, the Defendants' Motions to Dismiss should be denied.

## **Factual Allegations**

The Complaint in this putative class action alleges that the Plaintiffs, two attorneys and the professional corporation owned solely by one of them, are the authors of original works of authorship within the meaning of the Copyright Act, namely legal briefs and other court filings.  Mr. White and his professional corporation have obtained copyright registrations for the works identified in the Complaint [Complaint, ¶ 4]; Mr. Elan has not.  [*Id.* at ¶ 5]

West and Lexis are the two largest providers of electronic research databases utilized by the legal community.  The Complaint alleges that both of the Defendants sell

4

access to certain databases containing copies of the Plaintiffs' works, as well as the works of at least thousands of other attorneys and law firms. [Complaint at ¶¶ 22-26] The Defendants charge substantial fees to provide access to, and copies of, the works of the members of the putative class. [*Id*. at ¶ 27]. They have not, however, obtained from the plaintiffs permission to copy, distribute, or sell their works for profit. [*Id*. at ¶ 28]

The Complaint alleges that the Defendants are infringing the Plaintiffs' exclusive rights under the Copyright Act, and seeks damages [Count I], injunctive relief [Count II], and a declaratory judgment [Count III]. The Defendants now move to dismiss only the claims of Mr. Elan and the class he seeks to represent, solely on the ground that Mr. Elan has not obtained copyright registration for his works.

## Legal Argument

### I.      Standard on a motion to dismiss.

"In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." *Frasier v. Gen. Elec. Co*., 930 F.2d 1004, 1007 (2d Cir. 1991). The Court also is required to draw all reasonable inferences from the allegations in the complaint in favor of the plaintiff. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (explaining that in deciding a motion to dismiss, a court "consider[s] the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor").

At the pleading stage, the plaintiff is required to assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft  v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.     Elements of a copyright claim.

"There are only two elements of an infringement claim: ownership of a valid copyright and the copying of constituent elements of the work that are original." *Fonar Corp. v. Domenick*, 105 F.3d 99, 103 (2d Cir. 1997). *See also, e.g., Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); *Tufenkian Import/Export Ventures*, 338 F.3d 127, 131 (2d Cir. 2003) ("Copyright infringement is established when the owner of a valid copyright demonstrates unauthorized copying.") (quoting *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137-38 (2d Cir. 1998)); *Int'l Swaps & Derivatives Ass'n v. Socratek*, 712 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) ("To make out a prima facie case of copyright infringement, a party must show (1) ownership of a valid copyright in the item and (2) unauthorized copying.").

Plaintiffs are aware that this Court, citing *Muchnick*, has suggested that registration may be viewed as an "element" of a copyright claim. *Psihoyos v. John Wiley & Sons, Inc.*, Case No. 11 Civ. 1416, 2011 U.S. Dist. LEXIS 137847, at *4-5 (S.D.N.Y. Nov. 21, 2011). While the registration requirement can, in the ordinary case (like *Psihoyos*), act as the functional equivalent of an "element" of a copyright infringement claim (especially when the plaintiff seeks only statutory damages and attorney's fees), Plaintiffs respectfully submit that, as a technical matter, *Muchnick* did not create a third, new "element" for copyright claims, and certainly did not do so with respect to claims seeking an injunction or declaratory relief.

In *Muchnick*, the Supreme Court acknowledged that registration could be one of three different things: (i) a jurisdictional requirement; (ii) a claims processing rule; or (iii) an element of a copyright claim. The Court's analysis, however, focused only on

the dichotomy between jurisdictional requirements and claim-processing rules, *see*, *e.g.*, *Muchnick* at 1243 ("While perhaps clear in theory, the distinction between jurisdictional conditions and claim-processing rules can be confusing in practice"); *id.* at 1244 (discussing "the important distinctions between jurisdictional prescriptions and claim-processing rules").   Ultimately, the Supreme Court concluded that registration is "a precondition to filing a claim," *id.* at 1241, but did not hold that registration is an "element" of a claim.   Indeed, after *Muchnick* the Second Circuit has continued to explain that there are only two elements that a plaintiff needs to prove for a copyright claim.  *See Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) ("To maintain an action for infringement, a plaintiff must establish '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'") (quoting *Feist*).

Both defendants implicitly acknowledge this analysis.  In its Motion to Dismiss, Reed Elsevier acknowledges the two elements of a copyright claim [Memorandum of Law in Support of Defendant Reed Elsevier Inc.'s Partial Motion to Dismiss ("Reed Elsevier Memo"), at p. 3.], and separately refers to Section 411(a)'s registration provision as a "precondition to filing a claim," *id.*, as does West.  [West Publishing Corporation's Memorandum of Law in Support of Partial Motion to Dismiss ("West Memo"), at p. 3.] It appears, therefore, that the parties to this action agree that registration, while a procedural bar to certain claims, is not a substantive "element" of a copyright action.

Mr. Elan alleges both elements of a copyright claim: ownership of the copyrights in his works, and copying.  Indeed, the Defendants' Motions to Dismiss do not dispute that Mr. Elan has alleged these elements.  The Complaint, therefore, alleges sufficient facts to show that Mr. Elan's claim of copyright infringement is more than "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

**III.    The Copyright Act permits the issuance of an injunction to prevent future copying of unregistered works, including works that are not yet in existence.**

    **A.    Section 502 of the Copyright Act authorizes this Court to issue an injunction barring the defendants from infringing the Plaintiffs' copyrights in unregistered works.**

Since the Supreme Court's ruling in *Muchnick,* it is beyond peradventure that this Court has jurisdiction over copyright claims involving unregistered copyrights, such as those owned by Mr. Elan.  Because this Court has jurisdiction over Mr. Elan's claims, it also has express statutory authority to issue an injunction against the Defendants' infringement of Mr. Elan's existing and future works.

Section 502 of the Copyright Act provides that, "[a]ny court *having jurisdiction of a civil action arising under this title may,* subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." (Emphasis added.)  By its plain terms, Section 502 conditions the availability of injunctive relief only on the court's jurisdiction, not on registration.

The language of Section 502 contrasts sharply with the wording of Section 412, which permits the court to award statutory damages or attorney's fees only if the work at issue has been registered:

> § 412   REGISTRATION AS PREREQUISITE TO CERTAIN REMEDIES FOR INFRINGEMENT:
>
> In any action under this title,…no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
>     (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
>     (2) any infringement of copyright commenced after first publication of the work and before the effective date of

> its registration, unless such registration is made within
> three months after the first publication of the work.

17 U.S.C. § 412 (emphasis added).

Section 412 shows that Congress certainly knew how to limit the availability of remedies to those who registered their works.  Injunctive relief, however, is not among the remedies that are available exclusively to those who register.  If Congress had intended to condition injunctive relief on registration, it would have been easy to do: it would have simply listed injunctive relief in Section 412 as among the remedies available only to those who have registered, or included a registration requirement in Section 502, or both.  It did neither.

Indeed, the title of Section 412 itself – "REGISTRATION AS PREREQUISITE TO CERTAIN REMEDIES FOR INFRINGEMENT – makes clear that registration is a requirement for obtaining only "certain remedies," not "all" remedies.  As the leading treatise on copyright law explains, the wording and structure of the statute unquestionably makes injunctive relief available for unregistered works:

> "Section 412 of the Copyright Act explicitly labels
> registration a "prerequisite to certain remedies for
> infringement," *viz*., the remedies of attorney's fees and
> statutory damages. The inescapable conclusion from that
> language is that registration is not a prerequisite to the
> imposition of unenumerated remedies, such as the equitable
> imposition of an injunction or seizure."

2-7 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT § 7.16[C][3] (Matthew Bender, Rev. Ed) (hereinafter, "NIMMER").[1]

It is also significant that the injunctive remedy available in Section 502 is separate

---

[1] The wording of the statute also makes clear that registration is not an element of a copyright claim seeking injunctive relief.  *See* Section II, *supra*.  If it were, it would make no sense to say that an injunction is available even in the absence of registration, *i.e.* even if the plaintiff does not satisfy an element of the claim.

from the registration requirements in Section 411, and the limitation on remedies in Section 412.  In fact, it is an entirely different chapter of the Copyright Act (chapter 5) from the provisions relating to registration (chapter 4).  The structure of the Copyright Act therefore further confirms that Congress intended injunctive relief to be separate from, and stand independent of, registration.  *See Muchnick* at 1245-46 (explaining that Section 411's registration requirement "is located in a provision 'separate' from those granting federal courts subject-matter jurisdiction over [copyright] claims").

> B.    **Courts have long held that injunctive relief is available to plaintiffs alleging an ongoing infringement of unregistered works, and the threat of future infringement.**

Both before and after *Muchnick*, courts have recognized that Section 502 authorizes federal courts to issue injunctions barring the infringement of unregistered works, as well as future works (which obviously cannot be registered at the time the injunction issues).

In *Olan Mills Inc. v. Linn Photo Co*., 23 F.3d 1345 (8th Cir. 1994), the Eighth Circuit considered whether a plaintiff who had proved infringement of registered works was entitled to an injunction barring the defendant from infringing unregistered works, as well as future works.  The court held that such an injunction not only was proper, but expressly authorized by Section 502: "Section 502(a) gives the district court the power to issue an injunction to prevent infringement of 'a copyright.' The power to grant injunctive relief is not limited to registered copyrights, or even to those copyrights which give rise to an infringement action." *Id.* at 1349.  In fact, the Eighth Circuit explained that granting such relief was hardly unusual:

> Courts have traditionally crafted broad injunctions to
> protect copyright holders, regardless of the registration
> status of the copyright. *See Pacific and Southern* [*Co. v.
> Duncan*, 744 F.2d 1490,] 1499 [(11th Cir. 1984), cert.
> denied, 471 U.S. 1004 (1985)]. Injunctions have even

10

> prohibited infringement of works not yet in existence. *Id.*
> at 1499, n.17. (concluding the power of the district
> courts to issue injunctions is not limited to works already in
> existence but applies to future works as well).

*Olan Mills*, at 1349.

So, under Section 502, when a court has jurisdiction over a claim, as it does here, and "[w]hen a copyright owner has established a threat of continuing infringement, the owner is entitled to an injunction *regardless of registration*." *Id.* (emphasis added).[2] *See also Interscope Recordings v. Tabor*, No. 08-03068, 2009 U.S. Dist. LEXIS 25854, *5 (W.D. Ark. Mar. 16, 2009) (finding "that courts have traditionally crafted broad injunctions to protect copyright holders [and] injunctions have even prohibited infringement of works not yet in existence," and granting injunction against infringing plaintiff's "existing or future copyrights."); *Criterion 508 Solutions, Inc. v. Lockheed Martin Servs.*, 806 F. Supp. 2d 1078, 1106 (S.D. Iowa 2009) (holding that a "whether or not a party can sue for infringement of unregistered materials depends on the type of damages sought" and that a party seeking injunctive is not required to register a copyright); *Tattoo Art, Inc. v. TAT Int'l, LLC*, 794 F. Supp. 2d 634, 666-67 (E.D. Va. 2011) (issuing permanent injunction against the copying of plaintiff's "copyrighted tattoo designs, registered or unregistered").

In the Second Circuit, the most relevant analysis concerning injunctions against infringement of unregistered works is obsolete. It came in the Court of Appeals' original decision in the *Muchnick* case, *In re Literary Works I*, which was reversed by the Supreme Court. In that decision, the Second Circuit was concerned that an injunction

---

[2] In *Olan Mills*, the plaintiff had registered a limited number of works, but the fact of that registration was not relevant the court's holding that an injunction may properly bar the infringement of unregistered works.

against the infringement of unregistered works might exceed the courts' jurisdictional authority.  The Court of Appeals therefore declined to find that, "where one of the plaintiff's claims arises from a registered copyright, section 411(a) vests *jurisdiction* over any related infringement claim." 509 F.3d at 123 (emphasis added).  Continuing in that vein, the Court of Appeals declined "to rule that registration of one party's copyright would somehow provide *jurisdiction* over claims stemming from the unregistered copyrights of many other parties." *Id.* (emphasis added).

After *Muchnick*, though, the jurisdictional concerns that animated the Court of Appeals' discussion have evaporated.  Under *Muchnick,* issuing an injunction against the infringement of unregistered works does not extend the court's jurisdiction to works or to parties otherwise beyond the court's jurisdictional power, as the Second Circuit believed. Instead, as the Supreme Court made clear, federal courts *already have* jurisdiction over copyright claims involving unregistered works.

Because the Supreme Court has made clear that federal courts have jurisdiction over claims such as those asserted by Mr. Elan, and because Section 502 states that any court "having jurisdiction" may enter an injunction, it is clear that this Court can – and should – issue an injunction to protect unregistered works from infringement.[3]

Significantly, even in *In re Literary Works I*, the Second Circuit recognized the efficacy of issuing an injunction of the type approved by the Eighth Circuit in *Olan Mills*, explaining that, "where a defendant has engaged in a pattern of infringement…and can be

---

[3] Other pre-*Muchnick* decisions declined to issue injunctions covering unregistered works but, as one court recently observed, "many of these courts reached that conclusion on the basis of pre-*Muchnick* jurisprudence, which considered § 411(a)'s requirement to be jurisdictional in nature." *Tattoo Art*, 794 F. Supp. 2d at 662 (collecting cases).

expected to continue to infringe new copyrighted material emanating in the future from the plaintiff," the availability of injunctive relief covering unregistered works is consistent with, and furthers, the purposes of the Copyright Act, "and does not undermine the intended effect of section 411(a)." *In re Literary Works I*, at 123.

Here, the Plaintiffs have alleged that the Defendants are engaged in a persistent and ongoing infringement of their works – and the works of thousands of others – that will, absent an injunction, continue into the future. In this context, an injunction is not only proper, but also "furthers, the purposes of the Copyright Act." *In re Literary Works I*, at 123.

Indeed, if injunctive relief were not available to prevent future infringement by the Defendants, the results would be extraordinarily burdensome to the courts and authors alike. The Plaintiffs in this case – or in any similar case – could (and, Plaintiffs believe, will) prevail on their claims, but the Defendants would be free to copy new works on a daily basis, and continue to infringe them. In the absence of injunctive relief covering future works, each author would need to obtain a new copyright registration, and commence a new lawsuit, to put a stop to exactly the same infringing conduct. The burden of doing so would be tremendous, and would as a practical matter embolden the Defendants to continue their flagrant infringement. Such a result would make no sense.

> One court briefly adopted a contrary construction, holding that the scope of an injunction is limited to registered works. *Cable News Network, Inc. v. Video Monitoring Services of America, Inc*. [940 F.2d 1471 (11th Cir. 1991)] expressly held that injunctions, even issued by courts enjoying appropriate jurisdiction, cannot extend to future or unregistered works. Until the ruling was vacated by the entire circuit sitting en banc [949 F.2d 378 (11th Cir. 1991), appeal dismissed en banc, 959 F.2d 188 (11th Cir. 1992)], that construction would have required CNN— which had been victorious below against a company whose systematic policy was to infringe the entire CNN

> cablecast—to file a new lawsuit every day for the
> infringement of that day's work, as the previous injunctions
> could not reach conduct respecting a work that had been
> "future" at the time of their issuance. *Such a result not
> only ran afoul of judicial economy, but also contradicted
> the holdings of every circuit to confront analogous
> circumstances*.

2-7 NIMMER § 7.16[C][3] (emphasis added).  Just as CNN should not be required to

commence a new action for unlawful copying of each day's broadcast, the Plaintiffs in

this case, and attorneys generally, should not be forced to commence a new lawsuit

against the Defendants every time a brief is filed and unlawfully copied into the

Defendants' databases.

As in the *CNN* case, the availability of injunctive relief concerning unregistered

works, including future works, is appropriately before this Court.  Mr. White

unquestionably has the ability to seek that relief, as does Mr. Elan who, as a

representative of authors whose works are not registered, as well as works that have not

yet been written, is (in addition to Mr. White) a proper plaintiff in this case.  For these

reasons, Mr. Elan's claim in Count II for injunctive relief should not be dismissed.

## IV.    This Court has the power to enter a declaratory judgment that the Defendants have no right to copy or sell the Plaintiffs' works.

Completely independent of his entitlement to injunctive relief, Mr. Elan (like

Mr. White) is entitled to a declaratory judgment, as is sought in Count III of the

Complaint.  For the reasons set forth below, the Motions to Dismiss should, therefore, be

denied with respect to Count III as well.

### A.    This Court has the power to issue a declaratory judgment in any action in which there is an actual case or controversy within the meaning of Article III of the Constitution.

The Court's authority to enter a declaratory judgment derives not from the

Copyright Act, but from the federal declaratory judgment statute:

14

> In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201.  "[A] case of actual controversy" within the meaning of Section 2201 is coextensive with the constitutional requirement for standing. *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011).

In order to hear a claim for declaratory relief, all that is required is that "the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).  This test applies in intellectual property cases. *See Nike*, at 95 (explaining that *MedImmune* confirmed that the "totality of the circumstances test for declaratory judgment actions applied in intellectual property cases").

As described in the Complaint, and above, both Mr. White and Mr. Elan have presented this Court with "a case of actual controversy within its jurisdiction." *See Muchnick*.  The dispute is in no sense hypothetical or merely peremptory: the Defendants are currently engaged in an ongoing course of conduct that implicates the Plaintiffs' copyrights, as well as the works of thousands of attorneys and law firms.  This Court can bring substantial certainty to the situation by entering a declaratory judgment granting "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune*, at 127.  Therefore, both Mr. Elan and Mr. White are entitled to a declaration concerning the parties' rights with respect to copying of the works.

**B.    This Court can render a declaratory judgment with respect to unregistered works.**

"The Declaratory Judgment Act is often used in connection with copyright cases to secure a declaration as to whether a party possesses a legally cognizable interest in the intellectual property and, if so, whether there has been an infringement of the interest." 12-57 James Wm. Moore, MOORE'S FEDERAL PRACTICE - CIVIL § 57.85 (Matthew Bender, 3d Ed).

The owner of a copyright is entitled to a declaratory judgment of infringement upon a showing that: (i) he is the owner of a valid copyright, and (ii) infringement. *Davis v. Gap, Inc.*, 246 F.3d 152, 158-59 (2nd Cir. 2001). In fact, a court can issue a declaratory judgment even if the party seeking the declaratory relief is not entitled to any damages under the Copyright Act. *Id.* at 159. ("The owner of a copyright is thus entitled to prevail in a claim for declaratory judgment of infringement without showing entitlement to monetary relief.")

Section 411 and its registration requirement have no bearing on the Court's authority to enter declaratory judgment concerning the fact of infringement for at least two reasons. First, As explained in Section III(A), *supra*, Section 412's listing of "certain remedies" that are available only to those who have registered their works necessarily means that other, unenumerated remedies are available to those who have not registered their works. 2-7 NIMMER § 7.16[C][3]. The reasoning applies with at least equal, if not greater, force with respect to declaratory relief. The leading treatise on copyright law explains that, "[t]he contrary ruling of *Olan Mills, Inc. v. Linn Photo Co.*, 795 F.Supp. 1423 (N.D. Iowa 1991) (no declaratory judgment to copyright owner regarding infringement of unregistered copyright) was appropriately reversed on appeal. 23 F.3d 1345, 1349 (8th Cir. 1994)." 2-7 NIMMER § 7.16[C][3], at fn. 500. *See also Telebrands Corp. v. Exceptional Prods.*, No. 11-CV-2252, 2011 U.S. Dist. LEXIS 139308, *4-6

16

(D.N.J. Dec. 5, 2011) (holding that while it "is correct that a party may not state a prima facie case of copyright infringement where the party does not hold a registered copyright in accordance with 17 U.S.C. § 411(a)… the conclusion that this Court cannot exercise jurisdiction over [a] declaratory judgment action does not flow from that premise. (citations omitted)).

Second, an action seeking declaratory relief is not an action for "copyright infringement" within the meaning of Section 411.  Nimmer on Copyright explains that pre-*Muchnick* holdings that declaratory judgment actions are not sustainable in the absence of registration are no longer good law and, in any event, were wrongly decided:

> Another case that cannot survive the Supreme Court's ruling [in *Muchnick*] is *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, [542 F.3d 859 (11th Cir. 2008).]  Weitzman hired MCR to create software for its fashion business; after a dispute, Weitzman filed suit for a declaration that it owned the copy of the software that it had purchased from MCR and had the right to modify that software for its own business needs.  The Eleventh Circuit construed the complaint as suggesting that Weitzman anticipated that MCR would sue it for copyright infringement.  It reasoned, based on the fact that MCR had never applied to register the software at issue, that "the district court would lack subject matter jurisdiction if MCR brought an infringement suit against Weitzman" and, given that the Declaratory Relief Act does not independently furnish jurisdiction, the case had to be dismissed. Recognizing that its ruling would place Weitzman in "an awkward position" that was "unfortunate," it still felt constrained to hew to the consensus that registration is jurisdictional.  ***With the explosion of that consensus, the basis for the ruling now evaporates***. Moreover, even without *Reed Elsevier v. Muchnick*'s clarification of ranking, the Eleventh Circuit's reasoning still seems plainly wrong, ***given that the registration requirement set forth in the statute explicitly applies only to "an action for infringement of the copyright," not to a declaration of rights under the Copyright Act***.  In line with that sentiment, another decision appropriately allows declaratory relief to proceed in this posture. [Citing *Sportsman's Warehouse,*

*Inc. v. Fair*, 576 F. Supp. 2d 1175, 1183 (D. Colo. 2008)]

2-7 NIMMER § 7.16[B][3][b][v].  Thus, registration is not a prerequisite to a declaratory

judgment claim because a declaratory judgment claim is of a different character.  It is not

"an action for infringement of copyright" within the meaning of Section 411, and

registration is not a prerequisite to suit.

In *Sportsman's Warehouse, Inc. v. Fair*, the court explained that it could render a

declaratory judgment with respect to unregistered works because the declaratory

judgment statute gave it an independent basis for doing so:

> Fair [the defendant] appears to be operating under the
> assumption that an action relating to copyright can only be
> brought by a copyright holder pursuant to 17 U.S.C. §411,
> and since neither Sportsman's Warehouse nor LeBlanc [the
> plaintiffs] hold copyrights, there is no jurisdiction or cause
> of action.  Fair misapprehends the nature of this case.
> LeBlanc and Sportsman's Warehouse seek a declaration of
> non-infringement.  The federal declaratory judgment statute,
> 28 U.S.C. § 2201, vests a district court with the authority to
> declare the rights and other legal relations of any interested
> party in "a case of actual controversy" within the court's
> jurisdiction.  Fair has accused both LeBlanc and
> Sportsman's Warehouse of infringing on his copyright, and
> indeed has apparently commenced litigation in Oregon.
> Therefore, there is an actual controversy between these
> parties and it is appropriate to declare the rights and
> obligations of the parties with respect to the infringement
> issue."

*Id.* at 1183 (D. Col. 2008).  While *Sportsman's Warehouse* involved a declaratory

judgment sought by a party seeking a declaration of *non*-infringement, the relief is clearly

available to a party seeking a declaration of infringement as well.  *See*, *e.g.*, *Davis v. Gap,

Inc.*, *supra* (finding that a court may issue a declaratory judgment of infringement even if

the copyright owner is not entitled to damages).

**C.      A declaratory judgment would be useful to the parties and the proposed class.**

While this Court has a measure of discretion as to whether to entertain a declaratory judgment claim, the Second Circuit has held that "a court must entertain a declaratory judgment action: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. If either prong is met, the action must be entertained." *Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992) (citation omitted).

Given that the Defendants are engaged in a continuing practice of copying attorneys' legal filings, all parties would benefit from certainty as to whether the copying constitutes infringement.  It is certainly true that adjudicating the parties rights would "serve a useful purpose in clarifying and settling the legal relations in issue," *and* that it would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Cas. Co.*, 997 F.2d at 737.  Thus, in these circumstances, even if this Court does not grant Mr. Elan any other relief, it is appropriate for the Court to declare that the Defendants are unlawfully copying, distributing, and selling his works in violation of the Copyright Act.  For these reasons, the Court should deny the Motions to Dismiss the Complaint with respect to Count III.

**V.      The cases cited by the Defendants do not address the availability of injunctive or declaratory relief with respect to unregistered works.**

Defendants cite a number of cases for the proposition that all claims concerning unregistered works must be dismissed.  Those cases, however, did not address or decide the issue of whether injunctive or declaratory relief is available for unpublished works.

This Court did not address or determine the issue of whether an author of an unregistered work could be entitled to an injunction or declaratory relief in *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2011 U.S. Dist. Lexis 115835 (S.D.N.Y. Oct. 3, 2011).  In arguing in support of his motion for a preliminary injunction, the plaintiff in *Psihoyos* raised (only weakly, in parentheticals, and in reply) the argument that a preliminary injunction may issue with respect to unregistered works.[4]  In denying the motion for a preliminary injunction, though, this Court expressly declined to address the issue of whether the registration status of Psihoyos' works was fatal to his claim for injunctive relief.  Instead, this Court held that the plaintiff had failed to establish the *other* elements of its claim for injunctive relief:

> Because of th[e] uncertainty concerning the validity (or lack thereof) of plaintiff's copyright registrations, plaintiff's likelihood of success on the merits appeared equivocal at best.  It was not necessary for the Court to reach a definitive conclusion on this issue, however, because the preliminary injunction standard is a conjunctive test….[I]n this case, plaintiff failed to satisfy the remaining elements of the test.

*Id.* at *9-10 (citation omitted).

Later in the case, on Psihoyos' opposition to summary judgment, and in his Motion for Reconsideration, Psihoyos never made the argument that this Court could grant injunctive relief with respect to unregistered works.  Instead, Psihoyos argued *only* that: (i) the unregistered works were similar to certain registered works, and thus "derivative works," *see Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2011 U.S. Dist. Lexis 120204, at *4-5 (S.D.N.Y. Oct. 13, 2011), and (ii) that belated registration of

---

[4] Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction, 11 Civ. 1416 (JSR), Dkt. No. 22, filed Aug. 1, 2011

those works cured any registration deficiency.  *Id.* at *5.[5]  Moreover, the complaint in the *Psihoyos* action did not even seek declaratory relief.[6]  Not surprisingly, then, this Court's decisions on summary judgment did not decide the issue of whether injunctive or declaratory relief is available for infringement of unregistered works.

As in *Psihoyos*, the plaintiff in *Drum Major Music Entm't Inc. v. Young Money Entm't, LLC,* No. 11 Civ. 1980 (LBS), 2012 U.S. Dist. LEXIS 17290 (S.D.N.Y. Feb. 7, 2012), only advanced the argument that its belated registration cured any deficiency.  *Id.* at *14-15.  Judge Sand, citing this Court's decision in *Psihoyos*, held that it did not.  *Id.* at *15.  Judge Sand did not, however, consider whether injunctive or declaratory relief is available for unregistered copyrights.  The same is true in *Obodai v. YouTube LLC*, No. 11 Civ. 4343 (DLC), 2011 U.S. Dist. LEXIS 150164 (S.D.N.Y Dec. 29, 2011) (dismissing the claims of a *pro se* plaintiff, but never considering the availability of injunctive or declaratory relief).

In *Jewel Source, Inc. v. Primus Jewels, LLC*, No. 11 Civ. 3941 (JSR), 2011 U.S. Dist. LEXIS 115830 (S.D.N.Y. Oct 3, 2011), the plaintiff did not argue that it was entitled to an injunction or a declaratory judgment with respect to unregistered works. Rather, the plaintiff argued only that the works in question were foreign works not required to be registered under 17 U.S.C. § 411(a).[7]  Thus, in *Jewel Source,* this Court was never asked to decide whether a preliminary injunction or declaratory judgment is

---

[5] *See also* Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, Case No. 11 Civ. 1416 (JPO), Dkt. No. 34, filed Aug. 31, 2011, at pp. 21-22; and Memorandum of Law In Support of Plaintiff's Motion For Reconsideration Under Local Civil Rule 6.3, Dkt. No. 50, filed Oct. 17, 2011, at pp. 5-8.

[6] Amended Complaint, Case No. 11 Civ. 1416, Dkt. No. 45, filed Sept. 30, 2011.

[7] Memorandum of Law in Opposition to Defendant's Motion to Dismiss, Case No. 11 Civ. 3941 (JSR), Dkt. No. 13, filed July 6, 2011.

available with respect to unregistered works and, not surprisingly, did not do so.  *See Jewel Source* at *5-6 (rejecting plaintiff's argument on the ground that "Jewel published its works in the United States").

West cites *Kamanou v. Exec. Sec'y of the Comm'n of the Economic Cmty. Of West African States*, No. 10 Civ. 7286 (GBD) (JLC), 2012 U.S. Dist. LEXIS 7647 (S.D.N.Y. Jan. 19, 2012), for the proposition that lack of registration mandates dismissal, but that was only the Magistrate's Report and Recommendation.  Judge Daniels accepted the Report and Recommendation's ultimate conclusion that the copyright claim should be dismissed, but his decision was based *only* on the fact that the work at issue was a "work made for hire."  *Kamanou v. Exec. Sec'y of the Comm'n of the Economic Cmty. Of West African States*, No. 10 Civ. 7286 (GBD) (JLC), 2012 U.S. Dist. LEXIS 34495, *4-5 (S.D.N.Y. Mar. 14, 2012).  The part of the *Kamanou* Report and Recommendation that West cites was not a part of Judge Daniels' opinion.  Neither the Report and Recommendation nor Judge Daniels' decision discussed injunctive or declaratory relief.

In *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F. Supp. 2d 84 (S.D.N.Y. 2010), also cited by West, the court addressed "the novel question of whether the registration of an automated database—here, a compilation of photographs by different photographers—by a third-party copyright claimant that has been assigned the rights to the individual works for the purposes of copyright registration registers the individual works thereby permitting the individual photographers to sue for copyright infringement."  *Id.* at 92.  The Court's decision thus was rendered in the context of the plaintiffs arguing that their works *were* registered, a contention also rejected by the court on reconsideration.  In *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ.*, Co., No. 09 CV 2669 (LAP), 2010 U.S. Dist. LEXIS 107705 (S.D.N.Y. Sept. 27, 2010)

(finding that the failure to include authors' names in a registration application was not a mere inaccuracy that "saved" the registration).

Defendants' resort to decisions from other circuits is similarly uninstructive on the issue of injunctive or declaratory relief.  The issue never was addressed in *Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 Fed. Appx 344 (5th Cir. 2001), in which the Fifth Circuit dismissed a copyright claim after rejecting the claimant's argument that the work at issue was a derivative work of one that was registered.  *Id.* at 348.[8]

The remaining cases cited by the Defendants also never addressed, let alone decided, whether injunctive or declaratory relief is available with respect to unregistered works. *See Staggs v. West*, Civ. No. PJM 08-0728, 2010 U.S. Dist. LEXIS 63174, *8 (D. Md. June 25, 2010) (finding that plaintiff's opposition to dismissal was "largely incomprehensible and, insofar as the Court can tell, fail[ed] to directly respond to Defendants' arguments," and not addressing any arguments relating to injunctive or declaratory relief); *Mktg. Tech. Solutions, Inc. v. Medizine LLC*, No. 09 Civ. 8122 (LMM), 2010 U.S. Dist. LEXIS 50027 (May 18, 2010) (not addressing injunctive or declaratory relief); *Compound Stock Earnings Seminars, Inc. v. Dannenberg*, No. 3:10-CV-2201-D, 2012 U.S. Dist. LEXIS 1014 (Jan. 4, 2012)(same); *TreadmillDoctor.com,*

---

[8] Even that conclusion was not on the merits, though, because the claimant's derivative work claim was made only at oral argument, and case law on the subject was submitted to the Court of Appeals only in a letter, one month after argument.  For that reason, and "because the argument was not presented to the district court for its consideration," the Fifth Circuit decided not to address the merits of the argument.  *Id.* Not surprisingly, then, the Fifth Circuit designated the decision – cited here by both Defendants – as "not for publication," and indicated that it "is not precedent except under the limited circumstances set forth in 5TH CIR. R.  47.5.4" (relating to *res judicata*, collateral estoppel, law of the case, and similar circumstances).  *Id.* at 345 (unnumbered footnote).  In all events, the opinion has nothing to say about injunctive or declaratory relief.

*Inc. v. Johnson,* No. 08-2877, 2011 U.S. Dist. LEXIS 34652 (W.D. Tenn. Mar. 31, 2011) (same).

Certainly, none of the cases cited by the defendants contradict the analysis Section 502 provides a clear statutory basis for granting injunctive relief in any case in which the court has jurisdiction, and for granting declaratory relief in this procedural posture.  For these reasons, the Motions to Dismiss should be denied.

## VI.    Request for leave to replead.

As explained above, Mr. Elan has presented viable claims for at least injunctive relief and a declaratory judgment.  If, however, the Court determines that Mr. Elan is not a proper named plaintiff, the Court should grant the Plaintiffs leave to amend the Complaint so that the holder of a registered copyright is a representative of the entire class of authors, including those with unregistered works. *See* Fed. R. Civ. Pro. 15(a)(2) ("The court should freely give leave when justice so requires.")

While the Defendants will no doubt argue that the owner of a registered copyright cannot represent the owners of unregistered copyrights, *see*, *generally*, *In re Literary Works II*, that argument is premature in the context of their Motions to Dismiss.  Rather, it should be addressed in the context of a Motion for Class Certification.  "Generally, courts review class allegations through a motion for class certification." *In re WalMart Stores, Inc.*, 505 F. Supp. 2d 609, 614 (C.D. Cal. 2007) (denying motion to dismiss class claims under Rule 12(b), and holding that such a determination should await class certification).  Indeed, "nearly all of the[] cases [that] considered the issue of the appropriate contours of class definitions in the context of a motion for class certification." *Id.*  The Defendants' Motions to Dismiss do not address whether Mr. White, or another plaintiff who registers a copyright can be an adequate representative of the class, and

there is no reason for the Court to reach that issue at this time.  A full briefing on the issue of class representation should await briefing on class certification.

Therefore, at the very least, any dismissal of Mr. Elan's claims should be made without prejudice, and with leave to replead, especially with respect to claims on behalf of the unregistered class.

## <u>Conclusion</u>

The Motions to Dismiss should be denied.  In the alternative, the Plaintiffs respectfully request that they be granted leave to replead.

Dated:   New York, New York
              April 26, 2012

GREGORY A. BLUE, P.C.

By:  ___/s/ Gregory A. Blue___
         Gregory A. Blue
The Chrysler Building
405 Lexington Avenue, Suite 2600
New York, NY 10174
Telephone: (646) 351-0006
Facsimile: (212) 208-6874
blue@bluelegal.us

Raymond A. Bragar
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Ave., Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Facsimile: (212) 208-2519
bragar@bragarwexler.com

*Attorneys for Plaintiffs*