R. Bruce Rich (RR-0313)
Benjamin E. Marks (BM-0796)
Jonathan Bloom (JB-7966)
John R. Gerba (JG-4947)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Defendant West Publishing Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

EDWARD L. WHITE; EDWARD L. WHITE, P.C.;
and KENNETH ELAN, on behalf of themselves
and all others similarly situated

|  | Plaintiffs, | 12 Civ. 1340 (JSR) |
|---|---|---|
| v. | | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PARTIAL MOTION TO DISMISS** |
| WEST PUBLISHING CORPORATION d/b/a "West"; and REED ELSEVIER, INC. d/b/a LexisNexis, | | **Filed Electronically** |
|  | Defendants. | |

-----------------------------------------------------------------x

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 2

I.  The Section 411(A) Registration Requirement is a "Precondition to Filing a
    Claim" .......................................................................................................................... 2

II.  Non-Registered Claimants Cannot Avoid the Copyright Act's Registration
     Requirement by Purporting to Limit the Relief Sought to Injunctive Relief .................... 3

    A.  Neither Section 502 nor Section 412 of the Copyright Act Excuses a
        Failure to Satisfy the Registration Requirement ..................................................... 4

    B.  Courts in This Circuit Uniformly Limit Injunctive Relief for Copyright
        Infringement to Plaintiffs Who Have Proven Infringements as to
        Registered Works ................................................................................................. 6

III.  The Declaratory Judgment Act Does Not Excuse Plaintiffs' Failure to Register
      The Copyrights Alleged to be in Issue ........................................................................ 8

IV.  Plaintiffs' Request for Leave to Replead Should be Denied .......................................... 10

CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

Cases

Criterion 508 Solutions, Inc. v. Lockheed Martin Servs.,
   806 F. Supp. 2d 1078 (S.D. Iowa 2009) .......................................................................7

Davis v. The Gap, Inc.,
   246 F.3d 152 (2d Cir. 2001).........................................................................................9

DRK Photo v. Houghton Mifflin Harcourt Publ'g Co.,
   No. CV-09-8225-PCT-NVW, 2010 WL 1688767 (D. Ariz. Apr. 26, 2010)..........7

Greene v. United States,
   79 F.3d 1348 (2d Cir. 1996).........................................................................................8

In re Literary Works in Elec. Databases Copyright Litig.,
   509 F.3d 116 (2d Cir. 2007)......................................................................................6, 7

Interscope Recordings v. Tabor,
   Civil No. 08-03068, 2009 WL 708322 (W.D. Ark. Mar. 16, 2009)........................8

Jewel Source, Inc. v. Primus Jewels, LLC,
   No. 11 Civ. 3941 (JSR), 2011 WL 4634019 (S.D.N.Y. Oct. 3, 2011) ...................3

Morton v. Mancari,
   417 U.S. 535 (1974).......................................................................................................8

Olan Mills, Inc. v. Linn Photo Co.,
   23 F.3d 1345 (8th Cir. 1994) ....................................................................................6, 7

Psihoyos v. John Wiley & Sons, Inc.,
   No. 11 Civ. 1416 (JSR), 2011 WL 5980423 (S.D.N.Y. Nov. 29, 2011) ................3

Reed Elsevier, Inc. v. Muchnick,
   130 S. Ct. 1237 (2010)............................................................................................2, 5, 6

Sportsman's Warehouse, Inc. v. Fair,
   576 F. Supp. 2d 1175 (D. Colo. 2008)........................................................................9

Tattoo Art, Inc. v. TAT Int'l, LLC,
   794 F. Supp. 2d 634 (E.D. Va. 2011) .........................................................................7

Telebrands Corp. v. Exceptional Prods.,
   No. 11-CV-2252, 2011 WL 6029402 (D.N.J. Dec. 5, 2011)...................................9

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

CASES

Walker Mfg., Inc. v. Hoffman, Inc.,
   220 F. Supp. 2d 1024 (N. D. Iowa 2002)................................................................7

STATUTES

17 U.S.C. § 411(a) ............................................................................ passim

17 U.S.C. § 412...........................................................................................4, 5

17 U.S.C. § 501(b) ..............................................................................1, 2, 4, 9

OTHER AUTHORITIES

Complaint, Jewel Source, Inc. v. Primus Jewels, LLC,
   No. 11 Civ. 03941 (JSR) (S.D.N.Y. Apr. 25, 2011) .................................................4

Complaint, Mktg. Tech. Solutions, Inc. v. Medizine LLC,
   No. 09 Civ. 8122 (LMM) (S.D.N.Y. May 13, 2010), 2010 WL 3053685...............................4

Complaint, Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.,
   712 F. Supp. 2d 84 (S.D.N.Y. 2010) (09 CV 2669 LAP), 2011 WL 2947589........................4

Complaint, Psihoyos v. John Wiley & Sons, Inc.,
   No. 11 Civ. 1416 (JSR) (S.D.N.Y. Mar. 1, 2011), 2011 WL 846898 ...................................4

H.R. Rep. No. 100-609 (1988), reprinted in 1988 U.S.C.C.A.N. 3706.........................................5

H.R. Rep. No. 94-1476 (1976), reprinted in 1976 U.S.C.C.A.N. 5659.........................................5

Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT (2012)...........................6, 7, 10

William Patry, PATRY ON COPYRIGHT (2012)..............................................................7

S. Rep. No. 100-352 (1988), reprinted in 1988 U.S.C.C.A.N. 3706 ...............................................5

Defendant West Publishing Corporation ("West") submits this reply memorandum in further support of its Rule 12(b)(6) motion to dismiss the claims of plaintiff Kenneth Elan and the alleged subclass of plaintiffs who, like Elan, have not registered copyrights in the allegedly infringed works.

## PRELIMINARY STATEMENT

As demonstrated in West's opening brief, section 411(a) of the Copyright Act, 17 U.S.C. § 411(a), unambiguously requires copyright registration as a prerequisite to institution of an action for infringement of the type of works at issue here.  Because Elan and the members of the putative "non-registered" subclass he purports to represent (the "Non-registered Subclass") by definition have not complied with section 411(a), their claims must be dismissed.

Plaintiffs attempt to circumvent this barrier to the assertion of claims on behalf of the Non-registered Subclass by arguing that their failure to register allegedly infringed works does not foreclose pursuit of infringement claims seeking only injunctive and declaratory relief. Plaintiffs are incorrect.  Section 411(a) plainly applies to *all* infringement claims other than those that are expressly exempted, and plaintiffs' claims for injunctive or declaratory relief are not among those exempted.  Section 411(a) is complemented by section 501(b), which, without qualification as to the nature of the relief sought, conditions entitlement to "institute an action for any infringement" upon the copyright claimant having met the requirements of section 411(a). These statutory directives have led courts routinely to dismiss *all* claims for relief brought by plaintiffs who do not fall within one of section 411's limited exemptions and who fail to secure the registrations required to institute an infringement action.

Plaintiffs cannot avoid dismissal as to unregistered works by invoking the Declaratory Judgment Act.  Plaintiffs did not bring this affirmative action for infringement pursuant to the

Declaratory Judgment Act.  In any event, the general jurisdiction provision of that Act does not trump the specific statutory prerequisite of copyright registration.

Nor can the deficiencies in plaintiffs' claims on behalf of the purported Non-registered Subclass be cured by repleading.  Repositioning the claims asserted as to unregistered works either so that the claimants are a part of a unitary purported class of claimants comprising those with both registered and unregistered works or so as to create two putative subclasses both represented by plaintiff White would not rectify the fatal deficiency inherent in seeking relief for plaintiffs who have not registered their works.  Granting leave to replead would be futile, for the claims of class members who have no copyright registrations must be dismissed as a matter of law regardless of which named plaintiff purports to represent them.

## ARGUMENT

## I.    THE SECTION 411(A) REGISTRATION REQUIREMENT IS A "PRECONDITION TO FILING A CLAIM"

As the Supreme Court recognized in <u>Reed Elsevier, Inc.</u> v. <u>Muchnick</u>, 130 S. Ct. 1237 (2010), section 501(b) of the Copyright Act prescribes that a copyright owner claiming infringement "'is entitled, *subject to the requirements of section 411*, to institute an action' for copyright infringement." <u>Id.</u> at 1241 (emphasis in original). Section 411(a), in turn, imposes "a condition – copyright registration – that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions." <u>Id.</u> at 1242.  This "precondition to filing a claim" is excused in only three circumstances: "where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A, or where the holder attempted to register the work and registration was refused." <u>Id.</u> at 1246-47.  None of these exceptions applies to Elan or to the Non-registered Subclass.

Post-<u>Muchnick</u>, federal courts, including this one, routinely dismiss infringement claims under Rule 12(b)(6) where the plaintiff has not complied with section 411(a).[1]  <u>See</u> <u>Jewel Source, Inc.</u> v. <u>Primus Jewels, LLC</u>, No. 11 Civ. 3941 (JSR), 2011 WL 4634019, at *2 (S.D.N.Y. Oct. 3, 2011); <u>Psihoyos</u> v. <u>John Wiley & Sons, Inc.</u>, No. 11 Civ. 1416 (JSR), 2011 WL 5980423, at *2 (S.D.N.Y. Oct. 14, 2011) (holding that section 411(a) is both "an absolute 'precondition' to suit" and an "element" of an infringement claim); West Br. 3-4 & n.1 (collecting cases). Plaintiffs' quibble with this Court's description of copyright registration in <u>Psihoyos</u> as an element of an infringement claim (Pl. Opp. Br. 6) is without merit; it is, in any event, of no moment insofar as, however labeled, registration is an unambiguous prerequisite to an infringement suit that Elan and the Non-registered Subclass have failed (by definition) to satisfy.

## II.    NON-REGISTERED CLAIMANTS CANNOT AVOID THE COPYRIGHT ACT'S REGISTRATION REQUIREMENT BY PURPORTING TO LIMIT THE RELIEF SOUGHT TO INJUNCTIVE RELIEF

Evidently prepared to abandon their asserted claims for damages for Elan and the Non-registered Subclass, plaintiffs argue erroneously that this Court may award injunctive relief to putative class members who cannot satisfy section 411(a).  They do so on two grounds.  First, they misread section 502 of the Copyright Act as authorizing a court to award injunctive relief to a plaintiff that is not entitled to bring suit in the first place.  Second, they misinterpret a body of case law in which courts have awarded to plaintiffs who established a pattern of infringement of their registered works injunctive relief that extended to those plaintiffs' unregistered works as somehow providing a legal path for Elan and the Non-Registered Subclass to secure injunctive relief without their having registered even a single work.  Both arguments lack merit.

---

[1] <u>Muchnick</u>'s separate conclusion that the provisions of section 411 are not jurisdictional is irrelevant to this motion and only would have had arguable bearing on this lawsuit had West not moved to dismiss under Rule 12(b)(6).

**A.** **Neither Section 502 nor Section 412 of the Copyright Act Excuses a Failure to Satisfy the Registration Requirement**

Plaintiffs contend that "Section 502 conditions the availability of injunctive relief only on the court's jurisdiction, not on registration," and they suggest that because the registration requirement is contained in a different chapter of the Copyright Act, it does not apply to claims for injunctive relief. Pl. Opp. Br. 8-10. Plaintiffs' "different chapter" argument is specious. It ignores section 501(b), which expressly conditions a copyright owner's entitlement to institute "an action for any infringement" on compliance with section 411. 17 U.S.C. § 501(b).

Plaintiffs' argument also proves too much. None of the other remedy provisions that follow section 501(b), including section 504, which deals with actual damages and profits of the infringer, expressly condition securing such remedies on prior copyright registration. Instead, these provisions *presuppose* the right to sue. Were it otherwise, section 411 would have no meaning; claimants of unregistered works would be free to ignore section 411 and sue for a panoply of copyright infringement remedies, including injunctive relief, impounding and disposition of infringing articles, actual damages, and the infringer's profits. The purpose of section 502, along with the remaining chapter 5 remedies, is to provide federal courts with the discretion to award the prescribed relief for a successful infringement claim instituted *in compliance with section 411.*[2] No principle of statutory construction supports the proposition

---

[2] Plaintiffs' effort to distinguish the cases on which West relied in its opening brief on the ground that they did not involve claims for injunctive relief (Pl. Opp. Br. 21-24) is simply wrong; the complaints in those actions (as in most copyright cases) included prayers for injunctive relief. See Complaint at 8-9, Jewel Source, Inc. v. Primus Jewels, LLC, No. 11 Civ. 03941 (JSR) (S.D.N.Y. Apr. 25, 2011); Complaint at 3, Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co., No. 09 CV 2669 LAP (S.D.N.Y. 2010), 2011 WL 2947589; Complaint at 5, Psihoyos v. John Wiley & Sons, Inc., No. 11 Civ. 1416 (JSR) (S.D.N.Y. Mar. 1, 2011), 2011 WL 846898; Amended Complaint at 13, Mktg. Tech. Solutions, Inc. v. Medizine LLC, No. 09 Civ. 8122 (LMM) (S.D.N.Y. May 13, 2010), 2010 WL 3053685.

that a plaintiff who has no right to commence an infringement action nevertheless may be awarded injunctive relief.[3]

Plaintiffs similarly mislead with their invocation of section 412 as a purported basis for authorizing their pursuit of injunctive relief on behalf of claimants with unregistered works. Section 412 conditions the availability of statutory damages and attorney's fees on registration in advance of infringement (or within three months of first publication), limiting the remedies available to plaintiffs who register after infringement but before filing suit.  17 U.S.C. § 412. That section 412, as an inducement to timely registration, limits the availability of certain remedies where a copyright has been registered belatedly (albeit still before commencement of suit) hardly supports the assertion that it implicitly nullifies section 411(a) by allowing owners of copyrights in unregistered works to seek injunctive relief (or, by plaintiffs' logic, all other copyright remedies).  Plaintiffs have identified no case that so holds.

As a last-ditch effort, Plaintiffs reach for – and blatantly mischaracterize – secondary authority to support their attempted end-run of sections 411(a) and 501(b).  They cite NIMMER ON COPYRIGHT ("NIMMER") for the proposition that registration is not required for plaintiffs seeking injunctive relief.  See Pl. Opp. Br. 9.  But NIMMER, correctly, states precisely the opposite:  that section 411(a)'s requirement that copyrights be registered in advance of instituting civil actions for infringement of any United States work "extends to all such actions, including

---

[3] Section 411(a) already contains certain express exceptions to the registration requirement. See 17 U.S.C. § 411(a); Muchnick, 130 S. Ct. at 1246.  Had Congress had wanted to exempt from section 411(a) actions seeking only injunctive relief, it surely would have done so expressly. The legislative history confirms that Congress had no such intent.  See H.R. Rep. No. 94-1476, at 157 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5773; see also H.R. Rep. No. 100-609, at 19-25 (1988), reprinted in 1988 U.S.C.C.A.N. 3706, 3724-30 (noting public interest in preserving registration requirement); S. Rep. No. 100-352 at 13 (1988), reprinted in 1988 U.S.C.C.A.N. 3706, 3718-19 ("[C]ompliance with copyright registration procedures is a statutory prerequisite to the right of an author or other copyright proprietor to seek *any redress, whether by injunction, damages, or both*, for infringement of the work.") (emphasis added).

counterclaims, *even if the only relief sought is an injunction*." 2-7 Melville B. Nimmer & David

Nimmer, NIMMER ON COPYRIGHT § 7.16[B][1][a] (2012) (emphasis added). Plaintiffs'

discussion of NIMMER also distorts through omission the passage from NIMMER that it quotes, as

the restored, bolded text below reveals:

> Section 412 of the Copyright Act explicitly labels registration a
> "prerequisite to certain remedies for infringement," viz., the
> remedies of attorney's fees and statutory damages. The
> inescapable conclusion from that language is that registration is not
> a prerequisite to the imposition of unenumerated remedies, such as
> the equitable imposition of an injunction or seizure. **As a
> consequence, any court hearing a copyright action--*whether
> through submission of an appropriate registration certificate or
> under any of the various situations in which no such certificate is
> required*--may order remedies such as seizure or injunction as
> permitted by statute, *without reference to when the registration
> was filed,* or even whether the precise items seized or enjoined
> are covered by a registration certificate.**

2-7 NIMMER § 7.16[C][3] (emphases added).

**B.     Courts in This Circuit Uniformly Limit Injunctive Relief for Copyright
Infringement to Plaintiffs Who Have Proven Infringements as to Registered
Works**

In contending that "courts have recognized that Section 502 authorizes federal courts to

issue injunctions barring the infringement of unregistered works" (Pl. Opp. Br. 10), Plaintiffs

have confused two very different situations. To be sure, courts in this Circuit and elsewhere

have recognized that it may be appropriate to award to a prevailing plaintiff who has

demonstrated a pattern of infringement as to *registered works* injunctive relief that extends to,

*inter alia*, future, as-yet unregistered works to be created by the plaintiff. See, e.g., In re Literary

Works in Elec. Databases Copyright Litig., 509 F.3d 116, 123 (2d Cir. 2007) ("In re Literary

Works"), rev'd on other grounds sub nom. Muchnick, 130 S. Ct. 1237 (2010); Olan Mills, Inc. v.

Linn Photo Co., 23 F.3d 1345 (8th Cir. 1994). This is quite different from allowing pursuit of

liability and injunctive relief predicated *solely* on unregistered works, as plaintiffs advocate. See,

e.g., DRK Photo v. Houghton Mifflin Harcourt Publ'g Co., No. CV-09-8225-PCT-NVW, 2010

WL 1688767, at *1 (D. Ariz. Apr. 26, 2010) (dismissing claims for infringement of unregistered

works because they "cannot as a matter of law" be used to establish liability).

> This salient distinction was drawn by the Second Circuit in In re Literary Works.  There,

after noting that "we have never held that a district court may enjoin the infringement of

unregistered copyrights," the Second Circuit opined that the limited extent to which injunctive

relief might be available with respect to unregistered works arises in the circumstance where the

copyright owner has prevailed on claims involving registered works:

> [E]ven if injunctive relief against infringement of an unregistered
> copyright is available, that relief is properly limited to situations,
> as were found to exist in Olan Mills and Pacific and Southern Co.,
> where a defendant has engaged in a pattern of infringement of a
> plaintiff's registered copyrights and can be expected to continue to
> infringe new copyrighted material emanating in the future from the
> plaintiff.  That sort of prophylactic relief furthers the purposes of
> the Copyright Act generally and does not undermine the intended
> effect of section 411(a).

Id. at 123.  The court of appeals expressly declined to extend that principle to the unregistered

works of other parties, as plaintiffs urge the Court to do here.  Id.

> With one exception,[4] the cases on which plaintiffs rely merely illustrate the

uncontroversial principle that injunctions may be entered covering unregistered works where the

plaintiff established a pattern of infringement of its registered works.  See, e.g., Olan Mills, 23

F.3d at 1349; Tattoo Art, Inc. v. TAT Int'l, LLC, 794 F. Supp. 2d 634, 666-67 (E.D. Va. 2011);

---

[4] The only case plaintiffs cite that supports the proposition that a plaintiff has standing to seek
injunctive relief absent even an attempt to register the subject work, Criterion 508 Solutions, Inc.
v. Lockheed Martin Servs., 806 F. Supp. 2d 1078, 1106 (S.D. Iowa 2009) (cited in Pl. Opp. Br.
11), was wrongly decided, as leading commentators have noted.  Criterion 508 Solutions relied
on Walker Mfg., Inc. v. Hoffman, Inc., 220 F. Supp. 2d 1024 (N. D. Iowa 2002), which, as
copyright authority William Patry explains, "confused prior decisions … [and] is erroneously
decided."  William Patry, PATRY ON COPYRIGHT § 17.78 (2012).  Accord 2-7 NIMMER §
7.16[B][3][b][vi] n.282.

Interscope Recordings v. Tabor, Civil No. 08-03068, 2009 WL 708322, at *2 (W.D. Ark. Mar. 16, 2009) (default judgment).  Plaintiffs here, by contrast, ask the Court to award injunctive relief for many thousands of putative class members who have not registered copyrights on the basis that *different* works, owned by *different* parties, in a *different* subclass are registered.  The Court should decline this invitation to gut section 411.

### III.   THE DECLARATORY JUDGMENT ACT DOES NOT EXCUSE PLAINTIFFS' FAILURE TO REGISTER THE COPYRIGHTS ALLEGED TO BE IN ISSUE

Plaintiffs' contention that they can maintain a declaratory judgment action seeking a declaration of infringement even where suit is not authorized by the Copyright Act is equally misguided.  See Pl. Opp. Br. 16-18.  As a threshold matter, plaintiffs have not sued under the Declaratory Judgment Act; they have instead merely sought a declaration of infringement *as part of the relief* in an infringement action.  If what plaintiffs are seeking is simply a ruling on the merits rather than an actual declaratory judgment – as appears to be the case – the Court should oblige by holding that failure to register requires dismissal on the merits under Rule 12(b)(6).

Even were this a proper declaratory judgment action, plaintiffs' argument still would fail.  As a matter of statutory construction, a general statute such as the Declaratory Judgment Act does not override a more specific one such as the Copyright Act.  See, e.g., Morton v. Mancari, 417 U.S. 535, 550-51 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one . . . ."); Greene v. United States, 79 F.3d 1348, 1355 (2d Cir. 1996) ("When two statutes are in conflict, that statute which addresses the matter at issue in specific terms controls over a statute which addresses the issue in general terms, unless Congress has manifested a contrary aim.").

Moreover, the case law does not support the premise that section 411's registration requirements are somehow waived where "all" that a declarant seeks is an affirmative ruling that

his copyrights have been infringed.  To so hold would be to adopt an illusory distinction between "an action for any infringement," which plainly requires compliance with section 411 (see section 501(b)), and "an action for a declaration of infringement" which, according to plaintiffs, would not.  What the existing authority indicates, to the contrary, is that a declaratory judgment of *non-infringement* may be available to a party threatened with infringement without a pre-condition that the copyright owner first have registered the works in issue.

Both of the cases on which plaintiffs rely (see Pl. Opp. Br. 17-18) involved declaratory judgment actions commenced by potential defendants to copyright infringement actions in anticipation of affirmative copyright infringement suits by the copyright owners/declaratory judgment defendants.  See Telebrands Corp. v. Exceptional Prods., No. 11-CV-2252, 2011 WL 6029402, at *3 (D.N.J. Dec. 5, 2011); Sportsman's Warehouse, Inc. v. Fair, 576 F. Supp. 2d 1175, 1179-80 (D. Colo. 2008).  Further, Telebrands recognized that an affirmative action by a copyright owner would require registration to survive a motion to dismiss, and the work at issue in Sportsman's Warehouse was registered.  See Telebrands, 2011 WL 6029402, at *3 ("a party may not state a prima facie case of copyright infringement where the party does not hold a registered copyright in accordance with 17 U.S.C. § 411(a)"); Sportsman's Warehouse, Inc., 576 F. Supp. 2d at 1191.  Plaintiffs' *ipse dixit* assertion that if relief is available to a declaratory judgment plaintiff seeking a declaration of non-infringement in the absence of a copyright registration, it also must be available to a copyright owner seeking a declaration of infringement does not withstand scrutiny.  Tellingly, the only case they cite for this novel proposition involved a registered work.  See Davis v. The Gap, Inc., 246 F.3d 152, 156, 158 n.1 (2d Cir. 2001) (cited in Pl. Opp. Br. 18).[5]

---

[5] Plaintiffs' citation to NIMMER (Pl. Opp. Br. 16) is again wrenched out of context.  NIMMER's

## IV.    PLAINTIFFS' REQUEST FOR LEAVE TO REPLEAD SHOULD BE DENIED

Plaintiffs' alternate request for leave to replead should be denied as futile.  The premise of the request – that West's motion is directed primarily to whether Elan is an adequate class representative (see Pl. Opp. Br. 2, 24) – is erroneous.  The motion to dismiss is based on the failure of Elan and the Non-registered Subclass to comply with section 411, rendering their infringement claims deficient as a matter of law.  This defect cannot be cured by repleading to designate a new representative; the Non-registered Subclass is deficient *by definition*. Accordingly, the dismissal should be with prejudice.

### <u>CONCLUSION</u>

For the reasons explained above and in West's opening brief, the claims of the putative Non-registered Subclass and proposed class representative Kenneth Elan should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

WEIL,  GOTSHAL & MANGES LLP

By:    /s/ Benjamin E. Marks
      R. Bruce Rich (RR-0313)
      Benjamin E. Marks (BM-0796)
      Jonathan Bloom (JB-7966)
      John R. Gerba (JG-4947)
      767 Fifth Avenue
      New York, New York 10153
      (212) 310-8000
      benjamin.marks@weil.com

*Attorneys for Defendant West Publishing Corp.*

---

suggestion that a court may award declaratory relief as to unregistered copyrights referred to the setting, discussed above, in which an adjudication of liability has occurred with respect to registered works (or otherwise falling under one of section 411's exceptions).  See 2-7 NIMMER § 7.16[C][3] & n.500.