UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD L. WHITE, EDWARD L. WHITE, P.C., and KENNETH ELAN, on behalf of themselves and all others similarly situated<br><br>      Plaintiffs,<br><br>  v.<br><br>WEST PUBLISHING CORPORATION d/b/a "West," and REED ELSEVIER INC. d/b/a LexisNexis,<br><br>      Defendants. | ECF CASE<br><br>Civil Action No. 12-CV-1340 (JSR) |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
# DEFENDANT REED ELSEVIER INC.'S PARTIAL MOTION TO DISMISS

James E. Hough
Craig B. Whitney
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York  10104
Telephone:   (212) 468-8000
Facsimile:    (212) 468-7900
jhough@mofo.com
cwhitney@mofo.com

James F. McCabe (admitted *pro hac vice*)
Paul Goldstein (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Telephone:   (415) 268-7000
Facsimile:    (415) 268-7522
jmccabe@mofo.com
pgoldstein@mofo.com

*Attorneys for Defendant*
*LexisNexis, a div. of REED ELSEVIER INC.*

ny-1039057

-i-

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    REGISTRATION IS A REQUIREMENT FOR INJUNCTIVE RELIEF ................................................................................................................ 2

    II.    REGISTRATION IS A REQUIREMENT FOR DECLARATORY RELIEF ................................................................................................................ 6

    III.    LEAVE TO AMEND SHOULD BE DENIED ......................................... 9

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Criterion 508 Solutions, Inc. v. Lockheed Martin Servs., Inc.*,
   806 F. Supp. 2d 1078 (S.D. Iowa 2009) ................................................................. 5, 6

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23, 33-35 (2003) ................................................................................. 9

*Davis v. The Gap, Inc.*,
   246 F.3d 152, 156, 158-159 (2d Cir. 2001) ............................................................. 8

*DRK Photo v. Houghton Mifflin Harcourt Publ'g Co.*,
   No. CV-09-8225, 2010 U.S. Dist. LEXIS 40875, at *2-3 (D. Ariz. Apr. 26,
   2010) ........................................................................................................ 4

*Drum Major Music Entm't Inc. v. Young Money Entm't, LLC*,
   No. 11 Civ. 1980, 2012 U.S. Dist. LEXIS 17290, at *14 (S.D.N.Y. Feb. 7,
   2012) ........................................................................................................ 2

*Faulkner Press, L.L.C. v. Class Notes, L.L.C.*,
   No. 1:08-cv-49, 2009 U.S. Dist. LEXIS 61022, at *8 (N.D. Fla. Mar. 31,
   2009) ........................................................................................................ 3

*Healthcare Affiliated Servs., Inc. v. Lippany*,
   701 F. Supp. 1142, 1150 n.1 (W.D. Pa. 1988) ........................................................... 3

*In re Tamoxifen Citrate Antitrust Litig.*,
   466 F.3d 187, 220 (2d Cir. 2006) ........................................................................ 10

*Interscope Recordings v. Tabor*,
   No. 08-03068, 2009 U.S. Dist. LEXIS 25854, at *2-4 (W.D. Ark. Mar. 16, 2009) ..................... 5

*La Resolana Architects, PA v. Clay Realtors Angel Fire*,
   416 F.3d 1195, 1204 (10th Cir. 2005) ................................................................... 2

*Molinelli-Freytes v. Univ. of Puerto Rico*,
   727 F. Supp. 2d 60, 66 (D.P.R. 2010) ................................................................... 9

*Olan Mills Inc. v. Linn Photo Co.*,
   23 F.3d 1345, 1348-49 (8th Cir. 1994) ............................................................... 5, 6

*Pacific & Southern Co. v. Duncan*,
   744 F.2d 1490, 1494, 1499-1500 (11th Cir. 1984) ..................................................... 5

ny-1039057

*Reed Elsevier v. Muchnick*,
   130 S. Ct. 1237, 1241-43 & n.2- (2010) ............................................................................. 2, 8

*Rene Perez & Assocs., Inc. v. Almeida*,
   No. 96-1201, 1996 U.S. Dist. LEXIS 15143, at *13-14 (S.D. Fla. May 30, 1996) .................. 6

*S. Music Publ'g Co. v. C&C Films, Inc.*,
   171 F. Supp. 832, 833 (S.D.N.Y. 1959) ................................................................................... 8

*Sportsman's Warehouse, Inc. v. Fair*,
   576 F. Supp. 2d 1175, 1178 (D. Colo. 2008) ........................................................................... 7

*Tattoo Art, Inc. v. TAT Int'l, LLC*,
   794 F. Supp. 2d 634, 662-63 (E.D. Va. 2011) ......................................................................... 5

*Telebrands Corp. v. Exceptional Prods.*,
   No. 11-CV-2252 2011 U.S. Dist. LEXIS 139308, at *1 (D.N.J. Dec. 5, 2011) ....................... 7

*The Boyds Collection, Ltd. v. The Bearington Collection, Inc.*,
   360 F. Supp. 2d 655, 659 (M.D. Pa. 2005) .............................................................................. 3

*TVI, Inc. v. Infosoft Techs., Inc.*
   No. 4:06cv00697, 2006 U.S. Dist. LEXIS 71240, at *8 n.6 (E.D. Mo. Sept.
   26, 2006) ................................................................................................................................... 6

*Wilton v. Seven Falls Co.*,
   515 U.S. 277, 288 (1995) ......................................................................................................... 7

**STATUTES & RULES**

17 U.S.C. § 411(a) .......................................................................................................... *passim*

17 U.S.C. § 412 ........................................................................................................................ 4

17 U.S.C. § 502 ........................................................................................................................ 4

28 U.S.C. § 2201 ...................................................................................................................... 7

42 U.S.C. § 1983 ...................................................................................................................... 9

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 10

**OTHER AUTHORITIES**

2 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT
   § 7.16[B][1][a], [C][3] n.496 (Matthew Bender, Rev. Ed.) ................................................. 2, 4

S. Rep. No. 100-352, at 13 (1988) (*reprinted in* 1988 U.S.C.C.A.N. 3706, 3718-19) .................... 4

Defendant LexisNexis, a division of Reed Elsevier Inc. ("LexisNexis"),[1] submits this reply memorandum of law in further support of its motion to dismiss the claims of Plaintiff Kenneth Elan ("Elan") and the proposed subclass he seeks to represent.

## PRELIMINARY STATEMENT

Plaintiff Elan seeks to rewrite the Copyright Act. He concedes that neither he nor the class of owners of unregistered copyrights he seeks to represent can bring a claim for damages under the Copyright Act, but nevertheless asserts that he and the putative NOT REGISTERED subclass can maintain this action solely for injunctive and declaratory relief. In other words, he asks this Court to hold that section 411(a)'s registration requirement applies only to suits for damages, even though neither the plain language of section 411(a) nor its legislative history evidences such a limitation. There is no basis for such a radical revision of copyright law, either in the Copyright Act or anywhere else.

Section 411(a)'s registration requirement is straightforward: in order to bring an action for infringement under the Copyright Act, a plaintiff must register his or her copyrights. The Supreme Court recently examined this provision and confirmed registration as a precondition to filing a copyright infringement suit, with no exception made for plaintiffs seeking only injunctive or declaratory relief.

Enforcing this requirement is not inherently unfair, as Plaintiffs contend. Congress made copyright registration a statutory prerequisite to filing suit under the Copyright Act. If an owner of an unregistered copyright wants to sue, all he or she has to do is register the copyright. Having chosen not to do so, that individual cannot bring an action seeking any form of relief for copyright infringement.

---

[1] LexisNexis is incorrectly identified in the Complaint as Reed Elsevier, Inc. d/b/a LexisNexis.

ny-1039057

**ARGUMENT**

The Copyright Act requires a plaintiff bringing a civil action for infringement to register the works at issue, subject only to specified, limited exceptions not applicable here. The Act contains no exceptions to the registration requirement for class actions, injunctive relief or declaratory relief. Plaintiff Elan, while effectively conceding that neither he nor the proposed NOT REGISTERED subclass can bring a claim for damages, is nevertheless attempting to proceed on claims for injunctive and declaratory relief. As is clear from the plain language of the Copyright Act, its legislative history, its commentators, and nearly every case to have considered this issue, Elan and the putative subclass he seeks to represent cannot assert a claim for copyright infringement for unregistered works, regardless of what type of relief they seek.

**I.     REGISTRATION IS A REQUIREMENT FOR INJUNCTIVE RELIEF.**

The law is clear: a plaintiff bringing an action for copyright infringement must assert infringement of a registered copyright to obtain *any* type of relief. *See* 17 U.S.C. § 411(a); *Drum Major Music Entm't Inc. v. Young Money Entm't, LLC*, No. 11 Civ. 1980, 2012 U.S. Dist. LEXIS 17290, at *14 (S.D.N.Y. Feb. 7, 2012) ("copyright registration remains 'a condition . . . that plaintiffs ordinarily must satisfy *before* filing an infringement claim and invoking the Act's remedial provisions'") (quoting *Reed Elsevier Inc. v. Muchnick*, 130 S. Ct. 1237, 1242 (2010)) (emphasis in original); *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1204 (10th Cir. 2005) ("*Every remedy outlined in Title 17, including injunctions*, is conditioned upon a copyright owner having registered the copyright.") (emphasis added), *abrogated in part by Muchnick*, 130 S. Ct. at 1243 & n.2; 2 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT § 7.16[B][1][a] (Matthew Bender, Rev. Ed.) ("The Copyright Act provides that 'no civil

action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made'. . . . The Act's reference to an 'action for copyright infringement' extends to all such actions, including counterclaims, *even if the only relief sought is an injunction*.") (emphasis added).

Numerous courts have held that injunctive relief is only available to a plaintiff who has registered his or her copyright. *See, e.g., Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, No. 1:08-cv-49, 2009 U.S. Dist. LEXIS 61022, at *8 (N.D. Fla. Mar. 31, 2009) (dismissing claims based on unregistered copyrights, noting that injunctive relief is not available "as a stand-alone claim for infringement of an unregistered copyright"); *Healthcare Affiliated Servs., Inc. v. Lippany*, 701 F. Supp. 1142, 1150 n.1 (W.D. Pa. 1988) ("Registration of the copyright is required even if the only relief sought in the action is injunctive in nature."); *see also The Boyds Collection, Ltd. v. The Bearington Collection, Inc.*, 360 F. Supp. 2d 655, 659 (M.D. Pa. 2005) ("Once approved, a copyright registration permits its owner to enjoin others from marketing the subject design without permission.").

Some courts have allowed plaintiffs to seek an injunction for unregistered works only *after* establishing infringement of a registered work. In other words, registration provides the keys to the courthouse for a copyright infringement plaintiff. Once a plaintiff has proven infringement of a registered work, a court then has discretion to impart broad relief, potentially including injunctive relief for *that plaintiff's* related unregistered works. But every plaintiff seeking a copyright infringement judgment must come to court with at least one registered copyright. As one district court cogently stated:

> *Once infringement of a registered copyright has been established* . . . a court may grant injunctive relief to prevent future infringements of any of

> the plaintiff's copyrights, whether registered or unregistered. Therefore, while an unregistered work cannot provide a basis for court-determined liability, it can nevertheless be included within the scope of injunctive relief, if appropriate, once liability for infringing a registered copyright has been proved.

*DRK Photo v. Houghton Mifflin Harcourt Publ'g Co.*, No. CV-09-8225, 2010 U.S. Dist. LEXIS 40875, at *2-3 (D. Ariz. Apr. 26, 2010) (emphasis added) (citations omitted).

Elan's argument that section 502 of the Copyright Act permits a court to award injunctive relief to an unregistered copyright holder relies on a construction of section 502 that completely ignores its statutory context. The Copyright Act provides that, with certain exceptions not applicable here, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Section 411(a) makes no distinction between actions for injunctive relief and actions for damages. Section 502, in turn, merely provides that a court may grant injunctive relief as a remedy for an infringement violation. Nothing in that section implies that actions seeking injunctive relief are exempt from the registration requirement of section 411(a). The legislative history of the Copyright Act confirms this result: "As a result of Section 411(a), compliance with copyright registration procedures is a statutory prerequisite to the right of an author . . . to seek *any redress, whether by injunction, damages, or both*, for infringement of the work." S. Rep. No. 100-352, at 13 (1988) (emphasis added), *reprinted in* 1988 U.S.C.C.A.N. 3706, 3718-19. *See also* NIMMER ON COPYRIGHT § 7.16[C][3] n.496 ("[T]here is no validity to the notion that an action for injunctive relief alone can automatically proceed, even absent an application to register the copyright.").[2]

---

[2] Elan's argument that section 412 sets forth the only limitations on available remedies for unregistered works is a red herring. (Pls.' Opp'n Br. at 8-9.) Section 412 provides

Moreover, the cases Elan cites to support his argument involve courts enjoining infringement of unregistered works only after the plaintiffs satisfied section 411(a) by registering other works. *See Olan Mills Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1348-49 (8th Cir. 1994) (enjoining future infringement of unregistered works only after finding infringement of plaintiff's registered copyrights); *Pacific & Southern Co. v. Duncan*, 744 F.2d 1490, 1494, 1499-1500 (11th Cir. 1984) (same); *Interscope Recordings v. Tabor*, No. 08-03068, 2009 U.S. Dist. LEXIS 25854, at *2-4 (W.D. Ark. Mar. 16, 2009) (no discussion of registration, but awarding statutory damages, which are only available for infringement of registered copyrights); *Tattoo Art, Inc. v. TAT Int'l, LLC*, 794 F. Supp. 2d 634, 662-63 (E.D. Va. 2011) (enjoining infringement of unregistered works "in light of the fact that at least some of plaintiff's [works] were registered").

Under the rationale of these cases, a plaintiff need not register each future work and commence a new lawsuit to enjoin infringement of each work—thereby providing the solution to Elan's unfounded concerns about the "extraordinarily burdensome" registration requirement. (Pls.' Opp'n Br. at 13). *Every plaintiff* must still, however, register at least one work to seek injunctive relief. Elan and the members of the NOT REGISTERED subclass have not satisfied even that obligation here.

Elan cites only one case that allowed a claim seeking injunctive relief for infringement of solely unregistered copyrights to proceed—and that case was wrongly decided. The decision in *Criterion 508 Solutions, Inc. v. Lockheed Martin Servs., Inc.*, 806 F. Supp. 2d 1078 (S.D. Iowa 2009) relied on an earlier district court decision within

---

incentives for *timely* registration. It limits the remedies for infringement of works prior to their registration, barring statutory damages or attorneys' fees. A copyright holder must still register his or her copyright before bringing suit, pursuant to section 411.

the Eight Circuit that, like *Criterion*, overlooked the fact that *Olan Mills* approved an injunction regarding the plaintiff's unregistered works in a case where the plaintiff had registered some of the works in the suit.  Unsurprisingly, other courts have recognized that the reasoning of *Olan Mills* should be limited to the facts of that case.  *See*, *e.g.*, *TVI, Inc. v. Infosoft Techs., Inc.* No. 4:06cv00697, 2006 U.S. Dist. LEXIS 71240, at *8 n.6 (E.D. Mo. Sept. 29, 2006) (*Olan Mills* "only addresses the narrow issue of whether injunctive relief is available to protect a copyright holder's unregistered copyrights when the copyright holder is in court protecting its registered copyrights and has shown an existing threat of continued infringement"); *Rene Perez & Assocs., Inc. v. Almeida*, No. 96-1201, 1996 U.S. Dist. LEXIS 15143, at *13-14 (S.D. Fla. May 30, 1996) (recognizing same).

Injunctive relief is thus only available to a plaintiff who has registered his or her copyright.  The Copyright Act is clear on its registration requirement, and makes no exception for injunctive (or declaratory) relief.  No court in this circuit has allowed a plaintiff to seek injunctive relief without having a registered copyrighted work at issue, as Elan and the NOT REGISTERED subclass seek to do here.  Accordingly, the Court should dismiss Elan's claim for injunctive relief, as well as the claims of the proposed NOT REGISTERED subclass for the same relief.

## II.     REGISTRATION IS A REQUIREMENT FOR DECLARATORY RELIEF.

Elan similarly argues that unregistered copyright owners should be permitted to bypass the statutory registration requirements of the Copyright Act by styling a claim for declaratory relief under the Declaratory Judgment Act.[3]  In other words, even though the

---

[3] While Elan opposes dismissal by claiming that he seeks relief under the Declaratory Judgment Act, that argument misstates his Complaint.  The Complaint contains no

Copyright Act bars unregistered copyright owners from suing for infringement, Elan's interpretation would effectively mean that Congress intended a plaintiff to easily side-step this requirement by seeking only a declaration of copyright infringement. Not surprisingly, the law does not allow for such an absurd result.[4]

No reported case or other authority holds that a copyright owner may sue for a declaratory judgment of copyright infringement under the Declaratory Judgment Act when that same copyright owner is unable to sue for infringement under the Copyright Act. None of the cases cited by Elan supports such a result. Instead, those cases arise in the typical scenario of declaratory relief: where an *accused infringer* is seeking a declaratory judgment of *non-infringement*, so that the accused party can receive a declaration as to his or her rights without waiting for the copyright holder to file suit. *See*, *e.g.*, *Telebrands Corp. v. Exceptional Prods.*, No. 11-CV-2252, 2011 U.S. Dist. LEXIS 139308, at *1 (D.N.J. Dec. 5, 2011) (plaintiff suing for declaratory judgment of non-infringement); *Sportsman's Warehouse, Inc. v. Fair*, 576 F. Supp. 2d 1175, 1178 (D. Colo. 2008) (same).

What is more, the Declaratory Judgment Act is remedial in nature. *See* 28 U.S.C. § 2201 ("Creation of Remedy"); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)

---

reference to the Declaratory Judgment Act. Rather, the "Request for Declaratory Relief" in Count Three references only relief under the *Copyright Act*. (Compl. ¶¶ 47-49.) Relief under the Declaratory Judgment Act is predicated on "the filing of an appropriate pleading." 28 U.S.C. § 2201. This is not one.

[4] If Elan is correct, the Declaratory Judgment Act would effectively nullify every precondition contained in any piece of legislation. For example, an employment discrimination plaintiff could argue she does not have to satisfy the EEOC charge requirements of Title VII by suing instead for a declaration of discrimination; a prisoner could argue she does not have to exhaust state administrative remedies before suing in federal court under the Prison Litigation Reform Act by suing instead for a declaration of improper prison conditions; and so on.

("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."). As such, in an action for copyright infringement, the Declaratory Judgment Act simply provides an additional remedy to a plaintiff who has properly met the condition to bring the action in the first place—by registering a copyright. *See Davis v. The Gap, Inc.*, 246 F.3d 152, 156, 158-59 (2d Cir. 2001) (declaratory relief available in infringement action to plaintiff with registered copyright in infringement suit); *see also S. Music Publ'g Co. v. C&C Films, Inc.*, 171 F. Supp. 832, 833 (S.D.N.Y. 1959) ("The Courts have repeatedly held that an action to enjoin a threatened infringement of the rights of a copyright owner is one arising under the Copyright Law of the United States. *And the right may be enforced under the Declaratory Judgment Act.*") (emphasis added) (citations omitted).

To hold otherwise, as Elan asks this Court to do, would eviscerate section 411's registration requirement and make an end run around the carefully crafted legislative scheme of the Copyright Act. Elan's claim that he and the proposed NOT REGISTERED subclass "are entitled to a judgment declaring that . . . Defendants infringed and continue to infringe the named Plaintiffs' and the Class's copyrights in violation of the Copyright Act" (Compl. ¶ 49) necessarily requires a determination of infringement under the Copyright Act. As section 411(a) makes clear, and as recently confirmed by the Supreme Court, a "civil action for infringement" of the Copyright Act requires registration as a "precondition to filing a claim." 17 U.S.C. § 411(a); *Muchnick*, 130 S. Ct. at 1241.

ny-1039057                                              8

It would be unprecedented, not to mention improper, to permit Elan and the NOT REGISTERED subclass to proceed with claims under the Declaratory Judgment Act for declaratory judgment of copyright infringement for unregistered works, when such claims are prohibited under the Copyright Act. Sound principles of statutory interpretation and preemption preclude such a result. *See, e.g.*, *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33-35 (2003) (limiting the scope of the Lanham Act so as not to conflict with copyright law in a manner that would render certain copyright limitations superfluous, noting that "[a] statutory interpretation that renders another statute superfluous is of course to be avoided"); *Molinelli-Freytes v. Univ. of Puerto Rico*, 727 F. Supp. 2d 60, 66 (D.P.R. 2010) (finding that a claim under 42 U.S.C. § 1983 was preempted by the Copyright Act, noting in particular: "[A]s a suit for violation of due process rights under § 1983 has no such registration requirement, allowing a plaintiff who has not registered to proceed with a § 1983 claim for actions constituting copyright infringement would *nullify the registration requirement* . . . .") (emphasis added).

Elan and the NOT REGISTERED subclass cannot avoid the requirements of the Copyright Act simply by styling their claim as one for declaratory relief. Accordingly, the declaratory relief claims of Elan and the putative NOT REGISTERED subclass should be dismissed.

### III.    LEAVE TO AMEND SHOULD BE DENIED.

The Court should deny Plaintiffs' request for leave to amend as futile. Section 411(a) requires purported plaintiffs to register their works before seeking relief under the Copyright Act. Amending the Complaint to substitute Plaintiff White or another registered copyright owner as a proposed representative of the NOT REGISTERED

subclass cannot cure the failure of the purported unregistered plaintiffs to meet the registration precondition for bringing a suit for copyright infringement.  The Court should therefore dismiss the claims of Elan and the purported NOT REGISTERED subclass without leave to amend.  *See*, *e.g.*, *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("A district court has broad discretion to decide whether to grant leave to amend . . . .  Furthermore, where amendment would be futile, denial of leave to amend is proper.") (citations omitted).

## CONCLUSION

For the reasons set forth above and in LexisNexis's opening brief, LexisNexis respectfully requests that the claims of Plaintiff Elan be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), along with the claims of the proposed NOT REGISTERED subclass.

Dated:  May 7, 2012

MORRISON & FOERSTER LLP

/s/ James E. Hough
James E. Hough
Craig B. Whitney
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
jhough@mofo.com
cwhitney@mofo.com

James F. McCabe (admitted *pro hac vice*)
Paul Goldstein (admitted *pro hac vice*)
425 Market Street
San Francisco, California  94105
Telephone:   (415) 268-7000
Facsimile:    (415) 268-7522
jmccabe@mofo.com
pgoldstein@mofo.com

*Attorneys for Defendant*
*LexisNexis, a div. of REED ELSEVIER INC.*