C5GZWHIM                         Motion

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  EDWARD WHITE,

4              Plaintiff,

5         v.                              12 CV 1340 (JSR)

6  WEST PUBLISHING,

7              Defendants.

8  ------------------------------x

9                                    May 16, 2012
                                     4:10 p.m.
10
   Before:
11
                  HON. JED S. RAKOFF,
12
                                     District Judge
13
                        APPEARANCES
14
   GREGORY A. BLUE
15      Attorney for Plaintiff

16 BRAGAR, WEXLER, EAGEL LLC
        Attorneys for Plaintiff
17 BY:  RAYMOND A. BRAGAR

18 WEIL, GOTSHAL & MANGES LLP
        Attorneys for Defendant West Publishing
19 BY:  BRUCE RICH
        BENJAMIN MARKS
20
   MORRISON & FOERSTER LLP
21      Attorneys for Defendant Lexis Nexis
   BY:  JAMES E. HOUGH
22      JAMES McCABE
        CRAIG B. WHITNEY
23

24

25

                  SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

C5GZWHIM                         Motion

1              (Case called)

2              MR. BLUE:  Good afternoon, Greg Blue for the

3    plaintiffs.

4              MR. BRAGAR:  Good afternoon, your Honor, Raymond

5    Bragar also for plaintiffs.

6              THE COURT:  Good afternoon.

7              MR. RICH:  Good afternoon, your Honor, Bruce Rich from

8    Weil Gotshal for West Publishing.

9              THE COURT:  Good afternoon.

10             MR. MARKS:  Good afternoon, your Honor, Benjamin Marks

11   also of Weil Gotshal also for West Publishing.

12             THE COURT:  Good afternoon.

13             MR. HOUGH:  Good afternoon, your Honor, James Hough

14   from Morrison & Foerster for Lexis Nexis.

15             THE COURT:  Good afternoon.

16             MR. McCABE:  Good afternoon, your Honor, James McCabe

17   also from Morrison & Foerster, also for Lexis Nexis

18             THE COURT:  Good afternoon.

19             MR. WHITNEY:  Good afternoon, your Honor, Craig

20   Whitney, Morrison & Foerster for Lexis Nexis.

21             THE COURT:  Good afternoon.

22             Clearly counsel in this case are not strong believers

23   in gender diversity, but that's neither here nor there.

24             So we're here on the motion to dismiss the sub class

25   of attorneys of plaintiffs and prospective plaintiffs who have

C5GZWHIM                          Motion

1    not registered their copyrights, as opposed to other class of

2    those who have.

3         After reviewing the papers, I am, frankly, leaning

4    strongly towards granting the motion.

5         So let's start with plaintiff's counsel, because maybe

6    you can convince me otherwise.

7         MR. BLUE:  Thank you, your Honor.  Since you've

8    indicated your leaning in this, I'd be happy to take questions

9    from you to start off, but --

10        THE COURT:  Well, I mean the place obviously to start

11   is with 17 U.S.C. Section 411(a); "No civil action for

12   infringement of the copyright in any United States work shall

13   be instituted until preregistration or registration of the

14   copyright claim has been made in accordance with this title."

15   By definition, the sub class that's at issue here today have

16   not complied with that.  So how can they bring a civil action?

17        MR. BLUE:  Your Honor, obviously in our papers the

18   position we've taken is that Mr. Elan, who is not registered,

19   as well as the class that he represents, are entitled to two

20   forms of relief even without registration.  And that would be

21   an injunction and the declaratory judgment.

22        THE COURT:  Yes.  Now these, of course, are remedies.

23   They are not, themselves, a form of action.  But even assuming

24   they were, the statute is unequivocal; that compliance with

25   registration or preregistration is a precondition of filing a

C5GZWHIM                         Motion

1   claim.

2               MR. BLUE:  Your Honor --

3               THE COURT:  For example, in a case that you make

4   reference to, Reed Elsevier versus Muchnick, 130 S.Ct., Supreme

5   Court, 1237, a 2010 decision of the Supreme Court, the Supreme

6   Court held that, "A failure to meet that registration

7   requirement did not deprive a district court of subject matter

8   jurisdiction."

9               But, of course, the motion here is not to dismiss for

10  lack of jurisdiction.  It's a motion to dismiss for failure to

11  state a claim.  And as to that, Muchnick expressly stated that

12  compliance with Section 411 and 412 was a precondition of

13  filing a claim.

14              MR. BLUE:  Yes, your Honor.

15              Turning to section 502, the section that deals with

16  the remedies that you talked about, the injunction, I think

17  it's important that the section says that a court with

18  jurisdiction -- and this Court clearly has jurisdiction -- may

19  issue an injunction as it may deem reasonable to prevent or

20  restrain infringement of a copyright.

21              We have here an ideal situation where an injunction

22  would be necessary to prevent an infringement in the future.

23  As the complaint has alleged, both the defendants are engaged

24  in an ongoing course of business in which they copy these

25  materials and make them available for sale soon after they're

C5GZWHIM                      Motion

1   filed with the courts.

2          What Mr. Elan brings to the table here is a claim for

3   people whose works aren't even in existence yet.  They may be

4   getting drafted right now or around town and around the country

5   and to be filed next week and next month.  By definition, we

6   can't possibly have obtained a registration for those works

7   because they're not in existence yet.

8          THE COURT:  Well, the only case that I know of that

9   arguably would support that position is, which you cite, is

10  Olan Mills, Inc. versus Linn Photo Company, 23 F.3d, 1345, 8th

11  Circuit, 1994.

12          Now, putting aside the fact that that decision is

13  obviously not binding on this Court, it really stands for a

14  very different kind of proposition.  Where you have a defendant

15  who has consistently infringed a party's registered

16  copyrights --

17          MR. BLUE:  Yes, your Honor.

18          THE COURT:  -- an injunction can issue because there's

19  the risk of future, clearly demonstrated risk of future such

20  violations against the same defendant.  And I -- against the

21  same plaintiff -- I'm sorry -- and, therefore, a narrow

22  exception is carved out.  Because otherwise you'd have the sort

23  of absurd situation which they keep infringing the plaintiff's

24  registered copyrights, but every time they have a new copyright

25  at work, they have to bring a new cause of action rather than

C5GZWHIM                          Motion

1    getting an injunction.  That's not this situation, at all.  By

2    definition, your class has never registered their copyrights

3    and, therefore, it presents a totally different equitable

4    situation from that presented in a case like Olan.

5           MR. BLUE:  Well, what we do have here is a situation

6    where we have Mr. White, the first named plaintiff, who has

7    registered his copyright.

8           THE COURT:  Yes.  We're not dealing with that claim

9    today.  I don't think you can just willy-nilly glom your whole

10   huge class into a -- it would be a huge class of attorneys who

11   never registered their briefs.  I think that is likely to be

12   the vast majority of attorneys from time in memorial to the

13   present.  Because you've got the much smaller class,

14   represented by Mr. White, that have actually registered their

15   copyrights.  That's not -- that's, what is it, the camel's nose

16   under the tent or one some such cliche.  I don't think that

17   does it.

18           What else?

19           MR. BLUE:  Well, your Honor, if I could turn for a

20   moment to declaratory judgment action here.  And declaratory

21   judgment, as we've described in the brief, and professor said,

22   getting a declaratory judgment in this situation is not an

23   action for infringement at all.  What you're looking to do is

24   declare the parties' rights.  Now this isn't trying to make an

25   end run around and get damages for past infringements.  What

C5GZWHIM                    Motion

1    we're looking for is a declaratory judgment saying that what

2    the defendants are doing is unlawful.  Of course as your Honor

3    well knows, all of these works are protected by the copyright

4    law from the moment of their creation, and getting a

5    declaratory judgment isn't an action for infringement.

6              THE COURT:  This, of course, the logic of what you're

7    saying would mean that any time you had a requirement that

8    before you can bring a lawsuit in a case where there was an

9    actual potential controversy, you had to comply with some

10   statutory requirement.  Your logic would say, you could always

11   get around that by asking for a declaratory judgment.  That

12   makes no sense at all.  Declaratory judgment is a remedy that's

13   available when you have a valid cause of action and you can

14   bring, but there are reasons why it makes more sense to deal

15   with the controversy before it becomes fully and totally ripe.

16             In addition, the declaratory judgment is a highly

17   discretionary remedy that the court need not take cognizance

18   of.  So while I don't think you have a lawful basis for asking

19   for a declaratory judgment without compliance with the

20   requirements for filing a cause of action, I also think that

21   assuming arguendo you did, I would exercise my discretion to

22   deny it.

23             Anything else?

24             MR. BLUE:  Your Honor, as we asked for at the end of

25   your papers, it's our belief, and I understand your Honor's

C5GZWHIM                    Motion

1   comments about whether or not White could bring in the rest of

2   the class here, that White can go forward with his claims and

3   White can go forward with his claims as a registered member.

4   And then what we would want to do is address the scope of the

5   relief Mr. White could get, including an injunction and scope

6   of that relief, later on.  For that reason we would ask for the

7   Court's permission to amend the complaint to make White a

8   representative of the class.

9           THE COURT:  This would just undercut everything I've

10   just said, so that request is denied.

11           Well, you are a brave soul --

12           MR. BLUE:  Thank you, your Honor.

13           THE COURT:  -- to have made such a valiant stab at

14   what I think is a creative, but perhaps too creative attempt to

15   glom the unregistered folks onto the much more colorable claims

16   of the registered folks.

17           So, I will grant the motion and dismiss the claim so

18   far as the unregistered attorneys are concerned.

19           Anything else we need to take up today?

20           MR. BLUE:  I don't believe so, your Honor.

21           MR. RICH:  No, your Honor 33.

22           THE COURT:  Thanks very much.

23           (Adjourned)

24

25