R. Bruce Rich (RR-0313)
Benjamin E. Marks (BM-0796)
Jonathan Bloom (JB-7966)
John R. Gerba (JG-4947)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Defendant West Publishing Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

EDWARD L. WHITE; EDWARD L. WHITE, P.C.;
and KENNETH ELAN, on behalf of themselves and
all others similarly situated,

                      Plaintiffs,

                v.

WEST PUBLISHING CORPORATION d/b/a "West";
and REED ELSEVIER INC., d/b/a LexisNexis,

                    Defendants.

------------------------------------------------------------------x

12-CV-1340 (JSR)

**ANSWER OF DEFENDANT
WEST PUBLISHING
CORPORATION TO
PLAINTIFFS' CLASS ACTION
COMPLAINT**

**Filed Electronically**

       Defendant West Publishing Corporation ("West"), by its attorneys, Weil, Gotshal

& Manges LLP, for its Answer to the Class Action Complaint ("Complaint") of plaintiffs

Edward L. White, Edward L. White, P.C., and Kenneth Elan ("Plaintiffs") states, in accordance

with the Court's May 16, 2012 Order and Transcript granting West's motion to dismiss the

claims of Kenneth Elan and the putative "NR" subclass and denying plaintiffs' request for leave

to amend the Complaint (the "May 16 Order"), as follows:

       1.   West denies the allegations contained in paragraph 1 of the Complaint as they

relate to West, except admits that Plaintiffs have brought a copyright infringement action against

West and Reed Elsevier Inc. ("Lexis").  West Denies knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint as they relate to Lexis.

2.   West denies the allegations contained in paragraph 2 of the Complaint as they relate to West, except admits that West is one of the largest electronic legal research providers in the United States.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

3.   The allegations contained in Paragraph 3 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

4.   West denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that certain works purportedly authored by White appeared in West's electronic database.

5.   The allegations contained in paragraph 5 of the Complaint are no longer relevant to this lawsuit and no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

6.   West denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.   West admits the allegations contained in paragraph 7 of the Complaint.

8.   West admits the allegations contained in paragraph 8 of the Complaint.

9.   West admits the allegations contained in paragraph 9 of the Complaint.

10. West denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admits that West conducts business in this district.

11. The allegations contained in Paragraph 11 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations to the extent they relate to the claims of White and the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

12. The allegations contained in Paragraph 12 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations, except admits that Plaintiffs purported to bring this action on behalf of a putative class with a Registered subclass allegedly defined in paragraph 12 and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

13. The allegations contained in Paragraph 13 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations, except admits that Plaintiffs purported to bring this action on behalf of a putative class with the exclusions allegedly defined in paragraph 13 and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

14. The allegations contained in Paragraph 14 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations, except admits that Plaintiffs purported to bring this action on behalf of a putative class pursuant to Rule 23 of the Federal Rules of Civil Procedure and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

15. The allegations contained in Paragraph 15 of the Complaint call for legal conclusions to which no responsive pleasing is required.  To the extent a response is required, West denies knowledge or information sufficient to form a belief as to the truth of the allegations

with respect to the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

16. The allegations contained in Paragraph 16 of the Complaint and each of its subparts call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations, except admits that Plaintiffs purport to identify certain alleged common questions with respect to the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

17. The allegations contained in Paragraph 17 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations to the extent they relate to the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

18. The allegations contained in Paragraph 18 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies that Plaintiffs' interests do not conflict with the interests of the members of the putative class, denies knowledge or information sufficient to form a belief as to the truth of the other allegations to the extent they relate to the Registered subclass, and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

19. The allegations contained in Paragraph 19 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations to the extent they relate to the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

20. The allegations contained in Paragraph 20 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required,

West denies the allegations to the extent they relate to the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

21. West admits the allegations contained in paragraph 21 of the Complaint as they relate to West, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

22. West admits that it includes certain legal memoranda, briefs, and other materials written by attorneys and law firms and filed with courts of records, denies the remaining allegations contained in paragraph 22 of the Complaint as they relate to West, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

23. West denies the allegations contained in paragraph 23 of the Complaint as they relate to West, except admits that with respect to White and the Registered subclass, West's databases include certain materials that are text-searchable and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

24. To the extent the allegations contained in paragraph 24 of the Complaint relate to Elan and/or the NR subclass, no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  To the extent the allegations relate to White and/or the Registered subclass, West denies the allegations contained in paragraph 24 of the Complaint as they relate to West, except admits that West's subscribers generally pay fees for access to its databases.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

25. West denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. West denies the allegations contained in paragraph 26 of the Complaint, except admits that West has databases that contain selected briefs from U.S. Supreme Court, Court of Appeals, Court of Appeals for the Armed Services, U.S. Tax Court, fifty-one state courts and the District of Columbia.

27. To the extent the allegations contained in paragraph 27 of the Complaint relate to Elan and/or the NR subclass, no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  To the extent the allegations relate to White and/or the Registered subclass, West denies the allegations contained in paragraph 27 of the Complaint as they relate to West, except admits that West provides solo practitioners access to certain databases containing select state or federal briefs for a fee and to a product containing select state and federal briefs for a fee.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

28. The allegations contained in Paragraph 28 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West's actions in connection with the claims of White and/or the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

29. The allegations contained in Paragraph 29 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West's actions in connection with the claims of White and/or the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order

dismissing the claims of Elan and the NR subclass.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

30. The allegations contained in Paragraph 30 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West's actions in connection with the claims of White and/or the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

31. The allegations contained in Paragraph 31 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West, except admits that it holds certain copyright rights.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

32.  The allegations contained in Paragraph 32 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West's actions in connection with the claims of White and/or the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

**Answering Count One**

33. West hereby incorporates the responses set forth in paragraphs 1 through and including 32 above as if set forth fully herein.

34. The allegations contained in Paragraph 34 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required,

West denies the allegations as they relate to West's actions in connection with the claims of White and/or the Registered subclass, except admits that West has databases to which they sell access, and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

35. The allegations contained in Paragraph 35 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to White and/or the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.

36. The allegations contained in Paragraph 36 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West's actions in connection with the claims of White and/or the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

37. The allegations contained in Paragraph 37 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West's actions in connection with the claims of White and/or the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

38. The allegations contained in Paragraph 38 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required,

West denies the allegations as they relate to West's actions in connection with the claims of White and/or the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

39. The allegations contained in Paragraph 39 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West's actions in connection with the claims of White and/or the Registered subclass and otherwise refers Plaintiffs to the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

**<u>Answering Count Two</u>**

40. West hereby incorporates the responses set forth in paragraphs 1 through and including 39 above as if set forth fully herein.

41. To the extent the allegations contained in paragraph 41 of the Complaint relate to Elan and/or the NR subclass, no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  To the extent the allegations relate to White and/or the Registered subclass, West denies the allegations in paragraph 41 of the Complaint as they relate to West, except admits that West updates its databases on a continuing basis.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

42. The allegations contained in Paragraph 42 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent the allegations relate to Elan and/or the NR subclass, no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  To the extent a response is required with

respect to the allegations as they relate to White and/or the Registered subclass, West denies the allegations contained in Paragraph 42 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

43. The allegations contained in Paragraph 43 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent the allegations relate to Elan and/or the NR subclass, no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  To the extent a response is required with respect to the allegations as they relate to White and/or the Registered subclass, West denies the allegations contained in Paragraph 43 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

44. The allegations contained in Paragraph 44 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent the allegations relate to Elan and/or the NR subclass, no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  To the extent a response is required with respect to the allegations as they relate to White and/or the Registered subclass, West denies the allegations contained in Paragraph 44 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

45. The allegations contained in Paragraph 45 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent the allegations relate to Elan and/or the NR subclass, no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  To the extent a response is required with respect to the allegations as they relate to White and/or the Registered subclass, West denies the allegations contained in Paragraph 45 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

46. The allegations contained in Paragraph 46 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent the allegations relate to Elan and/or the NR subclass, no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  To the extent a response is required with respect to the allegations as they relate to White and/or the Registered subclass, West denies the allegations contained in Paragraph 46 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

**Answering Count Three**

47. West hereby incorporates the responses set forth in paragraphs 1 through and including 46 above as if set forth fully herein.

48. The allegations contained in Paragraph 48 of the Complaint call for legal conclusions to which no responsive pleading is required. To the extent the allegations relate to Elan and/or the NR subclass, no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  To the extent a response is required with respect to the allegations as they relate to White and/or the Registered subclass, West denies the allegations contained in Paragraph 48 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

49. The allegations contained in Paragraph 49 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent the allegations relate to Elan and/or the NR subclass, no response is required in light of the Court's May 16 Order dismissing the claims of Elan and the NR subclass.  To the extent a response is required with respect to the allegations as they relate to White and/or the Registered subclass, West denies the allegations contained in Paragraph 49 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden properly rests with Plaintiffs, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefore, West hereby asserts the following defenses to the claims asserted in the Complaint:

### First Affirmative Defense

50. The Complaint fails to state a claim upon which relief may be granted, including to the extent to which Plaintiffs do not hold valid copyright registrations for the copyrights alleged to have been infringed.

### Second Affirmative Defense

51. The Plaintiffs lack standing to assert the claims contained in the Complaint to the extent they have failed to demonstrate that they are owners of the copyrights alleged to have been infringed.

### Third Affirmative Defense

52. The relief sought by Plaintiffs is barred to the extent they claim rights to works not protected by copyright.

### Fourth Affirmative Defense

53. The relief sought by Plaintiffs is barred, in whole or in part, by the doctrine of fair use.

### Fifth Affirmative Defense

54. The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### Sixth Affirmative Defense

55. The relief sought by Plaintiffs is are barred, in whole or in part, by the doctrine of laches.

### Seventh Affirmative Defense

56. The relief sought by Plaintiffs is barred, in whole or in part, by the doctrine of unclean hands.

### Eighth Affirmative Defense

57. The relief sought by Plaintiffs is barred, in whole or in part, by the applicable statute of limitations.

### Ninth Affirmative Defense

58. The relief sought by Plaintiffs is barred to the extent any allegedly infringing acts were licensed or otherwise authorized.

### Tenth Affirmative Defense

59. The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have not been harmed by the allegedly infringing acts.

### Eleventh Affirmative Defense

60. Plaintiffs' prayer for statutory damages and attorneys' fees is barred to the extent that Plaintiffs have not complied with the registrations requirements of 17 U.S.C. § 412(2).

### Twelfth Affirmative Defense

61. The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

### Thirteenth Affirmative Defense

62. Plaintiffs' claims are not properly maintainable as a class action.

**Fourteenth Affirmative Defense**

63. The injunctive relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs and/or certain members of the putative class have available an adequate remedy at law.

**PRAYER FOR RELIEF**

For the reasons set forth above, West respectfully requests that the Court:

1.    Dismiss Plaintiffs' Complaint as to Defendant West in its entirety with prejudice;

2.    Enter judgment in favor of Defendant West and against Plaintiffs on each and every claim for relief set forth in the Complaint;

3.    Award attorneys' fees and costs in favor of Defendant West against Plaintiff as permitted by applicable law; and

4.    Award such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 30, 2012

By:   /s/ Benjamin E. Marks

R. Bruce Rich (RR-0313)
Benjamin E. Marks (BM-0796)
Jonathan Bloom (JB-7966)
John R. Gerba (JG-4947)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
benjamin.marks@weil.com

*Attorneys for Defendant West Publishing Corporation*

14