UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD L. WHITE, EDWARD L. WHITE, P.C., and KENNETH ELAN, on behalf of themselves and all others similarly situated<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>WEST PUBLISHING CORPORATION d/b/a "West," and REED ELSEVIER INC. d/b/a LexisNexis,<br><br>　　　　　　　Defendants. | ECF CASE<br><br>Civil Action No. 12-CV-1340 (JSR)<br><br>**ANSWER** |

　　　　Defendant LexisNexis, a div. of Reed Elsevier Inc. ("LexisNexis"), by its attorneys Morrison & Foerster LLP, answers the complaint of Plaintiffs Edward L. White and Edward L. White, P.C. (collectively, "White" or "Plaintiffs"),[1] dated February 22, 2012, in the above-captioned action (the "Complaint") as follows:

　　　　1.　　Denies the allegations in Paragraph 1 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint that pertain to Defendant West Publishing Corporation d/b/a "West" ("West"), except admits that Plaintiffs have filed an action against LexisNexis and West asserting a cause of action for copyright infringement.

　　　　2.　　Denies the allegations in Paragraph 2 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth

---

[1] On May 16, 2012, the Court granted LexisNexis's motion to dismiss "the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights." (Dkt. No. 31.) Accordingly, LexisNexis will answer the allegations of the Complaint only as they relate to the remaining Plaintiffs.

ny-1042749

of the allegations in Paragraph 2 of the Complaint that pertain to West, except admits that LexisNexis offers electronic, searchable content that can be used for legal research.

3. Avers that the allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, except admits that the two documents identified in Paragraph 4 of the Complaint have appeared on LexisNexis's service under the citations 2009 U.S. Dist. Ct. Motions LEXIS 79681 and 2010 U.S. Dist. Ct. Motions LEXIS 5166, respectively.

5. No response to allegations made by Plaintiff Elan is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

6. Admits the allegations of Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Avers that the allegations in Paragraph 8 of the Complaint are legal conclusions to which no response is required.

9. Avers that the allegations in Paragraph 9 of the Complaint are legal conclusions to which no response is required.

10. Avers that the allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required.

11. Avers that the allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required, but otherwise denies that the claims asserted by Plaintiff White and the putative class White seeks to represent meet the requirements for proceeding as a class action under Rule 23 of the Federal Rules of Civil Procedure.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

12. Avers that the allegations in Paragraph 12 of the Complaint are legal conclusions to which no response is required, but otherwise denies that the claims asserted by Plaintiff White and the putative class White seeks to represent meet the requirements for proceeding as a class action under Rule 23 of the Federal Rules of Civil Procedure.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

13. Avers that the allegations in Paragraph 13 of the Complaint are legal conclusions to which no response is required, but otherwise denies that the claims asserted by Plaintiff White and the putative class White seeks to represent meet the requirements for proceeding as a class action under Rule 23 of the Federal Rules of Civil Procedure.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to

dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

14. Avers that the allegations in Paragraph 14 of the Complaint are legal conclusions to which no response is required, but otherwise denies that the claims asserted by Plaintiff White and the putative class White seeks to represent meet the requirements for proceeding as a class action under Rule 23 of the Federal Rules of Civil Procedure.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

15. Avers that the allegations in Paragraph 15 of the Complaint are legal conclusions to which no response is required, but otherwise denies that the claims asserted by Plaintiff White and the putative class White seeks to represent meet the requirements for proceeding as a class action under Rule 23 of the Federal Rules of Civil Procedure.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

16. Avers that the allegations in Paragraph 16 of the Complaint are legal conclusions to which no response is required, but otherwise denies that the claims asserted by Plaintiff White and the putative class White seeks to represent meet the requirements for proceeding as a class action under Rule 23 of the Federal Rules of Civil Procedure.  No response to allegations made by Plaintiff Elan and the proposed Subclass

NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

17. Avers that the allegations in Paragraph 17 of the Complaint are legal conclusions to which no response is required, but otherwise denies that the claims asserted by Plaintiff White and the putative class White seeks to represent meet the requirements for proceeding as a class action under Rule 23 of the Federal Rules of Civil Procedure.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

18. Avers that the allegations in Paragraph 18 of the Complaint are legal conclusions to which no response is required, but otherwise denies that the claims asserted by Plaintiff White and the putative class White seeks to represent meet the requirements for proceeding as a class action under Rule 23 of the Federal Rules of Civil Procedure.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

19. Avers that the allegations in Paragraph 19 of the Complaint are legal conclusions to which no response is required, but otherwise denies that the claims asserted by Plaintiff White and the putative class White seeks to represent meet the requirements for proceeding as a class action under Rule 23 of the Federal Rules of Civil

Procedure.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

20. Avers that the allegations in Paragraph 20 of the Complaint are legal conclusions to which no response is required, but otherwise denies that the claims asserted by Plaintiff White and the putative class White seeks to represent meet the requirements for proceeding as a class action under Rule 23 of the Federal Rules of Civil Procedure.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

21. Admits the allegations in Paragraph 21 of the Complaint that pertain to LexisNexis, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint that pertain to West.

22. Denies the allegations in Paragraph 22 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint that pertain to West, except admits that LexisNexis includes legal memoranda, briefs, motions, and other materials authored by attorneys that have been filed with courts of record as part of the service offered to its customers.

23. Denies the allegations in Paragraph 23 of the Complaint that pertain to LexisNexis, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint that pertain to West, except

admits that the Works, as that term is defined in the Complaint, that appear on LexisNexis's service are text searchable and LexisNexis includes images of certain Works, as that term is defined in the Complaint, as part of its service.

24. Denies the allegations in Paragraph 24 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint that pertain to West, except admits that LexisNexis generally makes content available to its subscribers for a fee, either as part of a subscription or a per-document charge.

25. Admits that the statement alleged in Paragraph 25 of the Complaint, except for the term "database," is contained on the LexisNexis website, and avers that it is accessible at http://cert-support.lexisnexis.com/lexiscom/record.asp?ArticleID=lexiscom_finding_briefs&Print=1

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27. Denies the allegations in Paragraph 27 of the Complaint that pertain to LexisNexis, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint that pertain to West, and avers that LexisNexis's Briefs, Pleadings and Motions product is available to a single attorney at varying rates.

28. Denies the allegations in Paragraph 28 of the Complaint that pertain to LexisNexis, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint that pertain to West, and avers that, in

addition to LexisNexis's use of the Works, as that term is defined in the Complaint, being permitted as fair use, LexisNexis has an implied license to use the Works.

29.     Denies the allegations in Paragraph 29 of the Complaint that pertain to LexisNexis, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint that pertain to West, and avers that, in addition to LexisNexis's use of the Works, as that term is defined in the Complaint, being permitted as fair use, LexisNexis has an implied license to use the Works.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

30.     Denies the allegations in Paragraph 30 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint that pertain to West.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

31.     Avers that the allegations in Paragraph 31 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 31 of the Complaint that pertain to LexisNexis, except admits that LexisNexis holds certain copyright rights, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint that pertain to West.

32. Avers that the allegations in Paragraph 32 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 32 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint that pertain to West.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

33. LexisNexis repeats, reiterates, and realleges its responses to each of the allegations in the foregoing paragraphs as if set forth in full herein.

34. Avers that the allegations in Paragraph 34 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 34 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint that pertain to West.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

35. Avers that the allegations in Paragraph 35 of the Complaint are legal conclusions to which no response is required, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's

motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

36. Avers that the allegations in Paragraph 36 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 36 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint that pertain to West. No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

37. Avers that the allegations in Paragraph 37 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 37 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint that pertain to West. No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

38. Avers that the allegations in Paragraph 38 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 38 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint that pertain to West.

39. Avers that the allegations in Paragraph 39 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 39 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint that pertain to West.  No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

40. LexisNexis repeats, reiterates, and realleges its responses to each of the allegations in the foregoing paragraphs as if set forth in full herein.

41. Denies the allegations in Paragraph 41 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint that pertain to West, except admits that LexisNexis adds content to its service on an ongoing basis.

42. Avers that the allegations in Paragraph 42 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 42 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint that pertain to West.

43. Avers that the allegations in Paragraph 43 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 43 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of

the Complaint that pertain to West. No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

44. Avers that the allegations in Paragraph 44 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 44 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint that pertain to West.

45. Avers that the allegations in Paragraph 45 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 45 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint that pertain to West. No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

46. Avers that the allegations in Paragraph 46 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 46 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint that pertain to West. No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted

LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

47. LexisNexis repeats, reiterates, and realleges its responses to each of the allegations in the foregoing paragraphs as if set forth in full herein.

48. Avers that the allegations in Paragraph 48 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 48 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint that pertain to West. No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

49. Avers that the allegations in Paragraph 49 of the Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 49 of the Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint that pertain to West. No response to allegations made by Plaintiff Elan and the proposed Subclass NR is required because, on May 16, 2012, the Court granted LexisNexis's motion to dismiss the claims of Kenneth Elan and the purported subclass of plaintiffs who have not registered any copyrights.

**AFFIRMATIVE DEFENSES**

As and for its affirmative defenses, LexisNexis alleges as follows, without assuming any burden of pleading or proof that would otherwise rest with Plaintiffs, and

without waiving and hereby expressly reserving the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefore:

**FIRST AFFIRMATIVE DEFENSE**

50. The Complaint fails, in whole or in part, to state a claim against LexisNexis upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

51. LexisNexis has an implied license to use the Works, as that term is defined in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

52. LexisNexis's use of the Works, as that term is defined in the Complaint, is permitted as fair use under the Copyright Act.

**FOURTH AFFIRMATIVE DEFENSE**

53. LexisNexis's use of the Works, as that term is defined in the Complaint, is permitted pursuant to public policy.

**FIFTH AFFIRMATIVE DEFENSE**

54. The relief sought in the Complaint is barred to the extent that Plaintiffs are not the legal or beneficial owners of the copyrights in the Works, as that term is defined in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

55. The relief sought in the Complaint is barred, in whole or in part, by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

56. The relief sought in the Complaint is barred to the extent that the Works, as that term is defined in the Complaint, are not protected by copyright law.

### EIGHTH AFFIRMATIVE DEFENSE

57. The relief sought in the Complaint is barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

58. The relief sought in the Complaint is barred, in whole or in part, by the doctrines of waiver and/or equitable estoppel.

### TENTH AFFIRMATIVE DEFENSE

59. The relief sought in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

60. The relief sought in the Complaint is barred, in whole or in part, to the extent that LexisNexis's use of the Works, as that term is defined in the Complaint, was licensed or otherwise authorized.

### TWELFTH AFFIRMATIVE DEFENSE

61. The relief sought in the Complaint is barred, in whole or in part, because Plaintiffs have not suffered any damages or harm.

### THIRTEENTH AFFIRMATIVE DEFENSE

62. The relief sought in the Complaint is barred, in whole or in part, because Plaintiffs have failed to mitigate damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

63. The prayer for statutory damages and attorneys' fees is barred to the extent that the alleged copyrights do not meet the registration requirements of 17 U.S.C. § 412(2).

### FIFTEENTH AFFIRMATIVE DEFENSE

64. Plaintiffs' claims are not properly maintainable as a class action.

### SIXTEENTH AFFIRMATIVE DEFENSE

65. The injunctive relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, LexisNexis respectfully requests as follows:

A. That judgment be entered in favor of LexisNexis and against Plaintiffs;

B. That the Complaint be dismissed with prejudice;

C. That LexisNexis be awarded its costs of suit herein incurred;

D. That LexisNexis be awarded its expenses, including reasonable attorneys' fees; and

E. For such other and further relief as the Court may deem just and proper.

Dated:  May 30, 2012                           MORRISON & FOERSTER LLP

/s/ James E. Hough
James E. Hough
Craig B. Whitney
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
jhough@mofo.com
cwhitney@mofo.com

James F. McCabe (admitted *pro hac vice*)
Paul Goldstein (admitted *pro hac vice*)
425 Market Street
San Francisco, California  94105
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522
jmccabe@mofo.com
pgoldstein@mofo.com

*Attorneys for Defendant*
*LexisNexis, a div. of REED ELSEVIER INC.*