

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD L. WHITE, P.C.,

                Plaintiff,

v.

WEST PUBLISHING CORPORATION
d/b/a "West," and REED ELSEVIER INC.
d/b/a LexisNexis,

                Defendants.

ECF CASE

Civil Action No. 12-CV-1340 (JSR)

[PROPOSED] STIPULATED
PROTECTIVE ORDER

JED S. RAKOFF, U.S.D.J.

      The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

      ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

      1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Outside Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

ny-1040116

A.   "Confidential" Information

A person may designate as "Confidential" those materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, that are not publicly available and that the designating person in good faith believes contain information that is (a) confidential, commercially sensitive, competitive, or potentially invasive of an individual's privacy interests, (b) not generally known by the public or third parties, and (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the designating person would require such third parties to maintain the information in confidence.

B.   "Outside Attorneys' Eyes Only" Information

A person may designate as "Outside Attorneys' Eyes Only" only such Confidential materials, documents, or information as contain (a) highly sensitive information relating to research for and/or operation of proprietary services, (b) highly sensitive business information, (c) highly sensitive financial information or marketing plans and forecasts, customer lists, customer data, pricing data, or cost data, (d) other such documents, information, or materials that relate to proprietary information that the producing person reasonably believes is of such nature and character that the unauthorized disclosure of such information to persons other than those listed in Paragraph 5, below, could irreparably injure the producing person.

2.   With respect to the Confidential or Outside Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Outside Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or

"Outside Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Outside Attorneys' Eyes Only information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Alternatively, with respect to deposition transcripts and exhibits, no later than ten (10) business days following receipt of the transcript from the reporter, a producing person or that person's counsel may identify, by page and line number, testimony to be designated Confidential or Outside Attorneys' Eyes Only, in which case the transcript of the designated testimony shall be bound in a separate volume and be marked "Confidential Information Governed by Protective Order" by the reporter. Prior to the expiration of the ten-business day period, deposition transcripts and exhibits shall be treated as Outside Attorneys' Eyes Only information.

3. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Outside Attorneys' Eyes Only, that person may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Outside Attorneys' Eyes Only under the terms of this Order.

4. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Outside Attorneys' Eyes Only to any other person whomsoever, except to:

(a) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) stenographers engaged to transcribe depositions conducted in this action; and

(e) the Court and its support personnel.

6. Prior to any disclosure of any Confidential or Outside Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 4(d), 4(e), or 5(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential or Outside Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Outside Attorneys' Eyes Only Discovery Material shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of

this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Outside Attorneys' Eyes Only. The Court also retains discretion whether to afford confidential treatment to any document designated as Confidential or Outside Attorneys' Eyes Only, or information contained in any document designated as Confidential or Outside Attorneys' Eyes Only, submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential or Outside Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently

Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13.  Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14.  The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15.  The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16.  This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Outside Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: July 2, 2012

_____
Gregory A. Blue
GREGORY A. BLUE, P.C.
405 Lexington Avenue, Suite 2600
New York, New York 10174
Telephone: (646) 351-0006
Facsimile: (212) 208-6874
Email: blue@bluelegal.us

Raymond A. Bragar
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Ave., Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
Facsimile: (212) 208-2519
Email: bragar@bragarwexler.com
*Attorneys for Plaintiff*
*EDWARD L. WHITE, P.C.*

_____
R. Bruce Rich
Benjamin E. Marks
Jonathan Bloom
John R. Gerba
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
benjamin.marks@weil.com

*Attorneys for Defendant*
*WEST PUBLISHING CORP.*

_____
James E. Hough
Craig B. Whitney
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
jhough@mofo.com
cwhitney@mofo.com

James F. McCabe (admitted *pro hac vice*)
Paul Goldstein (admitted *pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
jmccabe@mofo.com
pgoldstein@mofo.com

*Attorneys for Defendant*
*LexisNexis, a div. of REED ELSEVIER INC.*

SO ORDERED.

7-3-12

_____
JED S. RAKOFF, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD L. WHITE, P.C.,<br><br>                    Plaintiff,<br><br>v.<br><br>WEST PUBLISHING CORPORATION d/b/a "West," and REED ELSEVIER INC. d/b/a LexisNexis,<br><br>                    Defendants. | ECF CASE<br><br>Civil Action No. 12-CV-1340 (JSR)<br><br>**Non-Disclosure Agreement** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Outside Attorneys' Eyes Only." I agree that I will not disclose such Confidential or Outside Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____  _____