R. Bruce Rich (RR-0313)
Benjamin E. Marks (BM-0796)
Jonathan Bloom (JB-7966)
John R. Gerba (JG-4947)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Defendant West Publishing Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EDWARD L. WHITE, P.C.,

               Plaintiff,

     v.

WEST PUBLISHING CORPORATION d/b/a "West";
and REED ELSEVIER INC., d/b/a LexisNexis,

              Defendants.
-------------------------------------------------------------------x

12-CV-1340 (JSR)

**ANSWER OF DEFENDANT WEST PUBLISHING CORPORATION TO PLAINTIFF'S AMENDED COMPLAINT**

**Filed Electronically**

      Defendant West Publishing Corporation ("West"), by its attorneys, Weil, Gotshal & Manges LLP, for its Answer to the Amended Complaint ("Complaint") of plaintiff Edward L. White, P.C. ("White" or "Plaintiff") states as follows:

      1. West denies the allegations contained in paragraph 1 of the Complaint as they relate to West, except admits that Plaintiff has brought a copyright infringement action against West and Reed Elsevier Inc. ("Lexis"). West denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint as they relate to Lexis.

      2. West denies the allegations contained in paragraph 2 of the Complaint as they relate to West except admits that West is one of the largest electronic legal research providers in

the United States.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

3.  The allegations contained in Paragraph 3 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

4.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint except admits that certain works purportedly authored by White appeared in West's electronic database.

5.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.  West admits the allegations contained in paragraph 6 of the Complaint.

7.  West admits the allegations contained in paragraph 7 of the Complaint.

8.  West admits the allegations contained in paragraph 8 of the Complaint.

9.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint except admits that West conducts business in this district.

10.  West admits the allegations contained in paragraph 10 of the Complaint as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

11.  West admits that it includes in its database certain legal memoranda, briefs, and other materials written by attorneys and law firms and filed with courts of record, denies the remaining allegations contained in paragraph 11 of the Complaint as they relate to West, and

denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

12. West denies the allegations contained in paragraph 12 of the Complaint as they relate to West except admits that West's databases include copies of certain materials that are text-searchable.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

13. West denies the allegations contained in paragraph 13 of the Complaint as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

14. West denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. West denies the allegations contained in paragraph 15 of the Complaint except admits that West has databases that contain selected briefs from U.S. Supreme Court, Courts of Appeals, Court of Appeals for the Armed Services, U.S. Tax Court, fifty-one state courts, and the District of Columbia and selected petitions for writ of certiorari.

16. West denies the allegations contained in paragraph 16 of the Complaint as they relate to West except admits that West provides solo practitioners access to certain databases containing select state or federal briefs for a fee and to a product containing select state and federal briefs for a fee.  West denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

17. The allegations contained in Paragraph 17 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

18. West denies the allegations contained in Paragraph 18 of the Complaint as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

19. The allegations contained in Paragraph 19 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

20. The allegations contained in Paragraph 20 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West, except admits that it holds certain copyright rights, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

21. The allegations contained in Paragraph 21 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

### Answering Count One

22. West hereby incorporates the responses set forth in paragraphs 1 through and including 21 above as if set forth fully herein.

23. The allegations contained in Paragraph 23 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis or to ownership of the Works.

24. The allegations contained in Paragraph 24 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies knowledge or information sufficient to form a belief as to the truth of the allegations.

25. The allegations contained in Paragraph 25 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

26. The allegations contained in Paragraph 26 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

27. The allegations contained in Paragraph 27 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

28. The allegations contained in Paragraph 28 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

## Answering Count Two

29. West hereby incorporates the responses set forth in paragraphs 1 through and including 28 above as if set forth fully herein.

30. West denies the allegations in paragraph 30 of the Complaint as they relate to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Lexis.

31. The allegations contained in Paragraph 31 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations contained in Paragraph 31 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

32. The allegations contained in Paragraph 32 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations contained in Paragraph 32 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

33. The allegations contained in Paragraph 33 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations contained in Paragraph 33 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

34. The allegations contained in Paragraph 34 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations contained in Paragraph 34 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

35. The allegations contained in Paragraph 35 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required,

West denies the allegations contained in Paragraph 35 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

## Answering Count Three

36. West hereby incorporates the responses set forth in paragraphs 1 through and including 35 above as if set forth fully herein.

37. The allegations contained in Paragraph 37 of the Complaint call for legal conclusions to which no responsive pleading is required. To the extent a response is required, West denies the allegations contained in Paragraph 37 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

38. The allegations contained in Paragraph 38 of the Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, West denies the allegations contained in Paragraph 38 as to West and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Lexis.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden properly rests with Plaintiff, and expressly reserving and not waiving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefor, West hereby asserts the following defenses to the claims asserted in the Complaint:

## First Affirmative Defense

39. The Complaint fails to state a claim upon which relief may be granted, including to the extent to which Plaintiff does not hold valid copyright registrations for the copyrights alleged to have been infringed.

**Second Affirmative Defense**

40. Plaintiff lacks standing to assert the claims contained in the Complaint to the extent it has failed to demonstrate that it is the owner of the copyrights alleged to have been infringed.

**Third Affirmative Defense**

41. The relief sought by Plaintiff is barred to the extent it claims rights to works not protected by copyright.

**Fourth Affirmative Defense**

42. The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of fair use.

**Fifth Affirmative Defense**

43. The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**Sixth Affirmative Defense**

44. The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of laches.

**Seventh Affirmative Defense**

45. The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of unclean hands.

**Eighth Affirmative Defense**

46. The relief sought by Plaintiff is barred, in part, by the applicable statute of limitations.

### Ninth Affirmative Defense

47. The relief sought by Plaintiff is barred to the extent any allegedly infringing acts were licensed or otherwise authorized.

### Tenth Affirmative Defense

48. The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has not been harmed by the allegedly infringing acts.

### Eleventh Affirmative Defense

49. Plaintiff's prayer for statutory damages and attorneys' fees is barred to the extent that Plaintiff has not complied with the registration requirements of 17 U.S.C. § 412(2).

### Twelfth Affirmative Defense

50. The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to take appropriate and necessary steps to mitigate its alleged damages, if any.

### Thirteenth Affirmative Defense

51. The injunctive relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has available an adequate remedy at law.

### PRAYER FOR RELIEF

For the reasons set forth above, West respectfully requests that the Court:

1. Dismiss Plaintiff's Complaint as to Defendant West in its entirety with prejudice;
2. Enter judgment in favor of Defendant West and against Plaintiff on each and every claim for relief set forth in the Complaint;
3. Award attorneys' fees and costs in favor of Defendant West against Plaintiff as permitted by applicable law; and
4. Award such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 10, 2012

By: /s/ Benjamin E. Marks

R. Bruce Rich (RR-0313)
Benjamin E. Marks (BM-0796)
Jonathan Bloom (JB-7966)
John R. Gerba (JG-4947)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
benjamin.marks@weil.com

*Attorneys for Defendant West Publishing Corporation*