UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD L. WHITE, P.C.,<br><br>                    Plaintiff,<br><br>         v.<br><br>WEST PUBLISHING CORPORATION d/b/a "West," and REED ELSEVIER INC. d/b/a LexisNexis,<br><br><br>                    Defendants. | ECF CASE<br><br><br><br>Civil Action No. 12-CV-1340 (JSR) |

# DECLARATION OF DAVID BLACKBURN IN SUPPORT OF DEFENDANTS REED ELSEVIER INC.'S AND WEST PUBLISHING CORPORATION'S MOTIONS FOR SUMMARY JUDGMENT

I, David Blackburn, pursuant to 28 U.S.C. § 1746, hereby declare:

1.     I submit this declaration in support of Defendant Reed Elsevier Inc.'s ("Lexis") and Defendant West Publishing Corporation's ("West") summary judgment motions. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify about the matters stated herein.

2.     I am an applied microeconomist and Vice President of NERA Economic Consulting ("NERA"), an economic consulting firm. I hold a B.Sc. in Applied Mathematics and Economics from Brown University and a M.A. and Ph.D. in Economics from Harvard University. I have taught economics courses at the graduate and undergraduate level at several institutions. I have written and spoken publicly on a variety of economic issues, including issues related to copyright infringement. At NERA, my practice has focused on the economics of intellectual property, antitrust economics, and calculating economic damages in commercial disputes. My curriculum vitae is attached as Attachment 1 to my expert report, dated September

ny-1060114

10, 2012 (the "Blackburn Report"), a true and correct copy of which is attached as Exhibit A hereto.

3. If called upon as a witness, I could and would competently testify regarding the conclusions set forth in my report. The purpose of the report was to analyze economic factors relevant to the alleged use by Lexis and West of the two works at issue—"Plaintiffs' Combined Motion for Summary Judgment For Plaintiffs, Beer and Ramsey, And Brief In Support," filed on May 20, 2009, and "Plaintiffs' Motion In Limine," filed on March 15, 2010 (together, "Plaintiff's works")—and any effect of the alleged use on the actual or potential market for, or value of, the works.

4. As set forth in my report, I determined that use of the Plaintiff's works by Lexis and West has had no effect on the value of the works and does not harm any potential market for them. (Blackburn Report ¶¶ 14, 24.)

5. The Lexis and West products in question—databases that include enhanced versions of legal documents—are distinct products that do not compete with or supersede the Plaintiff's works. (Blackburn Report ¶¶ 12-14.)

6. Use of the Plaintiff's works by Lexis and West does not appear to have had any negative effect on the creation or quality of such works or similar works or on the market for legal services in general, which is the primary market for which court filings such as Plaintiff's works are created. (Blackburn Report ¶¶ 14, 24.)

7. Lexis and West customers do not purchase the Lexis and West products to gain access to any particular legal document, including the Plaintiff's works. There is a lack of customer demand for the Plaintiff's works and for individual attorney-authored legal documents in general. Rather, customer demand exists for the databases themselves and for the features of those databases, including the volume of the legal documents and the enhancements made to them. (Blackburn Report ¶¶ 15-18, 22.)

8. I am not aware of any secondary market in which attorneys can sell or license briefs or other legal documents, nor any record evidence that such a market is likely to exist,

other than the demand for the enhanced legal documents integrated into Lexis's and West's searchable databases. (Blackburn Report ¶¶ 19-24.) By enhancing Plaintiff's works and integrating them into their searchable databases, Lexis and West have created a market for the works that would not otherwise exist. (Blackburn Report ¶¶ 19-24.)

9. If licenses were required to include legal documents in the Lexis and West products, the cost of identifying, locating, and negotiating with thousands of different authors to acquire the necessary rights would far exceed the cost of acquiring the documents through PACER or other means. These prohibitive transaction costs and the fact that users rarely access most of the legal documents in the Lexis and West products make it highly unlikely that Lexis and West would license legal documents directly from authors. (Blackburn Report ¶¶ 22-23.)

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 5, 2012 in Washington, D.C.

David Blackburn, Ph.D.