UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

EDWARD L. WHITE, P.C.,

                      Plaintiff,                        12 Civ. 1340 (JSR)
                                                                ECF Case

      v.

WEST PUBLISHING CORPORATION d/b/a West;      **DECLARATION OF**
and REED ELSEVIER, INC. d/b/a LexisNexis,            **TOM LEIGHTON IN**
                                                                      **SUPPORT OF**
                                                                        **DEFENDANT WEST**
                                                                        **PUBLISHING**
                                                                        **CORPORATION'S**
                                                                        **MOTION FOR**
                                                                        **SUMMARY**
                                                                        **JUDGMENT**

                      Defendants.

------------------------------------------------------------------------x

       I, Tom Leighton, declare under penalty of perjury as follows:

            1.       I am the Vice President of Content Acquisition for Thomson Reuters Legal. I have held that position since 2002. Thomson Reuters is the parent company of West Publishing Corporation ("West"). I am responsible for overseeing a team that acquires court, legislative, and agency information from state and federal entities around the country. I have personal knowledge of the facts and circumstances stated herein.

            2.       I respectfully submit this Declaration in support of West's summary judgment motion.

**The Litigator™ Product**

            3.       As part of its Westlaw electronic legal research service, West offers the Westlaw Litigator™ ("Litigator") family of products. Litigator services assist users with a wide

range of tasks, including retrieving and comparing jury instructions and verdicts; investigating property records; conducting research on opposing counsel, judges, and potential expert witnesses; reviewing court dockets; and preparing checklists for depositions and interrogatories. Litigator also includes an extensive collection of pleadings, motions, and briefs filed with the courts and available to the public. Authorized subscribers can use these documents for numerous useful purposes, including to understand the factual and legal issues involved in particular cases as well as to discern whether and, if so, how legal arguments that may be of relevance in their own personal or professional activities and engagements have been presented. This access improves the public's knowledge of the legal system and the law, advances legal scholarship, enhances the quality of legal advocacy, and makes practicing law more efficient.

4. West began acquiring briefs to include in its Litigator system in 2003. Currently there are approximately 11 million documents hosted in the various databases that make up Litigator, millions of which are briefs, motions and other documents filed by attorneys on behalf of their clients. Documents are collected by West in a variety of ways, including from court clerk's offices in hardcopy form and through a standard PACER (Public Access to Court Electronic Records) account.

5. West is not, and does not endeavor to be, comprehensive in acquiring documents to include in Litigator. Appellate filings generally are included, while trial court documents are incorporated more selectively because of the much larger universe of available documents.

6. Once acquired, either through an electronic source like PACER or from a court clerk's office, West enhances the documents in several ways that are essential to making them useful to West subscribers and designed to facilitate subscribers accessing the information

they contain. First, they are processed, typically by a vendor, into a searchable-text form. Hardcopy documents are first scanned or photocopied; all documents are then run through an optical character recognition (OCR) program that creates a text-searchable version of the scanned or photocopied document or downloaded PDF file. If the OCR program is unable to read the document if, for example, the quality of the scan or photocopy is poor, the content is entered manually. The text-searchable versions of the documents are then saved in a West proprietary format to make them compatible with West's electronic research system.

7. West employees or vendors also code each file in a manner that enables a number of key features of the Litigator system. One such feature is the ability of subscribers to sort and pull up documents by jurisdiction or area of law. Another is linking the document to other documents from the same case or to documents in similar cases. The linking also makes any authority cited in a brief (that is otherwise available through West's legal research service) instantly accessible to subscribers with one easy click. For example, a subscriber who wanted to read a court decision that was cited in a brief would simply click on the citation, and the decision would appear on the screen immediately. The coding also enables West's KeyCite system to inform users whether the citations used in the brief are still good law. West also creates a unique identifier that gets attached to each document loaded into Litigator, which allows the document to be easily located and cited.

8. In addition, for certain U.S. Supreme Court briefs, West adds headnotes to link to specific propositions and tie them into the broader West electronic research system to facilitate research on those points.

9. West also undertakes a multiple-step privacy review that checks for sensitive or private information such as Social Security numbers, financial account information,

or information identifying individuals in sensitive cases like sexual abuse cases. This information is redacted and screened out of any documents that might be uploaded to the Litigator system.

10. Another review checks for sealed or confidential materials that are attached to or included with any documents. These too are removed before anything is uploaded to the Litigator system.

11. To my knowledge, West has received only a few requests for the removal of documents from Litigator for any reason during the entire time it has offered the product. West's practice is to honor such requests without regard to the reason. In fact, far more attorneys have complained that their works are *not* included in Litigator and requested that they be added.

12. Once documents are loaded onto the Litigator system, some subscribers will see them included in lists of relevant search results as well as linked to the cases in which they were filed. Those subscribers then can access the documents in West's proprietary text file format. Once accessed, the proprietary file generally also contains a link to an archival PDF version of the document.

13. When West was first implementing the Litigator product, West maintenance of a PDF version was important to many courts, which viewed it as archival storage that provided an as-filed backup in case something happened to the court's files. In addition, the PDF version provides judges with remote access to an as-filed copy of briefs and alleviates some of the burden on judges of lugging voluminous stacks of paper when they want to work outside their chambers.

14. It is my belief that requiring West to secure permission from those who might assert a copyright interest in order to place documents on Litigator would effectively end

the usefulness of that product. The difficulty of correctly identifying rights holders who may have contributed or otherwise assert rights in a court filing and the potential transaction costs associated with having to secure permissions on a document-by-document basis would drastically increase the cost of offering the Litigator product. This would, in turn, make the product prohibitively expensive to West's subscribers.

**Plaintiff's Documents**

15. I understand that Edward L. White, P.C. ("White" or "Plaintiff") has alleged that West committed copyright infringement by including two of White's briefs in certain of its subscription databases. I understand that the two documents White claims were infringed by West are Plaintiffs' Combined Motion for Summary Judgment for Plaintiffs, Beer and Ramsey, and Brief in Support, dated May 20, 2009 ("Beer Summary Judgment Motion"), and Plaintiff's Motion in Limine, dated March 15, 2010 ("Beer Motion in Limine"), both of which were filed in the *Beer v. XTO Energy, Inc.* litigation.

16. Both the Beer Summary Judgment Motion and Beer Motion in Limine were obtained by West via PACER.

17. The Beer Summary Judgment Motion was loaded into the Litigator system on July 11, 2009. It was accessed a total of five times, on the following dates: (i) July 17, 2009; (ii) November 7, 2011; (iii) November 28, 2011; (iv) February 25, 2012; and (v) March 6, 2012.

18. The Beer Motion in Limine was loaded onto the Litigator system on May 2, 2010. It was accessed a total of seven times, on the following dates: (i) September 21, 2010; (ii) September 29, 2010; (iii) December 19, 2010; (iv) November 28, 2011; (v) November 30, 2011; (vi) March 1, 2012; and (vii) March 5, 2012.

19. As a courtesy to White, and consistent with its overall practice where a request to take material down has been made, all versions of both the Beer Summary Judgment Motion and the Beer Motion in Limine were removed from Westlaw by March 7, 2012, at the latest.

I declare under penalty of perjury that I have reviewed this document and that the foregoing facts are true and correct. This declaration was executed on the 4th day of October, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Tom Leighton
　　　　　　　　　　　　　　　　　　　　　　　　　Tom Leighton

**Certificate of Acknowledgement**

State of Minnesota
County of Dakota

On _Oct. 4, 2012_, before me, Alicia A. DeGross, personally
    (date)                                                      (notary)
appeared _Thomas Leighton_,
              (signers)

☒ personally known to me – OR –

☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument

                                             **WITNESS my hand and official seal**

_Alicia A. DeGross_ (signature)

(seal)                                          (notary signature)



ALICIA A. DEGROSS
Notary Public
State of Minnesota
My Commission Expires
January 31, 2015