R. Bruce Rich
Benjamin E. Marks
Jonathan Bloom
John R. Gerba
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Defendant West Publishing Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EDWARD L. WHITE, P.C.,

                         Plaintiff,                                 12 Civ. 1340 (JSR)
                                                                        **Filed Electronically**

                         v.

WEST PUBLISHING CORPORATION d/b/a West;
and REED ELSEVIER, INC. d/b/a LexisNexis,

                        Defendants.
-------------------------------------------------------------------x

**DEFENDANT WEST PUBLISHING CORPORATION'S STATEMENT OF
UNCONTESTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

        Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendant West Publishing Corporation ("West") respectfully submits the following statement of material facts as to which there is no genuine issue to be tried in support of its motion for summary judgment against Plaintiff Edward L. White, P.C. ("White" or "Plaintiff").

**THE PARTIES**

        1.     White is an Oklahoma professional corporation providing legal services. See Am. Compl. ¶ 4, ECF No. 37. Edward L. White ("Mr. White") is the sole owner and

principal of Plaintiff Edward L. White, P.C.  See Transcript of the August 30, 2012 Deposition of Edward L. White ("White Dep.") 14:16-18.[1]

2.  Defendant West is a publishing company that, among other things, operates an electronic legal research service known as Westlaw.  See Declaration of Tom Leighton, dated Oct. 4, 2012 ("Leighton Decl."), ¶¶ 1, 3.

**WESTLAW LITIGATOR™**

3.  West's Litigator™ family of products includes many different tools and documents to assist users with a wide range of tasks, including retrieving and comparing jury instructions and verdicts; investigating property records; conducting research on opposing counsel, judges, and potential expert witnesses; reviewing court dockets; and preparing checklists for depositions and interrogatories.  Leighton Decl. ¶ 3.

4.  Litigator™ also includes an extensive body of pleadings, motions, and briefs filed with state and federal courts and available to the public.  Id.

5.  West first started acquiring documents for Litigator™ in 2003.  Id. at ¶ 4. Litigator™ now includes approximately 11 million documents, millions of which are briefs, motions and other documents filed by attorneys on behalf of their clients.  Id.

6.  West collects documents in several ways, including through a standard PACER (Public Access to Court Electronic Records) account and directly from the court clerk's office (in hard copy form).  See id.

7.  Due to the large number of trial documents that exist, West is not, and does not endeavor to be, comprehensive in acquiring documents for Litigator™.  See id. at ¶ 5.

---

[1] Excerpts from the White Dep. are attached as Exhibit C to the October 5, 2012 Declaration of John R. Gerba ("Gerba Decl."), which is submitted herewith.

8. When West chooses a document to include in Litigator™, it makes a number of enhancements to the document before uploading it onto the system. See id. at ¶ 6. These enhancements are designed to facilitate subscribers accessing the information the document contains, as well as related documents an cited authorities. See id. at ¶¶ 6-7.

9. First, the document is converted into a text-searchable electronic file and saved in a West proprietary format. See id. at ¶6. This allows the document to be incorporated into West's electronic research system. Id.

10. The file is coded in a manner that enables the key features of Litigator™, such as permitting users to find, sort, and retrieve documents by jurisdiction or area of law; linking the document to decisions or other filings in the same case or in similar cases, as well as to any authorities cited in the document; and activating West's KeyCite system for an instant indication of whether each cited authority remains good law. See id. at ¶ 7. West also creates a unique identified that gets attached to each document loaded into Litigator™, which allows the document to be easily located and cited. Id.

11. Before a document is loaded onto the Litigator™ system, it undergoes a multiple-step privacy review that identifies and redacts sensitive or private information, such as Social Security numbers, financial account information, and, in sensitive cases, such as those involving child abuse, identifying information. See id. at ¶ 9. Confidential or sealed material is likewise screened out. See id. at ¶ 10.

12. Since Litigator's™ inception, West has received very few requests for documents to be removed from Litigator™ for any reason. See id. at ¶ 11. As a matter of practice, West honors these requests. See id. Far more often, attorneys have complained that their works are *not* included and requested that they be added. See id.

13. Once an enhanced document has cleared all stages of West's review process and been loaded onto Litigator™, some subscribers will see it included in relevant search results and linked to both the case in which it was filed and to related cases or documents. See id. at ¶ 12. Those subscribers can access the enhanced document in West's proprietary file format. Id.

14. West generally also provides authorized Litigator™ subscribers who access a particular document with a link to a PDF of the as-filed version of the document, which serves as an archival copy for the benefit of courts and libraries as well as attorneys. See id. at ¶¶ 12-13.

15. West's subscribers with access to Litigator™ can use these documents for numerous useful purposes, including to understand the factual and legal issues involved in particular cases as well as to discern whether and, if so, how legal arguments that may be of relevance in their own personal or professional activities and engagements have been presented. Id. at ¶ 3. Affording such access serves to improve the public's knowledge of the law and our legal system, enhance the quality of legal advocacy, advance legal scholarship, and make the practice of law more efficient. Id.

**THE MOTIONS AT ISSUE**

16. Plaintiff purports to own copyrights in "Plaintiffs' Combined Motion For Summary Judgment for Plaintiffs, Beer and Ramsey, and Brief in Support" ("Beer Summary Judgment Motion") and "Plaintiffs' Motion in Limine" ("Beer Motion in Limine"), both filed in a case titled Beer v. XTO Energy, Inc. See Am. Compl. ¶ 4, ECF No. 37; White Dep. 55:19-56:5, 62:10-13.

17.     Beer was a class action for which White originally was appointed class counsel.  See White Dep. 79:14-20.

18.     White filed the Beer Summary Judgment Motion with the District Court for the Western District of Oklahoma on May 20, 2009.  See id. at 56:9-12.

19.     White filed the Beer Motion in Limine with the District Court for the Western District of Oklahoma on March 15, 2010.  See id. at 62:18-22.

20.     White filed both the Beer Summary Judgment Motion and the Beer Motion in Limine (collectively, the "Motions") using the PACER service provided by the federal judiciary.  See id. at 150:7-152:11.

21.     Other than filing copies of the Motions with the court and providing copies to its client and possibly an expert, neither White nor anyone acting on its behalf has made any other distribution of the Motions.  See id. at 63:7-64:5; Transcript of the September 6, 2012 Deposition of Martin S. High ("High Dep.") 63:19-64:12, 85:13-24;[2] Def. West Publ'g Corp.'s First Set of Requests for Admission to Pl. Edward L. White, P.C. ("West RFA"), Request No. 4 (admitted pursuant to Fed.R.Civ.P. 36(a)(3)) (Gerba Decl. Ex. E).

22.     On April 13, 2010, the Beer court removed White as class counsel and decertified the class.  See White Dep. 82:14-83:5; Beer v. XTO Energy, Inc., Case No. CIV-07-798-L, at 8-11 (W.D. Okla. Apr. 13, 2010) (Gerba Decl. Ex. J).

23.     Two new individuals then filed a motion to intervene as named plaintiffs in Beer with new class counsel.  See White Dep. 83:10-14.

24.     At this same time, White began contacting members of the formerly certified Beer class and offering to represent them on an individual basis.  See id. at 83:16-84:16.

---

[2] Excerpts from the High Dep. are attached as Exhibit D to the Gerba Decl.

25. Effective May 20, 2010 (Beer Summary Judgment Motion) and May 21, 2010 (Beer Motion in Limine), White registered copyrights in the Motions with the U.S. Copyright Office because Mr. White was concerned that newly proposed class counsel or other lawyers would use his work product from the Beer litigation in connection with representing the same former Beer class members that he was then seeking to represent individually. See id. at 84:17-85:12.

26. West obtained both the Beer Summary Judgment Motion and the Beer Motion in Limine from PACER. Leighton Decl. ¶ 16.

27. The Beer Summary Judgment Motion was loaded onto Litigator™ on July 11, 2009, and accessed a total of five times, on the following dates: (i) July 17, 2009; (ii) November 7, 2011; (iii) November 28, 2011; (iv) February 25, 2012; and (v) March 6, 2012. See Leighton Decl. ¶ 17.

28. The Beer Motion in Limine was loaded onto Litigator™ on May 2, 2010, and accessed a total of seven times, on the following dates: (i) September 21, 2010; (ii) September 29, 2010; (iii) December 19, 2010; (iv) November 28, 2011; (v) November 30, 2011; (vi) March 1, 2012; and (vii) March 5, 2012. See Leighton Decl. ¶ 18.

29. Prior to this litigation, White did not ask West to remove the Motions from Litigator™, nor did White have any communications with anyone at West concerning the Motions. See White Dep. 74:12-18, 78:3-79:7, 108:25-109:14, 175:9-13; West RFA, Request No. 1 (admitted pursuant to Fed.R.Civ.P. 36(a)(3)) (Gerba Decl. Ex. E).

30. As a courtesy to Mr. White, West removed all versions of both the Beer Summary Judgment Motion and the Beer Motion in Limine from Litigator™ shortly after this

lawsuit was commenced.  Leighton Decl. ¶ 19.  The documents were removed by no later than March 7, 2012.  Id.

## THE LACK OF A SECONDARY MARKET FOR THE MOTIONS OR HARM TO WHITE

31. No one has ever asked White for a license to use one of its registered works.  See White Dep. 78:22-79:3, 202:21-203:11; West RFA, Request No. 2 (admitted pursuant to Fed.R.Civ.P. 36(a)(3)) (Gerba Decl. Ex. E).

32. White has never offered anyone a license to use one of its registered works.  See White Dep. 79:4-7, 203:12-18; West RFA, Request No. 3 (admitted pursuant to Fed.R.Civ.P. 36(a)(3)) (Gerba Decl. Ex. E).

33. The fact that the Beer Summary Judgment Motion would be publicly available on PACER and could be copied from PACER by any member of the public without compensation to White did not affect Mr. White's decision to write the motion.  See White Dep. at 136:15-20.  The only reason Mr. White created the Beer Summary Judgment Motion was to advocate for his clients in that case.  See id. at 69:14-24, 202:12-16.

34. The fact that the Beer Motion in Limine would be publicly available on PACER and could be copied therefrom without compensation to White did not affect Mr. White's decision to write the motion.  See id. at 76:13-77:21.  The only reason Mr. White created the Beer Motion in Limine was to advocate for his clients in that case.  See id. at 76:13-77:21, 202:17-20.

35. A member of the public who wishes to obtain a copy of the Motions can obtain a copy from PACER or from the court where the briefs were filed.  See id. at 128:11-17, 130:9-18.

36. White receives no compensation when someone makes a copy of one of its registered works at the courthouse or through PACER.  See id. at 132:24-133:10.

37. White has never requested that any of its registered works be removed from PACER or from court files.  See id. at 178:6-11.

38. White has no objection to members of the public accessing or copying documents filed with courts via PACER or the court clerk's office.  See id. at 128:11-129:4, 164:19-165:19.

39. Mr. White has not lost any clients because the Motions were available on Litigator™.  See id. at 129:5-12.

40. Mr. White has no knowledge of other attorneys accessing his briefs through Westlaw.  See id. at 126:25-127:5.

41. Mr. White's incentives to author briefs will not be affected by the outcome of this case.  Even if White loses the case, Mr. White will continue to write and file briefs when doing so is in his clients' best interests, and he will continue to represent clients to the best of his ability.  See id. at 125:15-126:2.

42. Neither White's professional reputation nor its ability to represent its clients effectively has been compromised by the availability of some of its court filings on Westlaw.  See id. at 136:21-137:9.

Dated: October 5, 2012

                Respectfully submitted,

                WEIL, GOTSHAL & MANGES LLP

                By:   */s/ R. Bruce Rich*
                      R. Bruce Rich
                      Benjamin E. Marks
                      Jonathan Bloom
                      John R. Gerba
                      767 Fifth Avenue
                      New York, New York 10153
                      (212) 310-8000
                      benjamin.marks@weil.com

                *Attorneys for Defendant West Publishing Corp.*