UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD L. WHITE, P.C., <br><br> Plaintiff, <br><br> v. <br><br> WEST PUBLISHING CORPORATION d/b/a "West," and REED ELSEVIER INC. d/b/a LexisNexis, <br><br> Defendants. | ECF CASE <br><br> Civil Action No. 12-CV-1340 (JSR) <br><br> **DEFENDANT REED ELSEVIER INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant LexisNexis, a div. of Reed Elsevier Inc. ("LexisNexis"), by its attorneys Morrison & Foerster LLP, answers the amended complaint of Plaintiff Edward L. White, P.C. ("Plaintiff"), dated June 26, 2012, in the above-captioned action (the "Amended Complaint") as follows:

1.  Denies the allegations in Paragraph 1 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint that pertain to Defendant West Publishing Corporation d/b/a "West" ("West"), except admits that Plaintiff has filed an action against LexisNexis and West asserting a cause of action for copyright infringement.

2.  Denies the allegations in Paragraph 2 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint that pertain to West, except admits that LexisNexis offers electronic, searchable content that can be used for legal research.

ny-1049272

3. Avers that the allegations in Paragraph 3 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 3 of the Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint, except admits that the two documents identified in Paragraph 4 of the Amended Complaint have appeared on LexisNexis's service under the citations 2009 U.S. Dist. Ct. Motions LEXIS 79681 and 2010 U.S. Dist. Ct. Motions LEXIS 5166, respectively.

5. Admits the allegations of Paragraph 5 of the Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint.

7. Avers that the allegations in Paragraph 7 of the Amended Complaint are legal conclusions to which no response is required.

8. Avers that the allegations in Paragraph 8 of the Amended Complaint are legal conclusions to which no response is required.

9. Avers that the allegations in Paragraph 9 of the Amended Complaint are legal conclusions to which no response is required.

10. Admits the allegations in Paragraph 10 of the Amended Complaint that pertain to LexisNexis, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint that pertain to West.

11. Denies the allegations in Paragraph 11 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 11 of the Amended Complaint that pertain to West, except admits that LexisNexis includes legal memoranda, briefs, motions, and other materials authored by attorneys that have been filed with courts of record as part of the service offered to its customers.

12. Denies the allegations in Paragraph 12 of the Amended Complaint that pertain to LexisNexis, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint that pertain to West, except admits that content that appears on LexisNexis's service is text searchable and LexisNexis includes images of certain content as part of its service.

13. Denies the allegations in Paragraph 13 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint that pertain to West, except admits that LexisNexis generally makes content available to its subscribers for a fee, either as part of a subscription or a per-document charge.

14. Admits that the statement alleged in Paragraph 14 of the Amended Complaint, except for the term "database," is contained on the LexisNexis website, and avers that it is accessible at http://cert-support.lexisnexis.com/lexiscom/record.asp?ArticleID=lexiscom_finding_briefs&Print=1

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint.

16. Denies the allegations in Paragraph 16 of the Amended Complaint that pertain to LexisNexis, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint that pertain to

West, and avers that LexisNexis's Briefs, Pleadings and Motions product is available to a single attorney at varying rates.

17. Denies the allegations in Paragraph 17 of the Amended Complaint that pertain to LexisNexis, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint that pertain to West, and avers that, in addition to LexisNexis's use of the Works, as that term is defined in the Amended Complaint, being permitted as fair use, LexisNexis has an implied license to use the Works.

18. Denies the allegations in Paragraph 18 of the Amended Complaint that pertain to LexisNexis, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint that pertain to West.

19. Denies the allegations in Paragraph 19 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint that pertain to West.

20. Avers that the allegations in Paragraph 20 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 20 of the Amended Complaint that pertain to LexisNexis, except admits that LexisNexis holds certain copyright rights, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint that pertain to West.

21. Avers that the allegations in Paragraph 21 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 21 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint that pertain to West.

22. LexisNexis repeats, reiterates, and realleges its responses to each of the allegations in the foregoing paragraphs as if set forth in full herein.

23. Avers that the allegations in Paragraph 23 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 23 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Amended Complaint.

24. Avers that the allegations in Paragraph 24 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint.

25. Avers that the allegations in Paragraph 25 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 25 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint that pertain to West.

26. Avers that the allegations in Paragraph 26 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in

Paragraph 26 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint that pertain to West.

27. Avers that the allegations in Paragraph 27 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 27 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint that pertain to West.

28. Avers that the allegations in Paragraph 28 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 28 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint that pertain to West.

29. LexisNexis repeats, reiterates, and realleges its responses to each of the allegations in the foregoing paragraphs as if set forth in full herein.

30. Denies the allegations in Paragraph 30 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint that pertain to West.

31. Avers that the allegations in Paragraph 31 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 31 of the Amended Complaint that pertain to LexisNexis and denies

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint that pertain to West.

32. Avers that the allegations in Paragraph 32 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 32 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint that pertain to West.

33. Avers that the allegations in Paragraph 33 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 33 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint that pertain to West.

34. Avers that the allegations in Paragraph 34 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 34 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint that pertain to West.

35. Avers that the allegations in Paragraph 35 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 35 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint that pertain to West.

36. LexisNexis repeats, reiterates, and realleges its responses to each of the allegations in the foregoing paragraphs as if set forth in full herein.

37. Avers that the allegations in Paragraph 37 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 37 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint that pertain to West.

38. Avers that the allegations in Paragraph 38 of the Amended Complaint are legal conclusions to which no response is required, but otherwise denies the allegations in Paragraph 38 of the Amended Complaint that pertain to LexisNexis and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint that pertain to West.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, LexisNexis alleges as follows, without assuming any burden of pleading or proof that would otherwise rest with Plaintiff, and without waiving and hereby expressly reserving the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefore:

### FIRST AFFIRMATIVE DEFENSE

39. The Amended Complaint fails, in whole or in part, to state a claim against LexisNexis upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

40. LexisNexis has an implied license to use the Works, as that term is defined in the Amended Complaint.

**THIRD AFFIRMATIVE DEFENSE**

41. The relief sought in the Amended Complaint is barred by the doctrine of fair use.

**FOURTH AFFIRMATIVE DEFENSE**

42. LexisNexis's use of the Works, as that term is defined in the Amended Complaint, is permitted pursuant to public policy.

**FIFTH AFFIRMATIVE DEFENSE**

43. The relief sought in the Amended Complaint is barred to the extent that Plaintiff is not the legal or beneficial owner of the copyrights in the Works, as that term is defined in the Amended Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

44. The relief sought in the Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

45. The relief sought in the Amended Complaint is barred to the extent that the Works, as that term is defined in the Amended Complaint, are not protected by copyright law.

**EIGHTH AFFIRMATIVE DEFENSE**

46. The relief sought in the Amended Complaint is barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

47. The relief sought in the Amended Complaint is barred, in whole or in part, by the doctrines of waiver and/or equitable estoppel.

### TENTH AFFIRMATIVE DEFENSE

48. The relief sought in the Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

49. The relief sought in the Amended Complaint is barred, in whole or in part, to the extent that LexisNexis's use of the Works, as that term is defined in the Amended Complaint, was licensed or otherwise authorized.

### TWELFTH AFFIRMATIVE DEFENSE

50. The relief sought in the Amended Complaint is barred, in whole or in part, because Plaintiff has not suffered any damages or harm.

### THIRTEENTH AFFIRMATIVE DEFENSE

51. The relief sought in the Amended Complaint is barred, in whole or in part, because Plaintiff has failed to mitigate damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

52. The prayer for statutory damages and attorneys' fees is barred to the extent that the alleged copyrights do not meet the registration requirements of 17 U.S.C. § 412(2).

### FIFTEENTH AFFIRMATIVE DEFENSE

53. The injunctive relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has available an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, LexisNexis respectfully requests as follows:

A.  That judgment be entered in favor of LexisNexis and against Plaintiff;

B.  That the Amended Complaint be dismissed with prejudice;

C.  That LexisNexis be awarded its costs of suit herein incurred;

D.  That LexisNexis be awarded its expenses, including reasonable attorneys' fees; and

E.  For such other and further relief as the Court may deem just and proper.

Dated: July 13, 2012               MORRISON & FOERSTER LLP

/s/ James E. Hough
James E. Hough
Craig B. Whitney
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
jhough@mofo.com
cwhitney@mofo.com

James F. McCabe (admitted *pro hac vice*)
Paul Goldstein (admitted *pro hac vice*)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
jmccabe@mofo.com
pgoldstein@mofo.com

*Attorneys for Defendant*
*LexisNexis, a div. of REED ELSEVIER INC.*