UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
EDWARD L. WHITE, P.C.,

                        Plaintiff,                        12 Civ. 1340
                                                                   (JSR)
                                                                   ECF Case

       v.

WEST PUBLISHING CORPORATION d/b/a West;
and REED ELSEVIER, INC. d/b/a LexisNexis,

                        Defendants.
-----------------------------------------------------------------------x


**DEFENDANT WEST PUBLISHING CORPORATION'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSION**

        Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant West Publishing Corporation ("West"), by and through its undersigned attorneys, hereby responds and objects to Plaintiff's First Request for Admission, dated September 7, 2012 (the "Requests"), as set forth below.

        West hereby responds to the Requests subject to the General Objections and Specific Objections and Responses set forth herein without waiving and expressly preserving all such objections. West also expressly preserves: (a) any objections as to competence, relevance, materiality, privilege, and admissibility into evidence of any response to the Requests; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests or any response to the Requests; and (c) the right at any time to revise, correct, supplement, or clarify any of the responses or objections herein.

## **GENERAL OBJECTIONS**

These general objections are hereby incorporated into each specific response as if fully set forth therein.  Any objection or lack of objection to any portion of a request is not to be deemed an admission.

1. West objects to the definitions and Requests to the extent Plaintiff seeks to impose on West any obligation different from or broader than that provided for, required by, or permitted by the Federal Rules, the Local Rules of Civil Procedure for the United States District Court for the Southern District of New York, Judge Rakoff's Individual Rules, and/or any rules, applicable case law, court orders, or agreements of the parties governing the proper scope, timing, and extent of discovery in this proceeding.

2. West objects to the definitions and Requests to the extent they are vague, ambiguous, duplicative, or confusing.

3. West objects to the definitions and Requests as overly broad and/or unduly burdensome to the extent they call for information that is not relevant to the issues in this case.

4. West objects to the definitions and Requests to the extent they purport to require the disclosure of information that: (1) was prepared for, or in anticipation of, litigation; (2) constitutes attorney work product; (3) contains confidential attorney-client communications; or (4) is otherwise protected or subject to exemption from disclosure by any statute, rule, regulation, common law or other principle, or any other basis recognized under applicable law.

5. West objects to the definitions and Requests to the extent they purport to require information beyond West's possession, custody, or control.

6. West objects to the definitions and Requests to the extent they seek information that is already in Plaintiff's possession, custody, or control.

7.      West does not admit, adopt, or acquiesce in any characterization of, or assumption, either express or implied, underlying any allegation set forth in the Requests.

8.      The providing of information herein shall not be construed as an admission by West that any such information is relevant, material, or admissible for any purpose, including trial, in the above-captioned action, and West does not waive its right to object, on any ground, to the admissibility or use of the information provided.

9.      West, through its counsel, is willing to confer in good faith with Plaintiff concerning the Requests, or the objections and responses herein, to attempt to minimize or resolve any dispute.

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

The foregoing General Objections apply to each of the specific Requests and are hereby repeated and incorporated in each of West's specific responses and objections below.  In response to certain Requests, West may restate one or more of its General Objections for clarity or emphasis.  However, the lack of such specific references and/or the provision of the specific responses and objections stated below are not intended as, and shall not be deemed to be, a waiver, either in whole or in part, of any of the foregoing General Objections.  Subject to the General Objections, and without waiving them, West further responds and objects to each individual Request as follows:

**Request No. 1:**

Admit that Plaintiff is the Copyright Owner with respect to the Works.

**Response to Request No. 1:**

Denied.

**Request No. 2:**

    Admit that Plaintiff holds copyright registration certificates for each of the Works in the form attached hereto as Exhibit A.

**Response to Request No. 2:**

    In addition to the General Objections, West objects to this Request as vague and ambiguous because it refers to an Exhibit A that was not attached to the Requests.  Subject to and without waiving or otherwise limiting these specific objections, West denies this Request but admits that Plaintiff has produced registration certificates for the Works.

**Request No. 3:**

    Admit that the copyright registration certificates in the form attached hereto as Exhibit A are valid.

**Response to Request No. 3:**

    In addition to the General Objections, West objects to this request as vague and ambiguous because it refers to an Exhibit A that was not attached to the Requests.  Subject to and without waiving or otherwise limiting these specific objections, West denies this Request.

**Request No. 4:**

    Admit that You did not seek or obtain permission from the Plaintiff to reproduce the Works.

**Response to Request No. 4:**

    Subject to and without waiving or otherwise limiting the General Objections, West denies this Request but admits that it did not seek or obtain express permission from the Plaintiff to reproduce the Works.

**Request No. 5:**

    Admit that You did not seek or obtain permission from the Plaintiff to create a Derivative Work based upon the Works.

**Response to Request No. 5:**

    In addition to the General Objections, West objects to this Request to the extent it presumes that West created a Derivative Work. Subject to and without waiving or otherwise limiting these specific objections, West denies this Request but admits that it did not seek or obtain express permission from the Plaintiff to create a Derivative Work based upon the Works.

**Request No. 6:**

    Admit that You did not seek or obtain permission from the Plaintiff to distribute Copies of the Works.

**Response to Request No. 6:**

    In addition to the General Objections, West objects to this Request to the extent it presumes that West distributed Copies of the Works. Subject to and without waiving or otherwise limiting these specific objections, West denies this Request but admits that it did not seek or obtain express permission from the Plaintiff to distribute Copies of the Works.

**Request No. 7:**

    Admit that You did not seek or obtain an express license from the Plaintiff to use the Works in any fashion whatsoever.

**Response to Request No. 7:**

    Subject to and without waiving or otherwise limiting the General Objections, West admits this Request.

**Request No. 8:**

    Admit that, prior to the institution of this lawsuit, You had no communications with the Plaintiff, or anyone acting on the Plaintiff's behalf, concerning the grant of a license, whether express or implied, to authorize You to use the Works.

**Response to Request No. 8:**

    Subject to and without waiving or otherwise limiting the General Objections, West admits this Request.

**Request No. 9:**

    Admit that You do not now, nor have you at any time, owned or possessed with respect to the Works any of the exclusive rights afforded to a Copyright Owner under the Copyright Act.

**Response to Request No. 9:**

    In addition to and without waiving or otherwise limiting the General Objections, West objects to this Request as vague, ambiguous, and confusing and denies it on that basis.

**Request No. 10:**

    Admit that You made Copies of the Works by downloading or otherwise electronically transferring the Works, or versions of the Works, from the PACER and/or CM/ECF systems operated by the United States federal courts to Your own computer systems, or those operated by persons or entities acting on your behalf.

**Response to Request No. 10:**

    Subject to and without waiving or otherwise limiting the General Objections, West denies this Request but admits that it obtained the Works (excluding exhibits) from the PACER system.

**Request No. 11:**

    Admit that You made Copies of the Works by converting the Works into the electronic file format used by your electronic legal research databases.

6

**Response to Request No. 11:**

Subject to and without waiving or otherwise limiting the General Objections, West admits this Request.

**Request No. 12:**

Admit that, prior to the filing of the Complaint, You included electronic, text-searchable versions of the Works in Your electronic legal research databases that are available to subscribers.

**Response to Request No. 12:**

Subject to and without waiving or otherwise limiting the General Objections, West denies this Request but admits that, prior to the filing of the Complaint, it included, for a limited amount of time, electronic, text-searchable versions of the Works (excluding exhibits) in certain of its electronic legal research databases that are available to certain subscribers.

**Request No. 13:**

Admit that You included electronic image versions of the Works, in PDF or similar form, in Your electronic legal research databases that are available to subscribers.

**Response to Request No. 13:**

Subject to and without waiving or otherwise limiting the General Objections, West denies this Request but admits that for a limited time electronic image versions of the Works (excluding exhibits), in PDF form as filed on PACER, were linked to the electronic, text-searchable versions of the Works that were in certain of its electronic legal research databases that are available to certain subscribers.

**Request No. 14:**

Admit that subscribers to your electronic legal research databases viewed, downloaded, or otherwise accessed Copies of the Works in your electronic legal research databases.

**Response to Request No. 14:**

Subject to and without waiving or otherwise limiting the General Objections, West denies this Request, but admits that a limited number of subscribers to certain of its electronic legal research databases accessed the Works (excluding exhibits), and refer Plaintiff to West's Narrative Response to Plaintiff's First Request for Production of Documents for further details.

**Request No. 15:**

Admit that the ECF Registration Form for the United States District Court for the Western District of Oklahoma [attached hereto as Exhibit B] does not request, require, or effectuate as a condition of registration or otherwise, any "transfer of copyright ownership" as that term is defined in 17 U.S.C. § 101.

**Response to Request No. 15:**

In addition to the General Objections, West objects to this Request on the ground that it calls for a legal conclusion. West also objects to this Request as vague and ambiguous because it refers to an Exhibit B that was not attached to the Requests. West refers Plaintiff to the referenced document for an explanation of its terms.

**Request No. 16:**

Admit that Plaintiff's filing of the Works through the ECF system for the United States District Court for the Western District of Oklahoma did not effectuate any "transfer of copyright ownership" as that term is defined in 17 U.S.C. § 101.

**Response to Request No. 16:**

In addition to the General Objections, West objects to this Request on the ground that it calls for a legal conclusion. Subject to and without waiving or otherwise limiting the General Objections, West denies this Request.

**Request No. 17:**

>Admit that the statutes, rules, regulations, and other materials governing the use of PACER and/or CM/ECF systems do not request or require users to transfer, license, or otherwise waive his, her, or its rights under the Copyright Act as a condition of use.

**Response to Request No. 17:**

Subject to and without waiving or otherwise limiting the General Objections, West denies this Request but admits that the statutes, rules, regulations, and other materials governing the use of the PACER and/or CM/ECF systems do not request or require users to transfer or expressly license his, her, or its rights under the Copyright Act as a condition of use.

**Request No. 18:**

>Admit that You made at least one copy of each of the Works for the purpose of including at least one copy of each of the Works in Your databases that are available to subscribers of your electronic legal research services.

**Response to Request No. 18:**

Subject to and without waiving or otherwise limiting the General Objections, West denies this Request but admits that it made at least one copy of each of the Works (excluding exhibits) for the purpose of including at least one copy of each of the Works (excluding exhibits) in certain of its databases that are available to certain subscribers of its electronic legal research service.

**Request No. 19:**

>Admit that You made at least one Copy of the full text of the Works for the purpose of including at least one copy of the full text of the Works in at least one of Your databases that are available to subscribers of your electronic legal research services.

**Response to Request No. 19:**

>Denied.

**Request No. 20:**

>Admit that You copied an image of each of the Works, in PDF or similar form, for the purpose of offering those images to subscribers of your electronic legal research services.

**Response to Request No. 20:**

>Subject to and without waiving or otherwise limiting the General Objections,

West denies this Request but admits that it linked PDFs as filed on PACER to the electronic,

text-searchable versions of the Works.

**Request No. 21:**

>Admit that a complete image of each of the Works, in PDF or similar form, was included in at least one of Your databases that are available to subscribers of your electronic legal research services.

**Response to Request No. 21:**

>Subject to and without waiving or otherwise limiting the General Objections,

West denies this Request but admits that an image of each of the Works (excluding exhibits), in

PDF form as filed on PACER, was linked to the electronic, text-searchable version of that Work

that, for a limited time, was included in at least one of its databases that are available to certain

subscribers of its electronic legal research service.

**Request No. 22:**

Admit that You offered to Display, and actually did Display, at least one copy of the Works to at least one subscriber of your electronic legal research services.

**Response to Request No. 22:**

Subject to and without waiving or otherwise limiting the General Objections, West denies this Request but admits that a limited number of subscribers to West's electronic legal research service accessed transformed versions of the Works as indicated in West's Narrative Response to Plaintiff's First Request for Production of Documents.

Dated: New York, New York
September 21, 2012

                                         /s/ Benjamin E. Marks
                                        R. Bruce Rich
                                        Benjamin E. Marks
                                        Jonathan Bloom
                                        John R. Gerba
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        (212) 310-8000
                                        benjamin.marks@weil.com

                                        *Attorneys for Defendant*
                                        *West Publishing Corporation*