UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD L. WHITE, P.C.,<br><br>                              Plaintiff,<br><br>     v.<br><br>WEST PUBLISHING CORPORATION<br>d/b/a "West," and REED ELSEVIER INC.<br>d/b/a LexisNexis,<br><br>                        Defendants. | ECF CASE<br><br>Civil Action No. 12-CV-1340 (JSR)<br><br><br>**DEFENDANT REED ELSEVIER<br>INC.'S RESPONSES AND<br>OBJECTIONS TO PLAINTIFF'S<br>FIRST REQUEST FOR ADMISSION** |

      Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Civil Case

Management Plan dated April 12, 2012, as amended, Defendant LexisNexis, a div. of Reed

Elsevier Inc. ("LexisNexis"), hereby submits the following responses and objections to the

Plaintiff's First Request for Admission, dated September 7, 2012 (each request therein being an

individual "Request," the collective set being the "Requests").

## <u>GENERAL OBJECTIONS</u>

      1.      LexisNexis objects generally to the Requests for the reasons set forth below (the

"General Objections").  These General Objections apply to each of the Requests and are not

necessarily repeated in response to each individual Request.  The assertion of the same, similar,

or additional objections in LexisNexis's specific objections to an individual Request, or the

failure to assert any additional objection to a Request, does not waive any of LexisNexis's

General Objections.

      2.      LexisNexis objects generally to the Requests to the extent they purport to impose

obligations greater than or inconsistent with those required by the Federal Rules of Civil

Procedure and/or the Local Rules for the United States District Court for the Southern District of New York.

     3.     LexisNexis objects generally to the Requests to the extent that they seek information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or doctrine.  Nothing contained in these objections is intended as, or shall in any way be deemed to be, a waiver of any attorney-client privilege, attorney work product privilege, joint defense or common interest privilege, or any other applicable privilege or doctrine.

     4.     LexisNexis objects to the Requests to the extent that they are unreasonable, overbroad, unduly burdensome, vague or ambiguous, not relevant to any claims or defenses in this action, or not reasonably calculated to lead to the discovery of admissible evidence.

     5.     To the extent that LexisNexis adopts any terms or phrases defined or used by the Plaintiff, they are adopted solely for the sake of convenience in responding to the Requests. LexisNexis does not accept or concede that any of the terms, phrases, or definitions is appropriate, descriptive, or accurate.

     6.     LexisNexis objects generally to the Requests to the extent that they seek information not in the possession, custody, and/or control of LexisNexis.

     7.     LexisNexis objects generally to the Requests to the extent that they seek information that is a matter of public record or is equally available to the Plaintiff.

     8.     LexisNexis objects generally to each Request to the extent that it is duplicative of other Requests.  Where two or more Requests seek or arguably seek the same information, an objection to one Request is deemed to be made to all Requests that seek the same information.

9.      These responses are based upon information known or believed by LexisNexis at the time of answering the Requests.  LexisNexis reserves the right to amend these responses if it learns of new information through discovery or otherwise, and will supplement these responses to the extent required.  Nevertheless, in making these responses and objections, LexisNexis does not in any way waive or intend to waive any rights to object on any ground to any request for further responses to this or any discovery request.

10.     LexisNexis reserves the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to use of, any information provided in response to these Requests in any subsequent proceeding or trial of this or any other action.

11.     No response to any of the Requests shall be deemed a waiver of any objection made herein.

## SPECIFIC OBJECTIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that Plaintiff is the Copyright Owner with respect to the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

LexisNexis objects to this Request on the grounds that it calls for a legal conclusion. LexisNexis further objects on the grounds that this Request seeks information outside the scope of LexisNexis's knowledge.  Subject to and without waiving these objections and LexisNexis's General Objections, LexisNexis avers that it lacks knowledge or information to admit, and therefore denies this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Plaintiff holds copyright registration certificates for each of the Works in the form attached hereto as Exhibit A.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

LexisNexis objects to this Request on the grounds that Exhibit A was not attached to the Requests.  LexisNexis further objects to this Request on the grounds that the phrase "holds copyright registration certificates" is vague and ambiguous.  LexisNexis further objects on the grounds that this Request calls for a legal conclusion.  LexisNexis also objects on the grounds that this Request seeks information outside the scope of LexisNexis's knowledge.  Subject to and without waiving these objections and LexisNexis's General Objections, LexisNexis avers that it lacks knowledge or information to admit, and therefore denies this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the copyright registration certificates in the form attached hereto as Exhibit A are valid.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

LexisNexis objects to this Request on the grounds that Exhibit A was not attached to the Requests.  LexisNexis further objects to this Request on the grounds that the term "valid" is vague and ambiguous.  LexisNexis further objects on the grounds that this Request calls for a legal conclusion.  LexisNexis also objects on the grounds that this Request seeks information outside the scope of LexisNexis's knowledge.  Subject to and without waiving these objections and LexisNexis's General Objections, LexisNexis avers that it lacks knowledge or information to admit, and therefore denies this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You did not seek or obtain permission from the Plaintiff to reproduce the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

LexisNexis objects to this Request as overly broad and compound inasmuch as it seeks an admission with regard to both seeking and obtaining permission.  LexisNexis further objects to this Request on the grounds that the terms "permission" and "reproduce" are vague and ambiguous.  Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request as written, but admits that LexisNexis never directly communicated with Plaintiff to seek or obtain express permission to reproduce the Works, and avers that permission was not required and was nonetheless implied by Plaintiff's conduct.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You did not seek or obtain permission from the Plaintiff to create a Derivative Work based upon the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

LexisNexis objects to this Request as overly broad and compound inasmuch as it seeks an admission with regard to both seeking and obtaining permission.  LexisNexis further objects to this Request on the grounds that the term "permission" is vague and ambiguous.  LexisNexis further objects on the grounds that this Request calls for a legal conclusion regarding whether LexisNexis created a Derivative Work.  LexisNexis further objects to the extent this Request improperly suggests or seeks an admission that LexisNexis created a Derivative Work, which LexisNexis denies.  Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request as written and denies that LexisNexis created a Derivative Work, but admits that LexisNexis never directly communicated with Plaintiff to seek or obtain express permission to create a Derivative Work based upon the Works, and avers that permission would not have been required and was nonetheless implied by Plaintiff's conduct.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You did not seek or obtain permission from the Plaintiff to distribute Copies of the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

LexisNexis objects to this Request as overly broad and compound inasmuch as it seeks an admission with regard to both seeking and obtaining permission.  LexisNexis further objects to this Request on the grounds that the terms "permission" and "distribution" are vague and ambiguous.  LexisNexis further objects on the grounds that this Request calls for a legal conclusion regarding whether LexisNexis distributed Copies of the Works.  LexisNexis further objects to the extent this Request improperly suggests or seeks an admission that LexisNexis distributed Copies of the Works, which LexisNexis denies.  Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request as written and denies that LexisNexis distributed Copies of the Works, but admits that LexisNexis never directly communicated with Plaintiff to seek or obtain express permission to distribute Copies of the Works, and avers that permission would not have been required and was nonetheless implied by Plaintiff's conduct.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You did not seek or obtain an express license from the Plaintiff to use the Works in any fashion whatsoever.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

LexisNexis objects to this Request as overly broad and compound inasmuch as it seeks an admission with regard to both seeking and obtaining an express license.  Subject to and without waiving these objections and the General Objections, LexisNexis admits this Request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, prior to the institution of this lawsuit, You had no communications with the Plaintiff, or anyone acting on the Plaintiff's behalf, concerning the grant of a license, whether express or implied, to authorize You to use the Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

LexisNexis objects to this Request as overly broad and compound.  LexisNexis further objects to this Request on the grounds that the term "communication" is vague and ambiguous. LexisNexis further objects to this Request to the extent that "acting on the Plaintiff's behalf" is vague and ambiguous as to whether Plaintiff's express authority was required to act on its behalf. Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request as written, but admits that LexisNexis had no express communications with the Plaintiff concerning the grant of a license, whether express or implied, to authorize LexisNexis to use the Works.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You do not now, nor have you at any time, owned or possessed with respect to the Works any of the exclusive rights afforded to a Copyright Owner under the Copyright Act.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

LexisNexis objects to this Request as overly broad and compound.  LexisNexis further objects to this Request on the grounds that the term "owned or possessed" is vague and ambiguous.  LexisNexis further objects on the grounds that this Request calls for a legal conclusion.  Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You made Copies of the Works by downloading or otherwise electronically transferring the Works, or versions of the Works, from the PACER and/or CM/ECF systems operated by the United States federal courts to Your own computer systems, or those operated by persons or entities acting on your behalf.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

LexisNexis objects to this Request as overly broad and compound.  LexisNexis further

objects to this Request on the grounds that the terms "otherwise electronically transferring" and

"versions" are vague and ambiguous.  LexisNexis further objects on the grounds that this

Request calls for a legal conclusion.  Subject to and without waiving these objections and the

General Objections, LexisNexis admits this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that You made Copies of the Works by converting the Works into the electronic
file format used by your electronic legal research databases.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

LexisNexis objects to this Request on the grounds that the term "converting" is vague and

ambiguous.  LexisNexis further objects on the grounds that this Request calls for a legal

conclusion.  Subject to and without waiving these objections and the General Objections,

LexisNexis denies this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, prior to the filing of the Complaint, You included electronic, text-searchable
versions of the Works in Your electronic legal research databases that are available to
subscribers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

LexisNexis objects to this Request on the grounds that the terms "versions" and

"subscribers" are vague and ambiguous.  LexisNexis further objects to the general term

"databases" as not including references to specific databases.  LexisNexis further objects on the

grounds that this Request is not limited in time.  Subject to and without waiving these objections

and the General Objections, LexisNexis denies this Request as written, but admits that prior to

the filing of the Complaint, LexisNexis included, for a period of time, an electronic, text-searchable version of the Works in certain databases.

**REQUEST FOR ADMISSION NO. 13:**

Admit that You included electronic image versions of the Works, in PDF or similar form, in Your electronic legal research databases that are available to subscribers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

LexisNexis objects to this Request on the grounds that the terms "electronic image versions," "similar form," and "subscribers" are vague and ambiguous. LexisNexis further objects to the general term "databases" as not including references to specific databases. LexisNexis further objects on the grounds that this Request is not limited in time. Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request as written, but admits that prior to the filing of the Complaint, LexisNexis included, for a period of time, a version of the Works in certain databases.

**REQUEST FOR ADMISSION NO. 14:**

Admit that subscribers to your electronic legal research databases viewed, downloaded, or otherwise accessed Copies of the Works in your electronic legal research databases.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

LexisNexis objects to this Request as overly broad and compound. LexisNexis further objects to this Request on the grounds that the term "subscribers" is vague and ambiguous. LexisNexis further objects to the extent this Request refers to accesses by "subscribers" that were caused by or related to this litigation, and LexisNexis will interpret "accessed" to mean accesses that were unrelated to this litigation. Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the ECF Registration Form for the United States District Court for the Western District of Oklahoma [attached hereto as Exhibit B] does not request, require, or effectuate as a condition of registration or otherwise, any "transfer of copyright ownership" as that term is defined in 17 U.S.C. § 101.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

LexisNexis objects to this Request on the grounds that that Exhibit B was not attached to the Requests. LexisNexis further objects to this Request as overly broad and compound.

LexisNexis further objects on the grounds that this Request calls for a legal conclusion.

LexisNexis further objects to this Request to the extent it asks for interpretation of the ECF Registration Form and avers that the document speaks for itself. Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Plaintiff's filing of the Works through the ECF system for the United States District Court for the Western District of Oklahoma did not effectuate any "transfer of copyright ownership" as that term is defined in 17 U.S.C. § 101.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

LexisNexis objects to this Request on the grounds that it calls for a legal conclusion.

Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the statutes, rules, regulations, and other materials governing the use of the PACER and/or CM/ECF systems do not request or require users to transfer, license, or otherwise waive his, her, or its rights under the Copyright Act as a condition of use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

LexisNexis objects to this Request as overly broad and compound.  LexisNexis further

objects to this Request on the grounds that the phrase "other materials" is vague and ambiguous.

LexisNexis further objects on the grounds that this Request calls for a legal conclusion.

LexisNexis further objects to the extent this Request asks for an interpretation of "statutes, rules,

regulations, and other materials governing the use of the PACER and/or CM/ECF systems" and

aver that these materials speak for themselves.  Subject to and without waiving these objections

and the General Objections, LexisNexis denies this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that You made at least one copy of each of the Works for the purpose of including
at least one copy of each of the Works in Your databases that are available to subscribers of your
electronic legal research services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

LexisNexis objects to this Request on the grounds that the terms "purpose" and

"subscribers" are vague and ambiguous.  LexisNexis further objects on the grounds that this

Request calls for a legal conclusion.  LexisNexis further objects to the use of the term "copy" to

the extent it is unclear whether Plaintiff is using the term as defined in paragraph one of the

"Definitions" section of Plaintiff's Request for Admission.  LexisNexis interprets "copy" as

defined in the aforementioned paragraph one.  Subject to and without waiving these objections

and the General Objections, LexisNexis admits this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that You made at least one Copy of the full text of the Works for the purpose of
including at least one copy of the full text of the Works in at least one of Your databases that are
available to subscribers of your electronic legal research services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

LexisNexis objects to this Request on the grounds that the terms "purpose" and "subscribers" are vague and ambiguous.  LexisNexis further objects on the grounds that this Request calls for a legal conclusion.  LexisNexis further objects that the phrase "full text" is vague and ambiguous, and interprets "full text" to mean a copy of the entirety of the text included in the entire legal document as filed with the court.  Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You copied an image of each of the Works, in PDF or similar form, for the purpose of offering those images to subscribers of your electronic legal research services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

LexisNexis objects to this Request on the grounds that the terms "copied," "image," "similar form," "purpose," "offering," and "subscribers" are vague and ambiguous.  Subject to and without waiving these objections and the General Objections, LexisNexis admits this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that a complete image of each of the Works, in PDF or similar form, was included in at least one of Your databases that are available to subscribers of your electronic legal research services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

LexisNexis objects to this Request on the grounds that the terms "similar form" and "subscribers" are vague and ambiguous.  LexisNexis further objects that the phrase "complete image" is vague and ambiguous, and interprets "complete image" to mean an exact copy of the entire legal document as filed with the court.  Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that You offered to Display, and actually did Display, at least one copy of the Works to at least one subscriber of your electronic legal research services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

LexisNexis objects to this Request as overly broad and compound.  LexisNexis further objects to this Request on the grounds that the term "subscriber" is vague and ambiguous.  LexisNexis further objects to the use of the term "copy" to the extent it is unclear whether Plaintiff is using the term as defined in paragraph one of the "Definitions" section of Plaintiff's Request for Admission.  LexisNexis interprets "copy" as defined in the aforementioned paragraph one.  LexisNexis further objects on the grounds that this Request calls for a legal conclusion regarding whether LexisNexis offered to Display or actually did Display a copy of the Works.  LexisNexis further objects to the use of the term "Display" to the extent it means "display . . . publicly" as used in 15 U.S.C. § 106.  LexisNexis further objects to the extent the Request includes any "Display" caused by or related to this litigation, and interprets "Display" to only include a "Display" that was unrelated to this litigation.  Subject to and without waiving these objections and the General Objections, LexisNexis denies this Request.

Dated:  September 21, 2012          MORRISON & FOERSTER LLP
        New York, New York

        /s/ Craig B. Whitney
        James E. Hough
        Craig B. Whitney
        1290 Avenue of the Americas
        New York, NY 10104
        Telephone:  (212) 468-8000
        Facsimile:  (212) 468-7900
        jhough@mofo.com
        cwhitney@mofo.com

        James F. McCabe (admitted *pro hac vice*)
        Paul Goldstein (admitted *pro hac vice*)
        425 Market Street
        San Francisco, California  94105
        Telephone:  (415) 268-7000
        Facsimile:  (415) 268-7522
        jmccabe@mofo.com
        pgoldstein@mofo.com

        *Attorneys for Defendant*
        *LexisNexis, a div. of REED ELSEVIER INC.*